RONALD RUS, #67369
rrus@rusmiliband.com
JOEL S. MILIBAND, #77438
jmiliband@rusmiliband.com
CATHRINE M. CASTALDI, #156089
ccastaldi@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2211 Michelson Drive
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Chapter 11 Trustee,
JAMES J. JOSEPH

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re

SOUTH COAST OIL CORPORATION, a Delaware corporation, Substantively Consolidated with SOUTH COAST CORPORATION, a Utah corporation,

Debtors.

CASE NO. 8:07-bk-12994-TA

Chapter 11

**Motion For Order: Authorizing Use Of Property Of The Estate- Voting Stock of Angus Petroleum Corporation Or; In The Alternative Determination That Decision To Enter Into A Settlement Agreement Is Within The Purview Of Angus Management; Memorandum Of Points And Authorities; Declaration of James J. Joseph and Louis P. Zylstra, Jr. In Support Thereof; Request for Judicial Notice**

JUDGE: Hon. Theodor C. Albert

DATE: September 14, 2011
TIME: 2:00 p.m.
CTRM: 5B

TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:

James J. Joseph, the duly appointed Chapter 11 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of South Coast Oil Corporation ("SCOC" or "Debtor"), respectfully moves the Court for entry of an order (1) authorizing use of Estate property, specifically the voting rights of

the Debtor's stock in Angus Petroleum Corporation ("Angus") in favor of Angus' management's decision to enter into a Settlement Agreement and Mutual Release (the "Settlement Agreement") by and between Angus, on the one hand, and XTO Offshore, Inc. ("XTO," formerly known as Hunt Petroleum (AEC,) Inc); Elysium West, LLC ("Elysium"); and E&B Natural Resources (collectively the "E&B Parties"), on the other hand, or, alternatively, (2) finding that a vote of the Trustee as shareholder of the stock of Angus is not required because the decision to enter into the Settlement Agreement is within the purview of Angus' directors and officers and does not require a vote of the sole shareholder (the "Motion").

1. INTRODUCTION

James J. Joseph is the duly appointed and acting trustee (the "Trustee") for the Estate of South Coast Oil Corporation ("SCOC" or "Debtor"). The Estate is the sole shareholder of Angus, owning 100% of the outstanding shares of Angus stock. Angus is managed and operated by its officers who were selected by its duly elected board of directors, comprised of Louis P. Zylstra, Jr., and James William Scott, who also serve as officers of Angus.[1]

Since approximately June of 2009, Angus has been a party as a Cross-Defendant and Cross-Complainant in that certain lawsuit commenced as *BG Operations, LLC v. XTO Offshore, Inc.*, Case No. 30-2009-00122075, pending in the Superior Court of the State of California, County of Orange, the Honorable Kim G. Dunning presiding (the "Litigation"). XTO and Elysium filed a cross-complaint against Angus which (as amended) asserted claims for breach of contract and declaratory relief and sought a permanent injunction to obtain access to the Springfield Facility and Angus' books and records. Angus filed a cross complaint against the E&B Parties to rescind and avoid the sale of the 50% working interest by XTO to Elysium. After nearly two years of litigation, the E&B Parties and Angus desire to settle the claims by and between them in the Litigation.[2] Angus and the E&B Parties (collectively the "Settling Parties")

[1] The Trustee previously obtained Court approval to vote the Estate's shares to elect Messrs. Zylstra and Scott to the Angus' board of directors. A true and correct copy of the Order Authorizing Use of Stock is attached to the Request For Judicial Notice as Exhibit "1."

[2] BG Operations, LLC dismissed its claims and is no longer a party to the Litigation.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

have entered into that certain Settlement Agreement and Mutual Release (the "Settlement Agreement").[3]

The Settlement Agreement is expressly conditioned upon the entry of an order of this Court that a vote of the Trustee, as the representative of Angus' sole shareholder, is not required because the decision to enter into the Settlement Agreement is within the purview of Angus' management, or, in the alternative, that the Trustee is authorized to vote or use the Estate's shares of Angus stock to express approval for the Settlement Agreement.[4] While the Trustee believes that the decision to enter into the Settlement Agreement is within the purview of Angus' management, the Trustee is cognizant of the interests of both the E&B Parties and Angus, who collectively requested that the Trustee bring this Motion. As set forth in detail below, after conferring with Angus' management and reviewing the operative pleadings in the case, the Trustee is informed and believes that the proposed Settlement Agreement is in the best interest of Angus and the Estate. Thus, the Trustee concurs that it is appropriate to bring any settlement involving Angus and the E&B Parties before this Court upon notice to parties in interest, so that the Court may expressly authorize the Trustee to vote the Estate's shares in favor of the proposed settlement, or alternatively, confirm that the settlement is within the purview of Angus' management and does not require the vote of Angus' sole shareholder, the Estate.

2. STATEMENT OF FACTS

The Estate is the sole shareholder of Angus, owning 100% of the outstanding shares of Angus stock.

On September 19, 2007, an involuntary bankruptcy case was commenced against SCOC pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California. An Order for Relief was entered on January 16, 2008.

---

[3] A true and correct copy of the Settlement Agreement is attached as Exhibit "2" to the Declaration of Louis P. Zylstra, Jr. ("Zylstra Declaration").

[4] *See* Settlement Agreement at Exhibit "2," ¶2.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

Prior to entry of the Order for Relief, on November 30, 2007, James J. Joseph accepted appointment as Chapter 11 Trustee of the Estate.[5]

A. Springfield Unit

As the Court recognized in its Statement of Decision, "Angus owns a 50% working interest in a collection of oil and gas leases and production facilities" commonly called the "Springfield Unit" and located in Huntington Beach, California.[6]

The other 50% interest in the Springfield Unit is owned by Elysium, as successor in interest to XTO, Hunt and earlier Columbia Gas Development Corporation.

B. The Hunt Litigation And DOGGR Order No. 976

Prior to Elysium's acquisition of its interest in the Springfield Unit, litigation was extant between Hunt/XTO and Angus (the "Hunt Litigation"), "whereby Hunt sought, among other things, capping of the wells and closing of the Angus' facility."[7]

The State of California Division of Oil, Gas and Geothermal Resources ("DOGGER") issued a cap and abandon order in July of 2005 (Order No. 976), which was rescinded after successful appeal by Angus on May 28, 2009.

The rescission of Order No. 976 and an earlier dismissal of the Hunt Litigation, allowed Angus to resume oil production.

C. The Litigation

Since May of 2009, Angus has been embroiled in the Litigation that is the subject of the proposed Settlement Agreement, at substantial cost and consumption of management's time. A brief description of the Litigation follows.

On April 24, 2009, BG Operations, LLC ("BG Operations") commenced the Litigation by filing a complaint against XTO seeking payment for services performed in connection with the

---

[5] See Declaration of James J. Joseph ("Joseph Declaration") at ¶¶4 and 5.

[6] See Statement of Decision (Exhibit "3") at page 2, lines 19-21

[7] See Statement of Decision (Exhibit "3") at page 3, lines 2-4.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

Springfield Unit. BG Operations later amended its complaint in the Action to include Elysium, E&B, and Blackstone Oil & Gas, Inc. ("Blackstone") as defendants.[8]

On June 26, 2009, XTO and Elysium filed a cross-complaint in the Action against BG Operations and Angus.

On June 14, 2010, Angus filed a cross-complaint in the Action against the E&B Parties.

On June 10, 2010, BG Operations voluntarily dismissed its complaint against the E&B Parties and Blackstone. On February 9, 2011, Elysium and XTO dismissed all of their causes of action against BG. XTO also dismissed all of its cross-claims against Angus. As a result, neither Blackstone nor BG Operations is a party to the Litigation and neither are parties to the Settlement Agreement.

There is also currently an appeal (the "Appeal") pending in the Court of Appeal, State of California, Fourth Appellate District, Division Three entitled *Angus Petroleum Corp. v. XTO Offshore, Inc.*, Civ. No. G044396, which arises out of the Litigation.[9]

As currently pled, the Litigation involves a dispute among the Parties relating to: (1) certain real property located in Huntington Beach, California, which contains the Springfield Facility (the "Real Property")[10]; (2) certain oil production operations relating to the Real Property (The Real Property, the oil production operations, and related oil leases are collectively referred to as the "Springfield Unit"); (3) the validity of a purported sale of certain working interests in the Springfield Unit; and (4) the validity and rights and duties of the parties under the Springfield Unit Agreement, the Unit Operating Agreement and related agreements.

---

[8] A true and correct copy of the docket for the Litigation is attached to the Request For Judicial Notice as Exhibit "4." A more detailed description of the Litigation is set forth in the Zylstra Declaration

[9] A true and correct copy of the docket for the Appeal is attached to the Request for Judicial Notice at Exhibit "5."

[10] The Real Property is comprised of two tracts of land, described as follows: (a) "Lot One, of Tract 12746, as per map recorded in Book 589, Pages 40 and 41, of Miscellaneous Maps, in the Office of the Recorder of said county, formerly known as Lots One (1) through Twenty (20), inclusive of Block 1903, of the Vista Del Mar Tract, Huntington Beach (Section 5), as per map recorded in Book 4, at Page 15, of Miscellaneous Maps, in the Office of the Recorder of said county"; and (b) "Lot One, Tract 12747, as per map recorded in Book 592, Pages 18 and 19, of Miscellaneous Maps, in the Office of the County Recorder of said county, formerly known as Lots One (1) through Twenty (20), inclusive of Block 1804 of the Vista Del Mar Tract, Miscellaneous Maps, in the Office of the Recorder of said county"

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

During the course of the Litigation, the E&B Parties were respondents in connection with this Court's Revised Order To Show Cause Re: Civil Contempt entered July 29, 2009 and the Revised OSC re: Civil Contempt entered January 12, 2011 (collectively the "OSC"), which raised many of the same issues and factual allegations that are the subject of the Litigation. On May 16, 2011, following extensive evidentiary hearings, the Bankruptcy Court issued a ruling which found that Elysium, E&B, and others did not violate the restraining order and discharged the OSC noting that "it is at best unclear" that Angus had any rights to attempt to purchase XTO's prior interest after failing to respond within the required 10-day window, "it [was] hard for the court to see how Angus had a legitimate expectation of anything" in the way of acquiring XTO's prior interest, and that, even if "some kind of expectancy did exist," it was "too ephemeral and doubtful."[10]

D. The Proposed Settlement

On May 6, 2011, the Honorable Kim G. Dunning held a mandatory settlement conference, where she strongly encouraged the parties to come to a business resolution of the pending Litigation.[11] The Mandatory Settlement Conference was continued to September 23, 2011. Angus has obtained new counsel, Gibson, Dunn & Crutcher, LLP, in the Litigation to assist Angus in evaluating the Litigation and in crafting a business resolution.

The Settlement Agreement represents a business resolution to the issues raised in the Litigation.[12] The Settlement Agreement will benefit Angus in several ways:

- Over $1.6 Million Cash Infusion To Angus. The Settlement Agreement will resolve disputes concerning amounts owed Angus by XTO and its successors in connection with the operation of the Springfield Facility, and will provide Angus with a cash infusion of over $1.6 million from Elysium

///

///

---

[10] See Statement of Decision at page 13, lines 15-25, attached to the Request For Judicial Notice at Exhibit "3."

[11] See Zylstra Declaration at ¶12.

[12] *See* Zylstra Declaration at ¶17.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

with respect to past expenses and an agreement to honor obligations for future expenses pursuant to the Operative Agreements.[13]

- Confirmation of the Operative Relationship Agreements. As part of the Settlement Agreement, the parties are each acknowledging that the following agreements govern the Parties' relationship and are in full force and effect: (1) the Unit Agreement for the Springfield Unit, Orange County, California, dated March 31, 1987; (2) the Unit Operating Agreement, Springfield Unit, Orange County, California, dated October 31, 1989, by and between Angus and Columbia Gas Development Corp. ("Columbia") and (3) The Agreement, dated October 31, 1989, by and between Angus and Columbia (collectively, the "Operative Relationship Agreements").[14] Such confirmation provides clarity to the parties' relationship and would enhance the prospects for a sale or other disposition, of the Angus' stock, while the continuance of the Litigation would likely have a negative impact.[15]

- End To Consumption Of Resources On The Litigation. The Settlement Agreement will put an end to the consumption of management and financial resources of Angus in connection with the Litigation. The Settlement Agreement will allow Angus to avoid the uncertain outcome of litigation, the success of which is in question, and to reallocate funds to its oil production that would otherwise be used to fund the prosecution of the Litigation.[16] Since September of 2009, Angus has moved from zero (0)

---

[13] *See* Settlement Agreement (Exhibit "2" to the Zylstra Declaration) at ¶1.2.

[14] *See* Settlement Agreement (Exhibit "2" to the Zylstra Declaration) at ¶1.1.

[15] E&B and Elysium have been engaged in discussions with the Trustee concerning a sale of the Angus' stock, subject to overbids, and have drafted a proposed asset purchase agreement that is currently before the committee of unsecured creditors for the SCOC estate. *See* Joseph Declaration at ¶9.

[16] *See* Zylstra Declaration at ¶17.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

barrels of oil production per day to producing over 205 barrels of oil per day on a sustained basis. The reallocation of monetary and management resources from litigation to oil production will allow Angus to maximize its profitability.

- Technical Assistance and United Working Interest Participants To Address DOGGR Issues. Angus continues to work with DOGGR in connection with disputes as to its water injection permit. The Settlement Agreement evidences a resolution of the impasse that has historically existed between the working interest participants involved in the Springfield Unit. The Settlement Agreement will facilitate Angus, Elysium and E&B combining their engineering expertise, which will strengthen the ability of Angus to maximize the efficiency of the Secondary Recovery operations and address any technical issues that DOGGR may have with respect to Angus' operation of the Springfield Unit.[17]

The Trustee has evaluated the Settlement Agreement and is convinced that the Settlement Agreement is in the best interest of Angus and, consequently, the Estate.[18]

The Trustee requests that the Court enter an order satisfying the condition to the Settlement Agreement that either (1) authorizes the Trustee to vote the Estate's shares of Angus stock in favor of Angus' entry into the Settlement Agreement, or (2) that such use of stock is not required as the matter is within the purview of Angus' Board of Directors and management.

///

///

///

///

///

---

[17] *See* Zylstra Declaration at ¶17.

[18] *See* Joseph Declaration at ¶6.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

3. ARGUMENT

A. Bankruptcy Code Section 363 And Relevant Case Law Provide Authority For The Court To Approve The Trustee's Proposed Use Of Property Of The Estate

Bankruptcy Code section 363 provides, in pertinent part:

> (b)(l) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate ....

11 U.S.C. § 363(b). Under applicable legal standards, approval of use of estate property is appropriate if the court finds that a business justification exists. *In re Walter*, 83 B.R. 14, 19-20 (9th Cir. B.A.P. 1988); *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

The Debtor's stock ownership interest in a corporation becomes property of the estate upon commencement of the case. *See United States v. Ken Int'l., Ltd.*, 184 B.R. 102, 107 (D. Nev. 1995); *In re Deak & Co.*, 63 B.R. 422, 427 (Bankr.S.D.N.Y.1986) (under § 541(a), shares of stock controlled by debtor are property of the estate); *In re MacDonald*, 114 B.R. 326, 333-34 (D. Mass. 1990) (property of the estate includes stock in which debtor owned equitable interest); 11 U.S.C. § 541(a)(1) ("all legal or equitable interest of the debtor in property as of commencement of the case" becomes property of the estate.)

As stated previously, SCOC is the sole shareholder of Angus. As the chapter 11 trustee of SCOC, Trustee has authority to vote the shares of Angus stock. More than adequate business justification exists to support the grant of the authorization requested by the Trustee to use property of the estate. For the reasons set forth above, the Trustee believes that the proposed settlement is in the best interest of Angus and the Estate.

The Trustee is seeking this relief on the grounds that he believes that because an act of voting shares or an act executing a unanimous consent is a use of the shares, a trustee or debtor-in-possession should get authorization to use property of the estate prior to exercising any such power. *In re Consolidated Auto Recyclers, Inc.*, 123 B.R. 130 (Bankr. D. Me. 1991).

For all of these reasons, it is appropriate that this Court acknowledge the reasonableness of the Trustee's business judgment in authorizing the Trustee to vote the Angus shares as proposed

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

herein, or alternatively, acknowledge that the Angus Board of Directors and management can enter into the Settlement Agreement without the necessity for a Court approved use of stock.

B. <u>The Court Should Authorize The Trustee To Vote The Shares Via Action By Consent Of Sole Stockholder Pursuant To Delaware Corporation Code § 228</u>

Delaware Corporations Code Section 228 provides, in part, that:

> "(a) ..... any action required by this chapter to be taken at any annual or special meeting of stockholders of a corporation, or any action which may be taken at any annual or special meeting of such stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the corporation by delivery to its registered office in this State, its principal place of business or an officer or agent of the corporation having custody of the book in which proceedings of meetings of stockholders are recorded. Delivery made to a corporation's registered office shall be by hand or by certified or registered mail, return receipt requested. (Emphasis added).
>
> The powers authorized by Section 228 include:
>
> § 121. General powers.
>
> (a) In addition to the powers enumerated in § 122 of this title, every corporation, its officers, directors and stockholders shall possess and may exercise all the powers and privileges granted by this chapter or by any other law or by its certificate of incorporation, together with any powers incidental thereto, so far as such powers and privileges are necessary or convenient to the conduct, promotion or attainment of the business or purposes set forth in its certificate of incorporation.
>
> § 122. Specific powers.
>
> Every corporation created under this chapter shall have power to:
>
> (2) Sue and be sued in all courts and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding, in its corporate name;
>
> * * *
>
> (8) Conduct its business, carry on its operations and have offices and exercise its powers within or without this State;
>
> * * *

///

> (12) Transact any lawful business which the corporation's board of directors shall find to be in aid of governmental authority;
>
> (13) Make contracts, including contracts of guaranty and suretyship, incur liabilities, borrow money at such rates of interest as the corporation may determine, issue its notes, bonds and other obligations, and secure any of its obligations by mortgage, pledge or other encumbrance of all or any of its property, franchises and income, and make contracts of guaranty and suretyship which are necessary or convenient to the conduct, promotion or attainment of the business of (a) a corporation all of the outstanding stock of which is owned, directly or indirectly, by the contracting corporation, or (b) a corporation which owns, directly or indirectly, all of the outstanding stock of the contracting corporation, or ©) a corporation all of the outstanding stock of which is owned, directly or indirectly, by a corporation which owns, directly or indirectly, all of the outstanding stock of the contracting corporation, which contracts of guaranty and suretyship shall be deemed to be necessary or convenient to the conduct, promotion or attainment of the business of the contracting corporation, and make other contracts of guaranty and suretyship which are necessary or convenient to the conduct, promotion or attainment of the business of the contracting corporation.

With this authority, it is clear that the majority shareholder has authority to take any action on behalf of a corporation without prior notice and without a vote. In this case, the Board of Directors and management of Angus have requested that the Trustee vote the Estate's shares in a manner consistent with the decision of management to enter into the Settlement Agreement. While the Trustee believes that settlement of litigation is firmly within the purview of Angus' management, he requests this Court's entry of an order that meets the condition precedent outlined at paragraph 2 of the Settlement Agreement.

///

///

///

///

///

///

///

///

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

4. CONCLUSION

For the foregoing reasons, the Trustee respectfully submits that the Trustee has demonstrated adequate grounds for the proposed use of property of the Estate, and requests that this Court enter an order granting the relief requested in the Motion.

DATED: August 16, 2011

RUS, MILIBAND & SMITH
A Professional Corporation

By: [signature]
CATHRINE M. CASTALDI
Attorneys for Chapter 11 Trustee, JAMES J. JOSEPH

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

**DECLARATION OF LOUIS P. ZYLSTRA, JR.**

I, Louis P. Zylstra, Jr., declare as follows:

1. I am the Chief Financial Officer and Chief Operating Officer of Angus Petroleum Corporation ("Angus"), and am also one of two members of Angus' Board of Directors (the "Board"). I have served as Chief Financial Officer since 2009 and Chief Operating Officer since 2010. As Chief Operating Officer, I am involved in managing litigation in which Angus is a party. I also manage all business affairs of Angus and I am familiar with the day to day operations of Angus.

2. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

3. This declaration is submitted in support of Motion for Order Authorizing Use of Property of the Estate - Voting Stock of Angus Petroleum Corporation.

4. I have been involved in the oil and gas industry for over 29 years. As such, I have engineering, operational and management experience with, among other things, oil field facilities, drilling and production, and reservoir analysis.

5. The Bankruptcy Estate of South Coast Oil Corporation, Bankruptcy Case No. 8:07-bk-12994-TA ("SCOC Bankruptcy Estate"), is the sole owner of the stock of Angus. Angus is in the business of operating a water flood oil production facility located in Huntington Beach, California, known as the Springfield Unit Facility (the "Springfield Facility").

6. I am informed and believe that pursuant to the Angus/Columbia Agreement dated October 31, 1989 ("Columbia Agreement"), Angus sold to Columbia Gas Development Corporation ("Columbia") a 50% working interest in the Springfield Facility.

7. In my management capacity as an officer and director of Angus, I am aware that, on May 1, 2007, BG and Angus entered into the Independent Contractor Agreement pursuant to which BG, through its owner and manager, Bob Grayson, agreed to, *inter alia*: (a) "perform all duties and obligations as required under [the Operating Agreement] to the extent they are

consistent with good oil field practices." I understand that it is BG's position that it has allegedly provided services for various parties relating to the Springfield Facility for which it has not been paid.

8. The lawsuit being settled is entitled *BG Operations, LLC v. XTO Offshore, Inc.*, Case No. 30-2009-00122075, pending in the Superior Court of the State of California, County of Orange before the Honorable Kim G. Dunning (the "Litigation"), which began in April of 2009, when plaintiff BG filed a Complaint against XTO Offshore, Inc. ("XTO") (which was a successor-in-interest to Columbia) to foreclose a lien that BG had recorded on the Springfield Facility as a result of XTO's alleged failure to pay BG money allegedly due for services that BG had allegedly provided in relation to the Springfield Facility pursuant to the Independent Contractor Agreement.

9. XTO and Elysium West, LLC (a successor-in-interest to XTO) filed a cross-complaint against Angus which (as amended) asserted claims for breach of contract and declaratory relief and sought a permanent injunction to obtain access to the Springfield Facility and Angus' books and records.

10. Angus filed a cross action against XTO, Elysium and E&B Natural Resources Management Corporation (an affiliate of Elysium) (collectively the "E&B Parties") to rescind and avoid the sale of the 50% working interest by XTO to Elysium.

11. I understand that the only remaining Angus claims are claims against Elysium for Intentional Interference with Prospective Economic Advantage and against XTO for Specific Performance and Constructive Trust.

12. The Honorable Kim G. Dunning held a Mandatory Settlement Conference on May 6, 2011 in the Litigation, at which Judge Dunning requested that the parties find a business solution to the case. A continued Mandatory Settlement Conference has been scheduled for September 23, 2011.

13. In July 2005, the Division of Oil, Gas and Geothermal Resources ("DOGGR") issued Order 976, in which it ordered Angus to cease operations at the Springfield Facility because: (1) Angus was not economical; and (2) an impasse existed between the then-working interest participants (Angus and Hunt Petroleum (AEC)). Although Order 976 was eventually

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

withdrawn by the California Department of Conservation, based upon my experience, the operation of the Springfield Facility is still under scrutiny by DOGGR and further action by DOGGR will have a substantial negative impact on the operation of the Springfield Facility.

14. After hearings occurring between January 20 and January 24, 2011, on a Revised Order to Show Cause re Civil Contempt entered July 29, 2009 and the Revised OSC re Civil Contempt entered January 12, 2011 (collectively, the "OSC") as well as a hearing on a related Motion for Terminating Sanctions (the "Sanction Motion"), the Honorable Theodor C. Albert issued a Statement of Decision on OSC Re Contempt And On Motion For Terminating Sanctions dated May 16, 2011 (Docket number 8:07-bk-12994-TA, the "Statement of Decision"), which I then reviewed and over the last five months have discussed in detail with others.

15. In reviewing the Statement of Decision, I learned that Judge Albert found as follows as to Angus' alleged rights against XTO:

> "[T]he most that Angus had was a right to make an offer; the 90-day period was not an option to purchase, as is made objectively clear....Therefore, XTO retained the absolute right to reject any such offer from Angus at any time, whether during the 90-day period of after, in favor of a better one. Given E&B's undoubted financial power, and the cash-starved position of Angus in January-March 2009, it is hard for the court to see how Angus had a legitimate expectation of anything on account of paragraph 16 of the 1989 Agreement...."

16. I have concluded that Angus is unlikely to obtain a rescission and avoidance of the sale of XTO's 50% interest from XTO to Elysium. If this litigation proceeds, Angus will incur substantial legal fees and costs. I have therefore concluded that it is in the best interest of Angus to settle the XTO Litigation. To that end, Angus and the E&B Parties (collectively the "Settling Parties") have entered into that certain Settlement Agreement and Mutual Release (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "2."

17. The Settlement Agreement represents a business resolution to the issues raised in the Litigation. The Settlement Agreement will benefit Angus in several ways:

- **Over $1.6 Million Cash Infusion To Angus.** The Settlement Agreement will resolve disputes concerning amounts owed Angus by XTO and its

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

successors in connection with the operation of the Springfield Facility, and will provide Angus with a cash infusion of over $1.6 million from Elysium with respect to past expenses and an agreement to honor obligations for future expenses pursuant to the Operative Agreements.

- **Confirmation of the Operative Relationship Agreements.** As part of the Settlement Agreement, the parties are each acknowledging that the following agreements govern the Parties' relationship and are in full force and effect: (1) the Unit Agreement for the Springfield Unit, Orange County, California, dated March 31, 1987; (2) the Unit Operating Agreement, Springfield Unit, Orange County, California, dated October 31, 1989, by and between Angus and Columbia Gas Development Corp. ("Columbia") and (3) The Agreement, dated October 31, 1989, by and between Angus and Columbia (collectively, the "Operative Relationship Agreements"). Such confirmation provides clarity to the parties' relationship and would enhance the prospects for a sale or other disposition, of the Angus' stock, while the continuance of the Litigation would likely have a negative impact.

- **End To Consumption Of Resources On The Litigation.** The Settlement Agreement will put an end to the consumption of personnel and financial resources of Angus in connection with the Litigation. The Settlement Agreement will allow Angus to avoid the uncertain outcome of litigation, the success of which is in question, and to reallocate funds to its oil production that would otherwise be used to fund the prosecution of the Litigation. Since September of 2009, Angus has moved from zero (0) barrels oil production per day to producing over 205 barrels of oil per day on a sustained basis. The reallocation of monetary and management resources from litigation to oil production will allow Angus to maximize its profitability.

- **Technical Assistance and United Working Interest Participants To Address DOGGR Issues.** Angus continues to work with DOGGR in connection with disputes relating to its water injection permit. The Settlement Agreement evidences a resolution of the impasse that has historically existed between the working interest participants involved in the Springfield Unit. The Settlement Agreement will facilitate Angus, Elysium and E&B combining their engineering expertise, which will strengthen the ability of Angus to maximize the efficiency of the Secondary Recovery operations and address any technical issues that DOGGR may have with respect to Angus' operation of the Springfield Unit.

18. Based on my experience as the Chief Operating Officer of Angus and with over 29 years engineering, operational and management experience in the oil and gas industry, I am of the strong opinion that the Settlement Agreement is in the best interests of Angus and, hence, the SCOC estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 16, 2011, at Fountain Valley, California.

LOUIS P. ZYLSTRA, JR.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 FAX (949) 252-1514

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

## DECLARATION OF JAMES J. JOSEPH

I, James J. Joseph, declare as follows:

1. I am the duly appointed Chapter 11 Trustee ("Trustee") for the chapter 11 bankruptcy estate of South Coast Oil Corporation. I have personal knowledge of the facts stated in this declaration, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. This declaration is submitted in support of Motion For An Order Authorizing the Use Of Property of the Estate - Voting of the Debtor's Stock in Angus Petroleum Corporation .

3. I am informed that SCOC is the sole shareholder of Angus and that Angus is a Delaware corporation.

4. On November 26, 2007, the Court entered an order appointing a Chapter 11 Trustee for the SCOC bankruptcy estate.

5. On or about November 30, 2007, I executed a Notice of Acceptance as Chapter 11 Trustee.

6. I have reviewed the Operative Relationship Agreements,[19] the operative pleadings in the Litigation and the proposed Settlement Agreement, as well as the Declaration of Louis P. Zylstra, Jr.. Based upon my review and analysis of the proposed settlement, I believe it is in the best interests of Angus and, consequently, the Estate.

7. The Settlement Agreement is expressly conditioned upon the entry of an order of this Court either authorizing a vote of the Trustee, as the representative of Angus' sole shareholder, in favor of Angus' Management's decision to enter into the Settlement Agreement, or alternatively, a finding from this Court that such vote is not required because the decision to enter into the Settlement Agreement is within the purview of Angus' management.

[19] All capitalized terms used in this Declaration shall have the same meaning as set forth in the Motion.

8. I believe that the decision to enter into the Settlement Agreement is within the purview of Angus' management, but I am also cognizant of the interests of both the E&B Parties and Angus in airing this proposed settlement before the Court in the interest of transparency.

9. Elysium and E&B have expressed an interest in acquiring the Estate's stock in Angus, subject to overbid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16 day of August, 2011, at Los Angeles, California.

JAMES J. JOSEPH

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 FAX (949) 252-1514

**REQUEST FOR JUDICIAL NOTICE**

Movant James J. Joseph, Chapter 11 Trustee of the Estate of South Coast Oil Corporation ("Trustee") hereby requests that the Court take Judicial Notice pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure and Rule 201 of the Federal Rules of Evidence as each of the following documents constitutes matters which are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned:

| EXHIBIT | DESCRIPTION OF DOCUMENT |
| --- | --- |
| 1 | Order Granting Motion For Order Authorizing Use Of Property Of The Estate – Voting Stock of Angus Petroleum Corporation in the matter of *In re: South Coast Oil Corporation*, bearing Bankruptcy Case No. 8:07-bk-12994-TA ("Statement of Decision"). [Docket Number 183_]; |
| 3 | Statement of Decision On OSC Re: Contempt And On Motion For Terminating Sanctions in the matter of *In re: South Coast Oil Corporation*, bearing Bankruptcy Case No. 8:07-bk-12994-TA ("Statement of Decision"). [Docket Number 862]; |
| 4 | State Court Docket in the matter entitled *BG Operations, LLC v. XTO Offshore, Inc.*, Case No. 30-2009-00122075, pending in the Superior Court of the State of California, County of Orange before the Honorable Kim G. Dunning (the "Litigation"). |
| 5 | Docket in the matter entitled *Angus Petroleum Corporation v. XTO Offshore, Inc.*, Civ. No. G044396, pending in the Court of Appeal, State of California, Fourth Appellate District, Division Three. |

DATED: August 16, 2011

RUS, MILIBAND & SMITH
A Professional Corporation

By: [signature]
CATHRINE M. CASTALDI
Attorneys for Chapter 11 Trustee,
JAMES J. JOSEPH

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

EXHIBIT “1"



RONALD RUS, #67369
rrus@rusmiliband.com
CATHRINE M. CASTALDI
ccastaldi@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2211 Michelson Drive
Irvine, California 92612-1043
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Chapter 11 Trustee,
JAMES J. JOSEPH

FILED
JUL 31 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

ENTERED
JUL 31 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

UNITED STATES BANKRUTPCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re: SOUTH COAST OIL CORPORATION, Debtor. | Case No. 8:07-bk-12994-TA<br>Chapter 11<br>**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR ORDER AUTHORIZING USE OF PROPERTY OF THE ESTATE – VOTING STOCK OF ANGUS PETROLEUM CORPORATION**<br>DATE: July 31, 2009<br>TIME: 2:00 p.m.<br>Ctrm: 5B |
|---|---|

The Motion For Order Authorizing Use of Property of the Estate - Voting Stock of Angus Petroleum Corporation (the "Motion"), filed by James J. Joseph, Chapter 11 Trustee (the "Trustee") for the Bankruptcy Estate of South Coast Oil Corporation (the "Debtor") [Docket # 172], came on for hearing on July 31, 2009, at 2:00 p.m., before the Honorable Theodor C. Albert, United States Bankruptcy Judge, presiding. The Trustee appeared by and through his counsel, Rus, Miliband & Smith, A Professional Corporation, by Cathrine M. Castaldi. John M. Wolfe, Chapter 11 Trustee for the bankruptcy estates of Steven T. Harris and Energy Development Corporation appeared by and through his counsel, Robinson, Diamant & Wolkowitz, Professional Corporation, by Philip A. Gasteier. All other appearances were as noted on the record.

The Court having read and considered the Motion and reviewed the evidence presented prior to the hearing, having deemed notice of the Motion proper and sufficient under the circumstances, and considering all pleadings filed in support of the Motion and in opposition thereto, and further finding that the Trustee has satisfied the legal prerequisites for use of the voting stock of Angus Petroleum Corporation ("Angus") to vote the shares as may be required to remove all existing directors of Angus, to appoint Mr. James William Scott and Mr. Louis P. Zylstra, Jr. as directors of Angus and to amend the bylaws of Angus as necessary to accomplich these actions, and good cause appearing:

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that the Trustee is authorized to use property of the bankruptcy estate of the Debtor by voting all shares of Angus stock owned by the Debtor as may be required to (1) remove all existing directors; (2) to appoint Mr. James William Scott and Mr. Louis P. Zylstra, Jr. as directors of Angus; and (3) to amend the bylaws of Angus as necessary to accomplish items (1) and (2) through an action by consent of sole shareholder.

IT IS FURTHER ORDERED that the Trustee has demonstrated sound exercise of business judgment in determining to use the bankruptcy estate's voting shares in Angus to ratify the modification agreement as provided in this order.

IT IS FURTHER ORDERED that the Trustee's Motion was made in good faith and the proposed use is fair and reasonable.

IT IS FURTHER ORDERED that the Trustee is authorized to execute any and all documents as may be necessary to effectuate this Order.

DATED: JUL 31 2009

HONORABLE THEODOR C. ALBERT
UNITED STATES BANKRUPTCY JUDGE

| In re:<br>SOUTH COAST OIL CORPORATION<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:07-BK-12294 TA |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2211 Michelson Drive, Seventh Floor, Irvine, CA 92612.

A true and correct copy of the foregoing document described ORDER GRANTING MOTION FOR ORDER AUTHORIZING USE OF PROPERTY OF THE ESTATE – VOTING STOCK OF ANGUS PETROLEUM CORPORATION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 31, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On July 31, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____________________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Courtroom 5B
411 W. Fourth Street
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 31, 2009 | Angela Sziklay | [signature] |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9021-1.1**

| In re: SOUTH COAST OIL CORPORATION | CHAPTER: 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER: 8:07-BK-12294 TA |

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING MOTION FOR ORDER AUTHORIZING USE OF PROPERTY OF THE ESTATE – VOTING STOCK OF ANGUS PETROLEUM CORPORATION was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of July 31, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ron Bender rb@lnbrb.com
- Cathrine M Castaldi ccastaldi@rusmiliband.com
- Marcus Colabianchi mcolabianchi@thelenreid.com
- Anthony A Friedman aaf@lnbrb.com
- Philip A Gasteier pgasteier@rdwlawcorp.com
- D Edward Hays ehays@marshackhays.com
- Robert E Huttenhoff rhuttenhoff@shbllp.com
- James J Joseph KValbuena@dgdk.com, jjoseph@ecf.epiqsystems.com
- David W Levene dwl@lnbrb.com
- Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
- Aram Ordubegian ordubegian.aram@arentfox.com
- David M Poitras dpoitras@jmbm.com
- Ronald Rus rrus@rusmiliband.com
- Leonard M Shulman lshulman@shbllp.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- David Weinstein dweinstein@richardsonpatel.com

☐ Service information continued on attached page

| In re:<br>SOUTH COAST OIL CORPORATION<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:07-BK-12294 TA |
|---|---|

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

DEBTOR
SOUTH COAST OIL CORPORATION
21241 VENTURA BLVD., SUITE 276
WOODLAND HILLS, CA 91364

Douglas L. Mahaffey
Mahaffey & Associates, PLC
4 San Joaquin Plaza Ste 320
Newport Beach, CA 92660

B.L. Austin Sanders
413 4th Street
Manhattan Beach, CA 90266

Stuart I. Koenig
CREIM MACIAS KOENIGH & FREY LLP
633 West Fifth Street, 51st Floor
Los Angeles, CA 90071

☐ Service information continued on attached page

EXHIBIT "2"

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Settlement Agreement") is made and is effective as of date all parties which are signatories have fully executed this Settlement Agreement (the "Execution Date") by and between Angus Petroleum Corporation, a Delaware corporation ("Angus"), on the one hand, and XTO Offshore, Inc. (formerly known as Hunt Petroleum (AEC), Inc.), a Delaware corporation ("XTO"), Elysium West, LLC ("Elysium"), and E&B Natural Resources Management Corporation ("E&B"), on the other hand. Angus, XTO, Elysium, and E&B are each hereinafter referred to individually as a "Party" and collectively as the "Parties."

**RECITALS**

A. On or about April 24, 2009, BG Operations, LLC ("BG Operations") filed a complaint against XTO in the Superior Court of California for the County of Orange, entitled BG Operations, LLC v. XTO Offshore, Inc., Case No. 30-2009-00122075 (this and the related cross-complaints and disputes referenced below are collectively referred to as the "Action"). BG Operations later amended its complaint in the Action to include Elysium, E&B, and Blackstone Oil & Gas, Inc. ("Blackstone") as defendants.

B. On or about June 26, 2009, XTO and Elysium filed a cross-complaint in the Action against BG Operations and Angus, captioned XTO Offshore, Inc. v. BG Operations, LLC.

C. On or about June 14, 2010, Angus filed a cross-complaint in the Action against XTO, Elysium, and E&B, captioned Angus Petroleum Corp. v. XTO Offshore, Inc. (formerly known as Hunt Petroleum (AEC), Inc.).

D. On or about June 10, 2010, BG Operations voluntarily dismissed its complaint against XTO, Elysium, E&B, and Blackstone. As a result, Blackstone is no longer a party to this Action and thus is not a party to this Settlement Agreement. On February 9, 2011, Elysium and XTO dismissed all of their causes of action against BG. XTO also dismissed all of its cross-claims against Angus. As a result, BG Operations is no longer a party to this Action, and is thus not a party to this Settlement Agreement. There is also currently an appeal pending in the Court of Appeal, State of California, Fourth Appellate District, Division Three entitled Angus Petroleum Corp. v. XTO Offshore, Inc., Civ. No. G044396, which arises out of the Action.

E. The Action involves a dispute among the Parties relating to: (1) certain real property located in Huntington Beach, California, specifically two tracts of land, described as follows: (a) "Lot One, of Tract 12746, as per map recorded in Book 589, Pages 40 and 41, of Miscellaneous Maps, in the Office of the Recorder of said county, formerly known as Lots One (1) through Twenty (20), inclusive of Block 1903, of the Vista Del Mar Tract, Huntington Beach (Section 5), as per map recorded in Book 4, at Page 15, of Miscellaneous Maps, in the Office of the Recorder of said county"; and (b) "Lot One, Tract 12747, as per map recorded in Book 592, Pages 18 and 19, of Miscellaneous Maps, in the Office of the County Recorder of said county, formerly known as Lots One (1) through Twenty (20), inclusive of Block 1804 of the Vista Del Mar Tract, Miscellaneous Maps, in the Office of the Recorder of said county" ( the "Real Property"); (2) certain oil production operations relating to the Real Property. (The Real Property, the oil production operations, and related oil leases are collectively referred to as the "Springfield

Unit"); (3) the validity of a purported sale of certain working interests in the Springfield Unit; and (4) the rights and duties of the parties concerning such matters.

F. On or about September 19, 2007, an involuntary bankruptcy case against SCOC was filed pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") as Case No. 07-12994 ("SCOC Bankruptcy Case"). On or about January 16, 2008, an Order for Relief was entered in the SCOC Bankruptcy Case and on or about November 27, 2007, James J. Joseph was appointed Chapter 11 Trustee (the "Trustee") of the SCOC bankruptcy estate (the "SCOC Bankruptcy Estate"). The stock of Angus is owned by the SCOC Bankruptcy Estate.

G. Angus owns a fifty percent (50%) interest in the Springfield Unit. On or about April 1, 2009, Elysium purchased a fifty percent (50%) interest in the Springfield Unit from XTO.

H. Certain issues in the Action have also been the topic of discovery and court hearings in the related SCOC Bankruptcy Case, including an Order To Show Cause ("OSC") where assertions were raised by the Petitioning Creditors that Elysium, E&B, and others violated the Bankruptcy Court's restraining order when it purchased its interest in the Springfield Unit from XTO. On May 16, 2011, following extensive evidentiary hearings, the Bankruptcy Court issued a ruling which found that Elysium, E&B, and others did not violate the restraining order and discharged the OSC, including noting that "it is at best unclear" that Angus had any rights to attempt to purchase XTO's prior interest after failing to respond within the required 10-day window, "it [was] hard for the court to see how Angus had a legitimate expectation of anything" in the way of acquiring XTO's prior interest, and that, even if "some kind of expectancy did exist," it was "too ephemeral and doubtful."

I. The Parties now desire to amicably resolve their differences, and to enter into a full and final settlement of their claims pertaining to the Action, without the expense of further litigation, and without the admission of wrongdoing by any of the Parties.

J. The Parties have therefore agreed to settle the Action in its entirety on the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

**AGREEMENT**

1. Operative Relationship Agreements and True-Up Payments.

1.1. <u>Operative Relationship Agreements</u>. Angus, Elysium, and E&B hereby acknowledge that the following agreements govern the Parties' relationship, are in full force and effect, survive this Settlement Agreement, and that no Party is in breach of any such agreement:

a. The Unit Agreement for the Springfield Unit, Orange County, California, dated March 31, 1987;

b. The Unit Operating Agreement, Springfield Unit, Orange County, California, dated October 31, 1989, by and between Angus and Columbia Gas Development Corp. ("Columbia"); and

c. The Agreement, dated October 31, 1989, by and between Angus and Columbia. (All three agreements are hereinafter collectively referred to as the "Operative Relationship Agreements.")

Angus, Elysium, and E&B further expressly acknowledge and agree that, as it relates to the Springfield Unit, all assets and liabilities are for the mutual benefit of the Springfield Unit pursuant to and in furtherance of the Operative Relationship Agreements.

1.2 True-Up Payments. Within five days following the Effective Date (as defined below), Elysium will pay to Angus the total sum of One Million Six Hundred Forty Thousand Five Hundred Twenty-Five Dollars and Sixty-Three Cents ($1,640,525,63) (the "Settlement Amount"), representing all contributions due solely for costs, operating fees, and interest less certain offsets, due under the Operative Relationship Agreements and per the "Accounting Procedure Joint Operations" as presented to E&B through the monthly closing as of May 31, 2011.

1.3 Formation of the Technical Committee. Upon the Execution Date, Angus, Elysium, and E&B shall form a Committee (the "Technical Committee") to discuss and assist in managing the detailed efforts of the waterflood, future development, and cost controls of the Springfield Unit and to further make concerted efforts to obtain and secure all governmental and regulatory approval to facilitate oil production at the Springfield Unit. The Technical Committee will be chaired by a representative of the Unit Operator. In furtherance of the same and as consistent with the provisions of the Operative Relationship Agreements, Elysium and E&B will have the right to access and examine all books and records of Angus as it relates to the Springfield Unit. In furtherance of the efforts to resolve all outstanding issues with all governmental and regulatory entities, Angus, through the Technical Committee, will consult with Elysium and E&B as to all proposed material contacts with such agencies and Elysium E&B may attend, at their option, any meetings with such governmental and regulatory agencies and entities. . Such rights, duties, and obligations set forth in this subsection 1.3 shall be in addition to, and a modification of, those otherwise found in the Operative Agreements; provided, however, that the rights, duties and obligations provided herein to Angus, Elysium, and E&B shall not be transferrable by Angus, Elysium, and/or E&B to any other party.

2. Bankruptcy Court Order. This Settlement Agreement is specifically and expressly conditioned upon the entry of an order of the Bankruptcy Court in the SCOC Bankruptcy Case that a vote of the Trustee as shareholder of the stock of Angus is neither appropriate nor required because the decision to enter into the Settlement Agreement is within the purview of Angus' Directors and management or, in the alternative, that the Trustee is authorized to vote or use the shares of Angus in favor of an approval of the Settlement Agreement (collectively, the "Bankruptcy Court Order").

2.1 Bankruptcy Court Order Effective Date Defined. The "Effective date" shall be the date of the entry of the Bankruptcy Court Order by the United States Bankruptcy Court for the Central District of California in the SCOC Bankruptcy Case.

2.2 Obligation to Seek Bankruptcy Court Order. The Trustee shall prepare and file a motion seeking the entry of the Bankruptcy Court Order within five (5)business days after the Execution Date.

The consent of the Trustee, if authorized by the Bankruptcy Court Order and entry of the Bankruptcy Court Order in a form meeting the conditions of Section 2 above, shall be obtained and delivered not later than forty-five (45) days after the Execution Date. Should either the Trustee not provide his consent, if authorized, or should the Bankruptcy Court not enter the Bankruptcy Court Order within such forty-five (45) day period, then any Party hereto may, within sixty (60) days of the Execution Date provide written notice to the other Parties of its election to declare the entire Settlement Agreement null and void, thereby rendering the entire Settlement Agreement null and void and of no further force and effect whatsoever.

2.3 Agreement to Support Angus, Elysium, and E&B agree to engage in reasonable, good-faith efforts to support this Settlement Agreement in all material ways, including in its application and enforcement against any and all persons or entities seeking to avoid or limit the applicability or scope of the Settlement Agreement in any manner. Without limiting the foregoing, the Parties each agree to take such actions and execute such documents as may be reasonably necessary to implement the terms of this Settlement Agreement, including, without limitation, obtaining the Bankruptcy Court Order Order.

2.4 Dismissal of Action. In consideration for the Parties' execution of this Settlement Agreement and the payments by E&B as provided herein, Angus shall dismiss its cross-complaint with prejudice as to XTO, Elysium, and E&B, within ten (10) days of the Effective Date , and shall provide counsel for XTO, Elysium, and E&B with a file-stamped copy of Angus's Request for Dismissal with prejudice, as filed with the Orange County Superior Court. Additionally, in consideration for the Parties' execution of this Settlement Agreement and Angus's dismissal of its cross-complaint with prejudice as described herein, XTO and Elysium shall concurrently dismiss its cross-complaint with prejudice as to Angus and shall deliver the same to counsel for Angus for filing. Further, in consideration of the Parties' execution of the Settlement Agreement and the terms herein, Angus shall also cause the following appeal to be dismissed: Angus Petroleum Corp. v. XTO Offshore, Inc., Civ. No. G044396, pending in the Court of Appeal, State of California, Fourth Appellate District, Division Three.

3. Mutual General Release of Claims Relating to the Dispute.

3.1 Except as to any claims that may arise out of the breach of this Settlement Agreement, and the Operative Relationship Agreements which survive this Settlement Agreement, Angus, on the one hand, and XTO, Elysium, and E&B, on the other hand (each on behalf of itself and its respective current and former companies, affiliates, parents, subsidiaries, related entities, current and former officers, directors, shareholders, employees, agents, insurers, attorneys, accountants, successors, predecessors, and assigns), release the other (including, without limitation, their respective current and former companies, affiliates, parents, subsidiaries, related entities, current and former officers, directors, shareholders, employees, agents, insurers, attorneys, accountants, successors, predecessors, and assigns) of or from any and all claims, demands, actions, causes of action, appeals, challenges, rights, obligations, liabilities, debts, suits, damages, attorneys' fees, costs, expenses, and losses of every kind and nature whatsoever, whether in law or in equity, whether in contract, tort, whether known and unknown, whether anticipated or unanticipated, suspected or claimed, fixed or contingent, accrued or unaccrued, whether or not damage has yet been suffered, or otherwise, including, but not limited to, any asserted and unasserted claims in connection with or in any way arising from the Action or any of the facts, actions, or circumstances asserted therein, prior to the Effective Date of the Settlement Agreement.

3.2 Waiver of Civil Code Section 1542. With respect to the foregoing released claims, Angus, XTO, Elysium, and E&B represent, warrant, and agree that they have been fully advised of the content of Section 1542 of the Civil Code of the State of California which reads as follows:

"A General Release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Angus, XTO, Elysium, and E&B hereby expressly waive and relinquish all rights and benefits under this section and any law or legal principle of similar effect in any jurisdiction with respect to the release granted in this Settlement Agreement.

4. Attorneys' Fees. The Parties hereto waive any and all claims they may have against each other for costs, expenses, or attorneys' fees they may have incurred in connection with the Action, including any related appeals. Each Party will bear its own expenses, attorneys' fees, and costs in connection herewith. If any Party(s) shall commence legal proceedings against any other Party(s) to enforce the provisions of this Settlement Agreement or to declare any rights or obligations under this Settlement Agreement, then the prevailing Party(s) shall recover from the losing Party(s) its/their costs of suit, including attorneys' fees, as shall be determined by the court.

5. Representations and Warranties of the Parties.

5.1. No Party (nor any officer, agent, employee, representative, or attorney) has made any statement or representation to any other Party regarding any fact relied upon in entering into this Agreement, and no Party is relying upon any statement, representation, or promise of any other Party (or any officer, agent, employee, representative, or attorney) in executing this Settlement Agreement, or in making this settlement, except as expressly stated in this Settlement Agreement.

5.2. The Parties each represent and declare that in executing this Settlement Agreement they have relied solely upon their own judgment, belief, and knowledge, and the advice and recommendation of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims.

5.3. No Party, its heirs, successors, or assigns, nor any other person acting in concert with any of them, has assigned, transferred, or granted any of the claims, demands, or causes of action that are settled and resolved by this Settlement Agreement.

6. No Admission of Liability. This Settlement Agreement was negotiated and executed for the purpose of settling the disputes described in this Agreement. The execution of this Settlement Agreement by any Party does not constitute, infer or evidence the truth of any claim, the admission of any liability, the validity of any defense or the existence of any circumstance or fact which could constitute a basis for any claim, liability, or defense, other than for the purpose of enforcing the terms and provisions of this Agreement.

7. Modification. No variation or modification of this Settlement Agreement and no waiver of any of its terms or conditions will be valid unless in writing and executed by each Party hereto.

8. Governing Law. This Settlement Agreement is made under and shall be construed in accordance with and governed by the laws of the State of California.

9. Notices. All notices required or permitted to be given hereunder shall be in writing and shall be deemed to be properly given upon mailing, postage prepaid, addressed to the Party to whom it is to be given at the addresses set forth below:

If notice is to **XTO**, at:

XTO Offshore, Inc.
Attn: Taylor L. Pope
Director of Litigation
XTO Energy Inc.
810 Houston St.
Fort Worth, Texas 76102

With a copy to:

George B. Newhouse, Esq.
Sydney M. Mehringer, Esq.
Brown, White & Newhouse, LLP
333 South Hope Street, 40th Floor
Los Angeles, CA 90071

If notice is to **Elysium, at**:

Elysium West, LLC:
Attn: Steven Layton, Authorized Representative
E&B Natural Resources
1600 Norris Road
Bakersfield, CA 93308

With a copy to:

George B. Newhouse, Esq.
Brown, White & Newhouse, LLP
333 South Hope Street, 40th Floor
Los Angeles, CA 90071

If notice is to **E&B**, at:

E&B Natural Resources Management Corp., at:
Attn: Attn: Steven Layton, President
1600 Norris Road
Bakersfield, CA 93308

With a copy to:

George B. Newhouse, Esq.
Brown, White & Newhouse, LLP
333 South Hope Street, 40th Floor
Los Angeles, CA 90071

If notice is to **Angus**, at:

Angus Petroleum Corporation
Attn: Louis P. Zylstra, PE
1901 California Street
Huntington Beach, CA 92648

With a copy to:

Robert E. Palmer, Esq.
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, California 92612

10. Assignment. The Parties may not transfer their respective rights or obligations under this Settlement Agreement to any third party without the prior written consent of the other Party, which may be withheld in the Party's sole, subjective, and absolute discretion and without regard to any obligation of good faith or reasonable business judgment. This Settlement Agreement shall be binding upon and inure to the benefit of each of the Parties and its respective parents, affiliates, subsidiaries, officers, servants, employees, and/or successors.

11. Authority of the Parties. Each of the Parties signing this Settlement Agreement represents to the other Parties that it has the authority to do the things and to release the claims, demands, and causes of action which are purported to be released herein and that none of the powers or of such claims, demands, or causes of action or any parts thereof have been previously assigned to or are owned by any other person or entity.

12. Execution of Documents. Each of the Parties hereto agrees to promptly take whatever steps, and execute whatever documents, as may be reasonably necessary to complete and consummate this Settlement Agreement and effectuate the terms hereunder.

13. Construction of Settlement Agreement. Each Party to this Settlement Agreement has cooperated in the drafting and preparation of this Settlement Agreement, and in any construction to be made of this Settlement Agreement it shall not be construed against any Party.

14. Entire Agreement. This Settlement Agreement constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof. This Settlement Agreement supersedes all prior and contemporaneous written and oral agreements and all other communications between Angus, on the one hand, and XTO, Elysium, and E&B, on the other hand, regarding the subject matter hereof.

15. No Third Party Claims Created By Settlement Agreement. Each Party intends that this Settlement Agreement will not create any defense, right, or cause of action in or on behalf of, any person or entity other than Angus, XTO, Elysium, and E&B.

16. Headings. Any headings of sections herein are for convenience only and do not affect in any way the scope, intent, or meaning of the provisions to which they refer.

17. Counterparts. This Settlement Agreement may be executed in separate counterparts, each of which will be an original and all of which together will constitute one and the same agreement, binding on each of the Parties. Faxed signatures shall be as enforceable as original signatures.

IN WITNESS WHEREOF, the authorized representatives of the Parties have executed this Settlement Agreement as of the Execution Date.

**ANGUS PETROLEUM CORPORATION**

By: ____________________

Name: LOUIS P. ZYLSTRA, Jr

Title: CEO.

**XTO OFFSHORE, INC.**

By: ____________________

Name: ____________________

Title: ____________________

**ELYSIUM WEST, LLC**

By: ____________________

Name: ____________________

Title: ____________________

**E&B NATURAL RESOURCES MANAGEMENT CORPORATION**

By: ____________________

Name: ____________________

Title: ____________________

**APPROVED AS TO FORM AND CONTENT**

**BROWN, WHITE & NEWHOUSE LLP**

By: ____________________
George B. Newhouse

**APPROVED AS TO FORM AND CONTENT**

**GIBSON, DUNN & CRUTCHER LLP**

By: ____________________
Robert E. Palmer

17. Counterparts. This Settlement Agreement may be executed in separate counterparts, each of which will be an original and all of which together will constitute one and the same agreement, binding on each of the Parties. Faxed signatures shall be as enforceable as original signatures.

IN WITNESS WHEREOF, the authorized representatives of the Parties have executed this Settlement Agreement as of the Execution Date.

**ANGUS PETROLEUM CORPORATION**

By: ____________________________

Name: ____________________________

Title: ____________________________

**XTO OFFSHORE, INC.**

By: [signature]

Name: Taylor Pope

Title: Director - Litigation

**ELYSIUM WEST, LLC**

By: ____________________________

Name: ____________________________

Title: ____________________________

**E&B NATURAL RESOURCES MANAGEMENT CORPORATION**

By: ____________________________

Name: ____________________________

Title: ____________________________

**APPROVED AS TO FORM AND CONTENT**

**BROWN, WHITE & NEWHOUSE LLP**

By: ____________________________
George B. Newhouse

**APPROVED AS TO FORM AND CONTENT**

**GIBSON, DUNN & CRUTCHER LLP**

By: ____________________________
Robert E. Palmer

17. Counterparts. This Settlement Agreement may be executed in separate counterparts, each of which will be an original and all of which together will constitute one and the same agreement, binding on each of the Parties. Faxed signatures shall be as enforceable as original signatures.

IN WITNESS WHEREOF, the authorized representatives of the Parties have executed this Settlement Agreement as of the Execution Date.

ANGUS PETROLEUM CORPORATION

By: ______________________

Name: ______________________

Title: ______________________

XTO OFFSHORE, INC.

By: ______________________

Name: ______________________

Title: ______________________

ELYSIUM WEST, LLC

By: [signature]

Name: Stephen D. Layton

Title: Authorized Rep.

E&B NATURAL RESOURCES MANAGEMENT CORPORATION

By: [signature]

Name: Stephen D. Layton

Title: President

APPROVED AS TO FORM AND CONTENT

BROWN, WHITE & NEWHOUSE LLP

By: ______________________
George B. Newhouse

APPROVED AS TO FORM AND CONTENT

GIBSON, DUNN & CRUTCHER LLP

By: ______________________
Robert E. Palmer

17. Counterparts. This Settlement Agreement may be executed in separate counterparts, each of which will be an original and all of which together will constitute one and the same agreement, binding on each of the Parties. Faxed signatures shall be as enforceable as original signatures.

IN WITNESS WHEREOF, the authorized representatives of the Parties have executed this Settlement Agreement as of the Execution Date.

**ANGUS PETROLEUM CORPORATION**

By: ____________________

Name: ____________________

Title: ____________________

**XTO OFFSHORE, INC.**

By: ____________________

Name: ____________________

Title: ____________________

**ELYSIUM WEST, LLC**

By: ____________________

Name: ____________________

Title: ____________________

**E&B NATURAL RESOURCES MANAGEMENT CORPORATION**

By: ____________________

Name: ____________________

Title: ____________________

**APPROVED AS TO FORM AND CONTENT**

**BROWN, WHITE & NEWHOUSE LLP**

By: George B. Newhouse
George B. Newhouse by SMM

**APPROVED AS TO FORM AND CONTENT**

**GIBSON, DUNN & CRUTCHER LLP**

By: ____________________
Robert E. Palmer

EXHIBIT “3"

FILED & ENTERED

MAY 16 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ngo DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:**<br><br>**SOUTH COAST OIL CORPORATION,**<br><br><br><br>Debtor(s). | Case No: 8:07-bk-12994-TA<br><br>Chapter: 11<br><br>**STATEMENT OF DECISION ON OSC RE CONTEMPT AND ON MOTION FOR TERMINATING SANCTIONS**<br><br>Date: Jan. 20, 21 and 24, 2011<br>Time: 10:00 a.m.<br>Location: 5B |

This matter last came on for hearing beginning January 20 and concluding January 24, 2011 on the court's Revised Order to Show Cause re Civil Contempt entered July 29, 2009 and the Revised OSC re Civil Contempt entered January 12, 2011 (collectively "OSC"). A related Motion for Terminating Sanctions brought by petitioning creditors' was heard January 28, 2011. These related hearings ended nine days of testimony spread over nearly an 18-month period. Literally hundreds of exhibits were considered and numerous contentious discovery disputes preceded these hearings. At the conclusion of trial, the court requested that each side submit summation briefs which were filed on or near March 31, 2011. After

considering the testimony, exhibits and briefs of all parties, the court renders this decision.

## I. Facts

### A. Background

There is very little the parties agree upon. The search for truth was made even more difficult by the extraordinary level of animosity and lack of civility which seemed to prevail throughout these many months that the OSC has been pending. Nevertheless, the court believes the following is an accurate (if very condensed) summary of the convoluted facts relevant to the OSC. We begin with some older but very necessary history.

Debtor South Coast Oil Corporation ("Debtor") is a corporation engaged in oil exploration and production. It has a long and tortured history of state court litigation involving shareholder disputes and in-fighting which precipitated corporate gridlock and the filing of an involuntary petition on September 19, 2007[1]. Another consequence of the struggle for control of Debtor was the appointment of a Chapter 11 trustee by the court in November 2007. James Joseph was appointed Chapter 11 trustee and has held that position since November 26, 2007.

One of the most valuable assets of the Debtor is its 100% ownership in subsidiary corporation, Angus Petroleum Corporation ("Angus"). Angus owns a 50% working interest in a collection of oil and gas leases and production facilities called "The Springfield Unit." The Springfield Unit is located in Huntington Beach, California. The other 50% interest was owned as of 1989 by Columbia Gas Development Corporation under an Agreement dated October 31, 1989 ("Agreement") [Exhibit "HH"]. Hunt Petroleum (AEC), Inc. ("Hunt") eventually became

[1] A similar convoluted tale of litigation and internecine shareholder struggles can be reported for a related corporation, Energy Development Corporation, which filed a voluntary Chapter 11 petition 7/21/2006 now pending under case 8:06-11175-TA. Mr. Stephen Harris was formerly CEO and a shareholder of both entities. Mr. Jack Wolfe now serves as Chapter 11 trustee for Energy Development.

the successor to the interests of Columbia Gas in the other 50% interest in the Springfield Unit. Litigation ensued between Hunt and Angus whereby Hunt sought, among other things, capping of the wells and closing of the Angus facility in view of its long dormancy which litigation was still pending when the bankruptcy petition was filed. In addition, since the Springfield Unit had been dormant for some period of years, Angus became the subject of various enforcement actions by the State Division of Oil and Gas and Geothermal Resources ("DOGGR") resulting in a cap and abandon Order #976 issued in July 2005. The order #976 was appealed by Angus. Before the involuntary petition was even filed, Douglas Mahaffey, counsel for the petitioning creditors, and his client Don White, became engaged in an effort to acquire the interest of Hunt in The Springfield Unit [Exhibits "JJ" and "LL"]. At some point in about autumn 2008, the interests of Hunt were acquired by XTO Offshore, Inc. ("XTO") which continued to be represented by the same lawyer, David Ossentjuk of Musick, Peeler & Garrett LLP, who had previously represented Hunt.

**B. The TRO**

For reasons never fully explained in the record, but undoubtedly part of the internecine and interminable struggles over control of the debtor, Blackstone Oil & Gas, Inc. ("Blackstone"), a corporation owned in whole or in part by dissident shareholders of the debtor Steven Sogard, Merlin M. Witte, Sr. and Michael Witte, Jr., father and son, who were resigned directors and former officers of the debtor, and represented by and/or managed by lawyers Mark Dodge and Edward Lear, came into possession of a grant deed dated July 17, 2007, signed by Michael Witte, purporting to act as an officer of Angus, transferring Angus' facility to Blackstone. Additionally, Blackstone had caused to be recorded a trust deed to secure an

alleged promissory note also signed by Mr. Witte in the amount of $500,000 against the Angus facility in favor of Blackstone. Petitioning creditors challenged the *bona fides* of these instruments.

In the context of these challenged instruments and in response to an emergency motion on discovery issues and for a TRO brought by petitioning creditors, the court issued its order titled "Order: (1) On Emergency Motion of Petitioning Creditors For Issuance of a Temporary Restraining Order..." which was entered November 7, 2007 ("TRO"). Under the TRO, among other things, Wittes Sr. and Jr., Daniel To, a purported CEO of Debtor and Blackstone, as well as "their successors, assigns, officers, agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control or under common control with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division or other device..." are enjoined from recording the deed or further encumbering the Angus assets, in whole or in part, transferring any interest in the note, trust or deed to third parties or making any further advances under the purported note. At paragraph 4 of the TRO it is further provided:

> Absent further order of this Court on notice to the Petitioning Creditors, Respondents are precluded and restrained from under taking any action which has, or foreseeably may have, a material adverse effect on the assets and property of the South Coast Oil Corporation bankruptcy estate, which includes it shares in Angus...

It is for alleged violation of this ¶4 of the TRO that the OSC was issued.

**C. Competition for the Co-interest in the Springfield Unit**

In the late autumn of 2008 Angus' luck changed. The California Court of Appeal on December 17, 2008 issued its opinion reversing the DOGGR cap and abandon order [Exhibit "30"]. The matter was remanded to the Superior Court for further determination. It was a few months before this in September 2008 that XTO acquired the interest of Hunt in the Springfield Unit. XTO, unlike Hunt, was interested in unloading the Springfield Unit interest and settling the litigation with Angus, which represented a distinct change from earlier efforts at acquisition or settlement by the trustee which were unsuccessful. [*See e.g.* Exhibit "21" letter of August 21, 2008 to James Joseph]. One of the problems had been, of course, that neither the bankruptcy estate nor Angus had any money. Among other concerns, Hunt had wanted to cap the wells, dismantle the facility and/or obtain meaningful indemnification from ongoing liability on the Springfield Unit. In the background, Blackstone also was seeking to acquire the Hunt interest in the Springfield Unit. [*See e.g.* Exhibits "217" and "21 August 29, 2008 email from Mark Dodge to David Ossentjuk]. In or about September, 2008, a new player entered the fray, E & B Natural Resources Management Corporation ("E&B"), whose major shareholder, either directly or indirectly, was Francesco Galesi and whose president was Stephen Layton. E&B is reportedly an established and well-financed owner of energy properties primarily in Bakersfield, California. Blackstone made E&B aware of the XTO opportunity and on November 9, 2008 E&B entered into a joint venture with Blackstone to acquire the XTO interest in the Springfield Unit [Exhibits "7" and "8"]. Mark Dodge made known to XTO through David Ossentjuk the continued interest of Blackstone in acquiring the Springfield Unit interest and the superior financial capacity of E&B; to his fellow owners of Blackstone, Mr. Dodge urged caution in keeping from Mr. Mahaffey, the petitioning creditors' counsel and prior suitor

for the Hunt interest, Blackstone's continuing interest or involvement with E&B, lest counter-moves be incited. [Exhibit "316" November 20, 2008 email from Mark Dodge].

On or about January 7, 2009 XTO, E&B and an E&B nominee, Elysium West, LLC ("Elysium") drew up a Purchase, Sale and Indemnity Agreement of that date ("Purchase Agreement") which called for an acquisition of the XTO interest by Elysium. On January 8, 2009 XTO's lawyer, David Ossentjuk, received a copy of the Purchase Agreement executed by Elysium and E&B together with a $50,000 deposit. [Exhibits "FF" and "OO"] On the next day, January 9, Mr. Ossentjuk received a telephone call from Mr. Mahaffey pointing out a provision in the 1989 Agreement [Exhibit "HH"¶16); this provision gave Angus a first opportunity to acquire the other 50% interest in the Springfield Unit which would be triggered by receipt by Angus of notice of an intent to sell by the co-owner, XTO. The right to tender an offer would be perfected by a reply from Angus indicating intent to acquire the interest within 10 days of the initial notice. The opportunity to make an offer would then last 90 days measured from Angus' receipt of the initial notice of intent to sell. On January 15, 2009 Mr. Ossentjuk received a letter dated January 12 signed by Mr. Mahaffey acting for Angus indicating "Angus does want to acquire all leasehold interest in the Springfield Unit, if any, that XTO owns... **After Angus receives the requisite notice under paragraph 16**, Angus would like to present its offer to purchase and its claim for past joint interest billings, and claim for lost profits to XTO in person to the decision makers of XTO." (Emphasis added) [Exhibit "PP"] While Mr. Ossentjuk did not necessarily concede that his client was required to do so, in response on January 16, 2009 he sent a letter to James Joseph, cc to Mr. Mahaffey, pursuant to the Agreement [Exhibit "SS"] wherein notice was given of XTO's intent to sell (and presumably invoking a ten-day opportunity of Angus to give its reciprocal notice of intent to purchase). On January 20, 2009

Mr. Ossentjuk received XTO's signature on the Purchase Agreement between XTO and Elysium ["TT"]. Mr. Ossentjuk held the now fully-executed Elysium/XTO Purchase Agreement but did not immediately inform Elysium of his receipt of same, waiting through the ten-day period for Angus to give notice of intent to make an offer. According to Mr. Ossentjuk no response verbal or written was received with the ten-day period (or at all) in response to his January 16 letter. Of course, this presumes that the January 12 letter, which actually preceded XTO's initial notice, was of no effect in this regard. Mr. Ossentjuk apparently concluded so since the January 12 letter does reference an offer to be presented ***after*** the ten-day notice was given. While no evidence was presented on this point, the court infers Mr. Ossentjuk and XTO may have also been somewhat discouraged by the January 12 letter's additional reference to Angus' "past joint interest billings and claim for lost profits..." suggesting an intent to exact a setoff of some sort. Mr. Dodge finally picked up the fully executed Purchase Agreement on January 30, 2009, after Mr. Ossentjuk concluded that Angus had elected not to further pursue the purchase [Exhibit "FF" at ¶¶ 13-22].

There is no evidence that at anytime between January 9 and April 1, 2009 when the sale to Elysium under the Purchase Agreement closed,[2] that either Messrs. Mahaffey or Joseph, or anyone else acting on behalf of the estate or the petitioning creditors, made known orally or in writing to any of Mr. Ossentjuk, E&B or Elysium of the existence of the TRO. Moreover, Mr. Joseph actually met with whom he knew to be Blackstone and E&B's agents, Steven Sogard and Stephen Layton on January 21 and 28, 2009, respectively, regarding Elysium's "due diligence" efforts and non-disclosure agreement preliminary to its purchase of XTO's interest [See Exhibit ""VV"; James Joseph letter of February 4, 2009 to E&B cc to Mr.

---

[2] The Purchase Agreement had actually expired of its own terms on March 15, yet XTO allowed a late closing notwithstanding.

Mahaffey]. So the pendency of an attempted purchase by Elysium, and involvement by Blackstone therein, was clearly no secret to the parties throughout the period of January-March, 2009, yet the topic of the TRO *never came up*. Petitioning creditors attempt to make something sinister of the fact that the actual close of the transaction by E&B's transfer of funds occurred on the eve of a continued settlement conference ("MSC") April 1, 2009 in the Angus/Hunt litigation, which was scheduled to be attended by the trustee. But the court sees no particular import to this sequence of events since the trustee had been aware for at least two months before that Elysium was attempting to close a purchase of the XTO interest and that Blackstone (a party to the TRO) was involved. Certainly Elysium might have been concerned in practical terms that they faced a danger of losing the purchase at the MSC in favor of the trustee and so wired the funds at the last moment, but how this has any particular connection to the TRO is never adequately explained. Presumably, the petitioning creditors rely instead upon imputed notice of the TRO through Mr. Dodge who acted as attorney for E&B and Elysium (and one presumes the Blackstone/E&B joint venture) in initially negotiating and documenting the Purchase Agreement.

**D. Events Following the Close**

The Elysium/ E&B/Blackstone joint venture has apparently owned the other 50% of the Springfield Unit since April 1, 2009. Operations are being run by Bob Grayson's company under the direction of Mr. Lou Zylstra, apparently with permission of the Chapter 11 trustee of the parent debtor, James Joseph. The relationship between Angus and Elysium/E&B/Blackstone has apparently not been cordial. Petitioning creditors complain that as 50% owner Elysium/E&B/Blackstone should have by now made substantial capital

contributions to the running of the Springfield Unit, but have not done so as part of some deliberate effort to drive down the price of Angus' 50% interest, preliminary to some inevitable buy-out by Elysium. The evidence of this is conjectural but this lack of contribution has apparently prevented Angus from accumulating any significant cash. Petitioning creditors also complain in the same theme that a Blackstone member, Joyce Fahey, has engaged in a deliberate campaign to contact various government agencies in an effort to dig up dirt on Angus and cause a shut-down. As discussed below, this is similarly conjectural and, even if true, is probably privileged. The good news is that DOGGR has since rescinded its cap and fill order and the Springfield Unit has been in production for several months.

**E. The Oil Spill**

On the night of January 21, 2010, during very heavy rains, some 600-700 gallons of oil were mysteriously discharged from (or from near) the Springfield Unit site into the Huntington Beach storm channel leading to the Pacific Ocean. This incident is the subject of an ongoing investigation by the Coast Guard, EPA, Fish & Game and other authorities. If Angus is determined to be culpable, this may result in imposition of millions in clean-up cost reimbursement. The petitioning creditors, echoing the same theme as before, almost immediately alleged that this was an act of sabotage and accused Elysium/E&B/Blackstone and Messrs. Harris and Woolsey, as employed agents, of complicity in the spill; this belatedly was made part of the OSC. At the conclusion of the petitioning creditors' case the court was not persuaded that any clear explanation of the cause of the spill was given, much less as to who was responsible, and so dismissed this portion of the OSC as not proved.

## II. The OSC re Contempt

### A. Standard of Proof

"Although the availability of civil contempt sanctions under § 105(a) has a checkered past in our circuit, the recent precedent makes clear that this remedy is available." *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189-1190 (9th Cir. 2003) *citing Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir.2002); *Walls v. Wells Fargo Bank*, 276 F.3d 502, 507 (9th Cir.2002). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Knupfer*, 322 F. 3d at 1190-1191. So, the question becomes whether it has been shown by clear and convincing evidence that any of the alleged contemnors knowingly and willfully violated the TRO. Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps with the party's power to comply. *Go-Video, Inc. v. The Motion Picture Ass'n. of America (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F. 3d 693, 695 (9th Cir. 1993). This may involve the subsidiary question of whether the alleged contemnor operated under a good faith and reasonable interpretation of the order. *Id.*

### B. Was the TRO Vague?

The E&B parties and the Blackstone parties both argue that they should not be held liable because one must interpret the TRO narrowly, based on the doctrine *ejusdem generis.* [3] They argue that since the first three paragraphs of the TRO appear to focus only on the grant deed, the promissory note and trust deed, it is at least a fair interpretation under this canon of

[3] Translated from Latin as "of the same kind or class." A canon of construction that when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same type as those listed. Blacks Law Dictionary, Thomson West, 8th Ed. (2004).

construction that the far more general prohibition found in paragraph 4 of the TRO should be narrowly construed to mean only acts of a similar nature involving recording of a deed, trust deed, promissory note, etc. *See e.g. California State Legislative Bd. United Transp. Union v. Dept of Transportation*, 400 F. 3d 760, 763-64 (9th Cir. 2005); *Sperling v. White*, 30 F. Supp. 2d 1246, 1253 (C.D. Cal. 1998). The alleged contemnors point out that purchase of a third party's interest in the Springfield Unit is far afield of these narrow issues. There is much to say for this argument that the TRO should be construed in the context in which it was issued. It has the added benefit of avoiding a related argument of the alleged contemnors i.e. that absent such a limiting construction, the TRO at paragraph 4 becomes so very wide in its reach as to also become vague and ambiguous. The court agrees. The specificity requirement found at FED. R. CIV. PROC. 65(d) exists in part because of traditional notions of due process. In the United States of America our courts do not punish citizens unless they be given first a fair opportunity to comport themselves with the dictates of law. This means they must have fair notice of what the order requires them to do or not to do; they cannot be left to scratch their heads as to whether any particular conduct is enjoined or not. *See e.g Reno Air Racing Ass'n v. McCord*, 452 F. 3d 1126, 1132 (9th Cir. 2006).

The court agrees that paragraph 4, if not limited by the context in which the TRO was issued, is an extremely broad prohibition against anything "which has, or *foreseeably may have*, a material adverse effect on the assets and property of the South Coast Oil Corporation bankruptcy estate, which includes its shares in Angus." (Emphasis added). If not reasonably limited, for example, this could be read as meaning that the alleged contemnors could not file a plan, or even vote on a plan if someone is prepared to argue this "may have" an "adverse effect." Or, in the context of buying property, a wide interpretation taken to absurd levels could

be read to mean that Blackstone was effectively out of the oil business entirely in that it could not compete any time, anywhere for a production interest if Angus might be thought to have some interest in acquisition of the same property. Certainly the court agrees with the petitioning creditors' argument that the better course in such cases is to seek clarification from the court rather than blunder ahead and risk contempt. *See e.g. McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192-93 (1949); *Goya Foods, Inc. v. Wallack Management*, 290 F. 3d 63, 75-76 (1st Cir. 2002). But we do not have that set of facts. Instead, the court must evaluate whether in retrospect the alleged contemnors had adequate notice of what specifically was prohibited under the TRO and whether their conduct crossed the line. The court believes the TRO was too vague at its paragraph 4.

**C. Was Even a Narrower TRO violated?**

The court concludes not only did the alleged contemnors not have due process advance notice because of the vagueness of the TRO's paragraph 4, it is not clear that the conduct even crossed the line assuming any reasonable narrower construction of the language. One must remember what interest we are considering here. We do not speak of the shares of Angus because the estate already owns 100% and this did not change nor could it, nor of any alleged injury to the Springfield Unit production facility as that has remained the same before and after.[4] At most we speak of some rather vague expectancy of purchase by Angus of the other 50% owners' interest in the Springfield Unit. However, as to how real that is/was varies considerably upon one's perspective.

[4] Actually, one school of thought is that the Elysium/E&B/Blackstone purchase of the XTO interest benefitted Angus considerably since unlike Hunt the current owners appear to be interested in resuming full production and not in capping the wells.

The only expectancy that could be regarded as more than ethereal would have been the "first opportunity" rights arising under paragraph 16 of the 1989 Angus/Columbia Gas Agreement. But there are real problems with this as well. First, there is no evidence that any of the alleged contemnors had any prior knowledge of the existence of this provision. It seemed to have taken Mr. Ossentjuk by surprise and so it is a fair conclusion that none of E&B, Elysium or Blackstone had any prior reason to know of its existence either. So it cannot serve as an act of contempt to take action that arguably interfered with a completely unknown contractual right. Second, given the sequence of events as they unfolded in January, 2009, it is at best unclear to the court that Angus had any further rights under that paragraph 16 once Angus failed to respond after Mr. Ossentjuk's January 16, 2009 letter [Exhibit "SS"] within ten days or at all. Reliance on the January 12, 2009 letter from Angus signed by Mr. Mahaffey [Exhibit "PP"] to fulfill the contractual formula is problematic given his own reference therein to a response *after the initial 10-day notice is given*. Third, remember, the most that Angus had was a right to make an offer; the 90-day period was not an option to purchase, as is made objectively clear in the further text of paragraph 16. Therefore, XTO retained the absolute right to reject any such offer from Angus at any time, whether during the 90-day period or after, in favor of a better one. Given E&B's undoubted financial power, and the cash-starved position of Angus in January-March 2009, it is hard for the court to see how Angus had a legitimate expectation of anything on account of paragraph 16 of the 1989 Agreement at the April 1 MSC or otherwise. Even if one could argue that some kind of expectancy did exist, this is simply too ephemeral and doubtful to provide a basis for contempt. Clearly, the Chapter 11 trustee, James Joseph, thought so little of the interplay, if any, between the TRO and Angus' hope in gaining the XTO interest that the subject of the TRO was never brought up at all during the

January-March, 2009 time period even though he was in contact with both Elysium and Blackstone personnel.

**D. Did E&B Parties Receive Notice?**

In addition to the above, there is a profound question of whether as to the E&B/Elysium parties there is any basis whatsoever to find that notice of the TRO was given. The only possible basis appearing in the evidence is imputed notice by reason of the fact that Mr. Mark Dodge acted briefly as counsel for the joint venture. But this is unsatisfactory as a basis for a finding of contempt. Contempt is a serious matter and so the law requires that an alleged contemnor have *actual knowledge* of the order, not one imputed in law. *In re Franks*, 363 B.R. 839, 843 (Bankr. N.D. Ohio 2006); *Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 125 F.R.D. 144, 147 (N.D. Ill. 1989); *Slaiby v. Rassman (In re Slaiby)*, 73 B.R. 442, 444 (Bankr. D.N.H.1987).

**E. Joyce Fahey and the *Noerr-Pennington* Doctrine**

In the period after the sale of the XTO interest to the joint venture, petitioning creditors argue that Joyce Fahey at the behest of Blackstone undertook a campaign to dig up dirt on Angus with the purpose of convincing various government agencies and officials (some of whom she may have had prior relationships with) to close Angus down. Presumably, according to the petitioning creditors' theory, this was for the purpose of driving down the price of Angus so as to allow the joint venture to scoop up these valuable assets at a bargain. The problem here is there is little or no evidence that this is what happened. While Ms. Fahey freely admitted contacting some officials, the evidence did not show that she attempted to persuade

them to take action against Angus. It is equally plausible that her purpose was as she testified, to keep informed on behalf of the joint venture as to what was going on with the various government regulators who might have influence on the profitability of the Springfield Unit. But even if it were otherwise, the court very much doubts it could be a basis for a finding of contempt. Alleged contemnors correctly cite the *Noerr-Pennington*[5] doctrine which, even outside the anti-trust context, has been held to make petitioners of government or administrative agencies immune from civil liability for making those petitions. *See e.g. Oregon Natural Resources Council v. Mohla*, 944 F. 2d 531, 533-34 (9th Cir. 1991); *Sosa v. DIRECTV, Inc.*, 437 F. 3d 923, 942 (9th Cir. 2006). So, not only is it unclear that Ms. Fahey did anything that could reasonably be anticipated to have harmed the property interests of the estate, including Angus, within any reasonable meaning of the TRO, even if she had done so, it is likely such activity would have been privileged.

## II. The Motion for Terminating Sanctions

The court saw no further points and authorities from petitioning creditors on this subject. The court has reviewed the latest papers filed by the E&B parties including the transcript of Scott Hunter's February 17, 2011 deposition. The court accepts the explanation offered that documents E&B 2463-2464 and Exhibit 367 as produced did not represent some deliberate effort to obscure evidence by cut and paste, but rather was purely inadvertent. The position as stated by the E&B parties concerning their withholding Mr. Newhouse's emails to his clients was fully consistent with the court's July 16, 2010 order. On the somewhat more subtle

[5] This doctrine derives its name from two Supreme Court anti-trust cases *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965). It holds that on First Amendment grounds those who petition the government for redress of grievances cannot by reason thereof be held civilly liable.

question of whether the privilege might extend to communications that were part of a larger string of client emails, reportedly these were turned over in any case to petitioning creditors so it is unnecessary to further address this question. In sum, the court sees no basis upon which to impose any sanctions, let alone terminating sanctions.

## III. Conclusion

The court finds no violation of the TRO and no basis for a civil contempt; therefore, the OSC is discharged. Similarly, no basis is shown for imposition of discovery sanctions and so the motion for terminating sanction is denied. This statement shall serve as findings under Rule 52(a)(1). Respondents are to submit an order consistent with this statement.

###

DATED: May 16, 2011

Theodor C. Albert
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM:**

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4)** **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) STATEMENT OF DECISION ON OSC RE CONTEMPT AND ON MOTION FOR TERMINATING SANCTIONS was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 16, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

Category I (Served by the Court via Notice of Electronic Filing ("NEF").

Raymond H Aver ray@averlaw.com
Ron Bender rb@lnbrb.com
Frank Cadigan frank.cadigan@usdoj.gov
Cathrine M Castaldi ccastaldi@rusmiliband.com
Marcus Colabianchi mcolabianchi@thelenreid.com
Lei Lei Wang Ekvall lekvall@wgllp.com
Anthony A Friedman aaf@lnbrb.com
Philip A Gasteier pag@lnbrb.com
Brian L Holman b.holman@mpglaw.com
Robert E Huttenhoff rhuttenhoff@shbllp.com
James J Joseph KValbuena@dgdk.com, jjoseph@ecf.epiqsystems.com
Danelle G Kelling danelle.kelling@hro.com, raul.morales@hro.com
Stuart I Koenig Skoenig@cmkllp.com
David W Levene dwl@lnbrb.com
Marilyn H Levin marilyn.levin@doj.ca.gov
Douglas L Mahaffey dougm@mahaffeylaw.com, suzanne@mahaffeylaw.com;stephen@mahaffeylaw.com
Mark H Mcguire mmcguire@brownwhitelaw.com
Hutchison B Meltzer hmeltzer@wgllp.com
Kerry A Moynihan kerry.moynihan@hro.com
David M Poitras dpoitras@jmbm.com
Max E Rawn mrawn@richardsonpatel.com, bkdeptnef@richardsonpatel.com
Ronald Rus rrus@rusmiliband.com
Leonard M Shulman lshulman@shbllp.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Anne A Uyeda auyeda@bmkattorneys.com
David Weinstein david.weinstein@hro.com
Sharon Z Weiss sharon.weiss@hro.com

Category II (Served by Court via U.S. mail).

Roger S Hanson
1517 E 41st St
Santa Ana, CA 92701

George B Newhouse
Sydney M Mehringer
Brown White & Newhouse LLP
333 S Hope St 40th Fl
Los Angeles, CA 90071-1406

Edward O. Lear, Esq.
Century Law Group
5200 West Century Blvd, Suite 345
Los Angeles, CA 90045

Russell Petti
The Law Offices of Russell G. Petti
466 Foothill Blvd., #389
La Canada, CA 92011

Category III (To be served by the lodging party).

United States Bankruptcy Court
Central District of California

In re:
South Coast Oil Corporation
Debtor

Case No. 07-12994-TA
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0973-8 User: admin Page 1 of 2 Date Rcvd: May 16, 2011
Form ID: pdf031 Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 18, 2011.

```
db           +South Coast Oil Corporation,   21241 Ventura Blvd Ste 276,   Woodland Hills, CA 91364-2122
aty          +Edward O. Lear,   5200 West Century Blvd Ste 940,   Los Angeles, CA 90045-5928
aty          +Gary Shoffner,   Shoffner Law Firm,   410 W 4th St Second Fl,   Santa Ana, CA 92701-4505
aty          +George B Newhouse,   Brown White & Newhouse LLP,   333 S Hope St,   40th Fl,
               Los Angeles, CA 90071-1406
aty          +James E Mcnamara,   McNamara & McNamara,   14401 Sylavn St Ste 106,   Van Nuys, CA 91401-2656
aty          +John Quirk,   Bright and Brown Law,   550 N Brand Blvd Ste 2100,   Glendale, CA 91203-3384
aty          +Richard D Williams,   Kelly Lytton & Williams LLP,   1801 Century Park East Ste 1450,
               Los Angeles, CA 90067-2345
aty           Roger S Hanson,   1517 E 41st St,   Santa Ana, CA  92701
aty          +Russell G Petti,   Law Offices of Russell G Petti,   466 Foothill Blvd Ste 389,
               La Canada, CA 91011-3518
aty           Sydney M Mehringer,   Brown White & Newhouse LLP,   333 S Hope St 40th Fl,
               Los Angeles, CA  90071-1406
cr           +Angus Petroleum Corporation,   1901 California St,   Huntington Beach, CA 92648-3118
cr           +B. L. AUSTIN SANDERS,   413 4th St,   Manhattan Beach, CA 90266-6426
ptcrd         BG Operations LLC,   4004 S Enos Lane,   Bakersfield, CA  93314
cr           +Blackstone Oil & Gas, Inc.,   Attn: Mark Dodge,   28210 Dorothy Drive,
               Agoura Hills, CA 91301-2605
ptcrd        +Daniel Toe,   2355 Main Street,   Irvine, CA 92614-6260
ptcrd        +Don White,   1845 S W Dickenson,   Portland, OR 97219-9604
intp         +Ellen L Batzel,   27 Outrigger St #2,   Marina del Rey, CA 90292-6749
cr           +Guernsey Nominees Limited as Nominee for Kleinwort,   Thelen Reid & Priest LLP,
               101 Second St Ste 1800,   San Francisco, CA 94105-3659
fa           +Hahn Fife & Company,   22342 Avenida Empresa, #260,   R Sta Margarita, CA 92688-2141
cr            INTERNAL REVENUE SERVICE,   24000 Avila R., Insolv Grp 3, Mail 5503,   Laguna Niguel, CA  92677
stkhld       +John M. Wolfe,   5450 Trabuco Road,   Irvine, CA 92620-5704
ptcrd        +Joseph Palladino,   106 Olive Ave,   Huntington Beach, CA 92648-5136
cr           +Kaye, Rose & Partners LLP,   William J Tucker,   402 W Broadway Ste 1300,
               San Diego, CA 92101-8508
intp         +Merlin Michael Witte,   c/o McNamara & McNamara,   Attn James E McNamara,
               14401 Sylavn St Ste 106,   Van Nuys, CA 91401-2656
wit          +Musick, Peeler & Garrett, LLP,   Westlake Village,   2801 Townsgate Road,   Suite 200,
               Westlake Village, CA 91361-5842
cr           +RESCH POLSTER ALPERT & BERGER LLP,   9200 SUNSET BLVD 9TH FL,   LOS ANGELES, CA 90069-3607
cr           +Shulman Hodges & Bastian LLP,   26632 Towne Centre Dr, Ste 300,   Foothill Ranch, CA 92610-2814
cr           +Termo Company,   c/o Bright and Brown,   Attn John Quirk Esq,   550 N Brand Blvd Ste 2100,
               Glendale, CA 91203-3384
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
ptcrd         Alfred Joseph Palladino 1994 Trust
cr            BG Operations LLC
intp          Bob Grayson
cr            Camm Sublette
intp          Courtesy NEF
intp          Creditors' Comittees of Energy Development Corpora
cr            David Woolsey
cr            Department of Conservation, Division of Oil, Gas &
wit           Dept. of Fish and Game
intp          E&B Natural Resources Management, Inc.
cr            Edward Lear
cr            Elysium West LLC
intp          Elysium West, LLC
intp          Environmental Protection Agency
3pd           Francesco Galesi
cr            Fred L. Oliver
cr            George B Newhouse, Jr
cr            Irwin Howard Strom
cr            Janet Suljak
cr            Joellen I. Kitchen
cr            John Robert Deller
intp          Joyce Fahey
cr            Lou Zylstra
cr            Mark S Dodge
cr            Michael McKinley
crcm          Official Committee of Creditors Holding Unsecured
intr          Official Committee of Unsecured Creditors of the E
res           Raymond H. Aver
cr            Renee Michael Yost
intp          Roderick Bouyer
cr            Stephen Harris
```

District/off: 0973-8 User: admin Page 2 of 2 Date Rcvd: May 16, 2011
Form ID: pdf031 Total Noticed: 28

***** BYPASSED RECIPIENTS (continued) *****

cr Steven Sogard
cr The Deller Living Trust
aty ##+Edward O. Lear, Century Law Group, 5200 West Century Blvd Ste 940, Los Angeles, CA 90045-5928
intp ##+Bradley Brook, Law Offices of Bradley Brook, 523 W. Sixth Street, Suite 215, Los Angeles, CA 90014-1240

TOTALS: 33, * 0, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 18, 2011** **Signature:** Joseph Speetjens

EXHIBIT "4"

| CASE SUMMARY | | | | |
|---|---|---|---|---|
| Case No. | Case Title | Case Type | Filing Date | Category |
| 30-2009-00122075-CU-CL-CXC | BG OPERATIONS, LLC VS. XTO OFFSHORE, INC | OTHER COLLECTIONS | 04/24/2009 | CIVIL - UNLIMITED |

**Participants**

Results 1 - 36 of 36

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| JOYCE K FAHEY | CROSS - DEFENDANT | | 02/23/2011 | |
| GIBSON DUNN & CRUTCHER LLP | ATTORNEY | | 06/06/2011 | |
| XTO OFFSHORE, INC | CROSS - COMPLAINANT | | 02/10/2011 | |
| ANGUS PETROLEUM CORPORATION | CROSS - COMPLAINANT | | 06/15/2010 | |
| BG OPERATIONS, LLC | PLAINTIFF | | 04/24/2009 | |
| XTO OFFSHORE, INC | CROSS - DEFENDANT | | 06/15/2010 | |
| XTO OFFSHORE, INC | DEFENDANT | | 04/24/2009 | |
| BLACKSTONE OIL & GAS, INC. | CROSS - DEFENDANT | | 04/07/2011 | |
| STEVEN J SOGARD | CROSS - DEFENDANT | | 02/23/2011 | |
| MARK S. DODGE | INTERESTED PARTY | | 02/15/2011 | |
| BG OPERATIONS, LLC | REAL PARTY IN INTEREST (RPII) | | 05/26/2011 | |
| ELYSIUM WEST LLC | CROSS - COMPLAINANT | | 07/26/2010 | |
| E&B NATURAL RESOURCE MANAGEMENT CORPOR | CROSS - DEFENDANT | | 02/23/2011 | |
| STEVEN J. SOGARD | INTERESTED PARTY | | 02/15/2011 | |
| ELYSIUM WEST LLC | DEFENDANT | | 07/08/2010 | |
| XTO OFFSHORE, INC. | CROSS - DEFENDANT | | 07/09/2010 | |
| BG OPERATIONS, LLC | CROSS - DEFENDANT | | 06/11/2010 | |
| ELYSIUM WEST LLC | RESPONDENT ON APPEAL | | 07/06/2010 | |
| ANGUS PETROLEUM CORPORATION | CROSS - DEFENDANT | | 06/26/2009 | |
| E & B NATURAL RESOURCES MANAGEMENT CO | RESPONDENT ON APPEAL | | 07/06/2010 | |
| EDWARD O. LEAR | CROSS - DEFENDANT | | 02/23/2011 | |
| FRANCESCO GALESI | INTERESTED PARTY | | 02/15/2011 | |
| STEVE LAYTON | INTERESTED PARTY | | 02/15/2011 | |
| ELYSIUM WEST LLC | CROSS - DEFENDANT | | 06/15/2010 | |
| ANGUS PETROLEUM CORPORATION | APPELLANT | | 07/06/2010 | |
| BROWN WHITE & NEWHOUSE LLP | ATTORNEY | | 10/30/2009 | |
| XTO OFFSHORE, INC. | RESPONDENT ON APPEAL | | 07/06/2010 | |
| FRANCESCO GALESI | CROSS - DEFENDANT | | 02/23/2011 | |
| MARK S DODGE | CROSS - DEFENDANT | | 02/23/2011 | |
| CENTURY LAW GROUP LLP | ATTORNEY | | 03/08/2011 | |
| ELYSIUM WEST LLC | REAL PARTY IN INTEREST (RPII) | | 06/05/2009 | |
| E & B NATURAL RESOURCES MANAGEMENT CO | CROSS - DEFENDANT | | 07/09/2010 | |
| E & B NATURAL RESOURCES MANAGEMENT CO | DEFENDANT | | 08/25/2009 | |
| BLACKSTONE OIL & GAS, INC. | DEFENDANT | | 08/25/2009 | |

| | | |
|---|---|---|
| DOE JOINT VENTURE | DEFENDANT | 08/25/2009 |
| MAHAFFEY & ASSOCIATES | ATTORNEY | 04/24/2009 |

## Hearings

Results 1 - 3 of 3

| Event | Scheduled Date | Start Time | Dept | Judge |
|---|---|---|---|---|
| MANDATORY SETTLEMENT CONFERENCE | 09/23/2011 | 10:30 | CX104 | DUNNING |
| MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION | 09/23/2011 | 10:30 | CX104 | DUNNING |
| MOTION TO QUASH SUBPOENA | 09/23/2011 | 10:30 | CX104 | DUNNING |

## Register of Actions

Results 1 - 476 of 476

| ROA # | Add to Cart | +/- | Docket Entry | Filing Date | Pages |
|---|---|---|---|---|---|
| 478 | | | APPEAL - OTHER (SUBSTITUTION OF COUNSEL) FILED BY ANGUS PETROLEUM CORPORATION ON 07/26/2011 | 07/26/2011 | 4 |
| 477 | | | SUBSTITUTION OF ATTORNEY FILED BY ANGUS PETROLEUM CORPORATION ON 06/03/2011 | 06/03/2011 | 2 |
| 476 | | | E-FILING TRANSACTION 243358 RECEIVED ON 06/03/2011 12:13:27 PM. | 06/06/2011 | |
| 475 | | | REQUEST FOR JUDICIAL NOTICE FILED BY ANGUS PETROLEUM CORPORATION ON 05/31/2011 | 05/31/2011 | 33 |
| 474 | | | OPPOSITION (TO EX PARTE APPLICATION FOR ORDER TO REMOVE COUNSEL) FILED BY ANGUS PETROLEUM CORPORATION ON 05/31/2011 | 05/31/2011 | 26 |
| 473 | | | MINUTES FINALIZED FOR EX PARTE 2011-05-31 13:30:00.0. | 05/31/2011 | 3 |
| 472 | | | MINUTES FINALIZED FOR JOINDER 2011-05-31 13:30:00.0. | 05/31/2011 | |
| 471 | | | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION CONTINUED TO 09/23/2011 AT 10:30 AM IN THIS DEPARTMENT. | 05/31/2011 | |
| 470 | | | MOTION TO QUASH SUBPOENA CONTINUED TO 09/23/2011 AT 10:30 AM IN THIS DEPARTMENT. | 05/31/2011 | |
| 469 | | | MANDATORY SETTLEMENT CONFERENCE CONTINUED TO 09/23/2011 AT 10:30 AM IN THIS DEPARTMENT. | 05/31/2011 | |
| 468 | | | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION SCHEDULED FOR 09/23/2011 AT 10:30:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/31/2011 | |
| 467 | | | MOTION TO QUASH SUBPOENA SCHEDULED FOR 09/23/2011 AT 10:30:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/31/2011 | |
| 466 | | | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 09/23/2011 AT 10:30:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/31/2011 | |
| 465 | | | PROPOSED ORDER RECEIVED ON 05/31/2011. | 05/31/2011 | 5 |
| 464 | | | DECLARATION IN SUPPORT (2ND DECLARATION OF JAMES J. JOSEPH RE EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/31/2011 | 05/31/2011 | 7 |
| 463 | | | DECLARATION IN SUPPORT (OF THOMAS M. STOY RE EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/31/2011 | 05/31/2011 | 3 |
| 462 | | | DECLARATION IN SUPPORT (OF RICHARD A. DEREVAN RE EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/31/2011 | 05/31/2011 | 4 |
| 461 | | | DECLARATION IN SUPPORT (OF LOUIS P. ZYLSTRA JR. RE EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM | 05/31/2011 | 92 |

| | | | | | |
|---|---|---|---|---|---|
| | | | CORPORATION ON 05/31/2011 | | |
| 460 | ☐ | ⊞ | SUPPLEMENTAL (SUBMISSION OF ADDITIONAL DOCUMENTS IN SUPPORT OF EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/31/2011 | 05/31/2011 | 5 |
| 459 | | | E-FILING TRANSACTION 242708 RECEIVED ON 05/31/2011 09:43:04 AM. | 05/31/2011 | |
| 458 | ☐ | | STIPULATION TO COURT APPOINTED TEMPORARY JUDGE | 05/26/2011 | 1 |
| 457 | ☐ | | MINUTES FINALIZED FOR MULTIPLE EVENTS 05/26/2011 01:30:00 PM. | 05/26/2011 | 2 |
| 456 | | | MANDATORY SETTLEMENT CONFERENCE CONTINUED TO 09/16/2011 AT 01:30 PM IN THIS DEPARTMENT. | 05/26/2011 | |
| 455 | | | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION CONTINUED TO 09/16/2011 AT 10:00 AM IN THIS DEPARTMENT. | 05/26/2011 | |
| 454 | | | MOTION TO QUASH SUBPOENA CONTINUED TO 09/16/2011 AT 10:00 AM IN THIS DEPARTMENT. | 05/26/2011 | |
| 453 | | | JOINDER CONTINUED TO 05/31/2011 AT 01:30 PM IN THIS DEPARTMENT. | 05/26/2011 | |
| 452 | | | EX PARTE CONTINUED TO 05/31/2011 AT 01:30 PM IN THIS DEPARTMENT. | 05/26/2011 | |
| 451 | | | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 09/16/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/26/2011 | |
| 450 | | | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION SCHEDULED FOR 09/16/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/26/2011 | |
| 449 | | | MOTION TO QUASH SUBPOENA SCHEDULED FOR 09/16/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/26/2011 | |
| 448 | | | JOINDER SCHEDULED FOR 05/31/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/26/2011 | |
| 447 | | | EX PARTE SCHEDULED FOR 05/31/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/26/2011 | |
| 446 | ☐ | ⊞ | OPPOSITION (TO EX PARTE) FILED BY BG OPERATIONS, LLC ON 05/26/2011 | 05/26/2011 | 52 |
| 445 | | | E-FILING TRANSACTION 242338 RECEIVED ON 05/26/2011 12:49:39 PM. | 05/26/2011 | |
| 444 | ☐ | | PROPOSED ORDER RECEIVED ON 05/25/2011. | 05/25/2011 | 3 |
| 443 | ☐ | ⊞ | DECLARATION IN SUPPORT (OF LOUIS P. ZYLSTRA JR. IN SUPPORT OF EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/25/2011 | 05/25/2011 | 5 |
| 442 | | | E-FILING TRANSACTION 13351 RECEIVED ON 05/25/2011 04:07:27 PM. | 05/25/2011 | |
| 441 | | | JOINDER SCHEDULED FOR 05/26/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/25/2011 | |
| 440 | ☐ | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER 10914224 AND RECEIPT NUMBER 10738116. | 05/25/2011 | 1 |
| 439 | ☐ | ⊞ | MOTION FOR JOINDER FILED BY ELYSIUM WEST LLC ON 05/25/2011 | 05/25/2011 | 3 |
| 438 | | | E-FILING TRANSACTION 242201 RECEIVED ON 05/25/2011 03:15:18 PM. | 05/25/2011 | |
| 437 | | | EX PARTE SCHEDULED FOR 05/26/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/25/2011 | |
| 436 | ☐ | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, | 05/25/2011 | 1 |

| | | | | | |
|---|---|---|---|---|---|
| | | | TRANSACTION NUMBER 10914104 AND RECEIPT NUMBER 10737996. | | |
| 435 | ☐ | ▤ | DECLARATION RE: EX-PARTE NOTICE (OF LINDA D. LAM IN SUPPORT OF EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/25/2011 | 05/25/2011 | 29 |
| 434 | ☐ | ▤ | DECLARATION IN SUPPORT (OF JAMES J. JOSEPH IN SUPPORT OF EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/25/2011 | 05/25/2011 | 23 |
| 433 | ☐ | ▤ | DECLARATION IN SUPPORT (OF LOUIS P. ZYLSTRA JR. IN SUPPORT OF EXPARTE APPLICATION) FILED BY ANGUS PETROLEUM CORPORATION ON 05/25/2011 | 05/25/2011 | 5 |
| 432 | ☐ | ▤ | DECLARATION - OTHER (OF LINDA D. LAM IN SUPPORT OF EXPARTE APPLICATION FOR ORDER TO REMOVE COUNSEL) FILED BY ANGUS PETROLEUM CORPORATION ON 05/25/2011 | 05/25/2011 | 5 |
| 431 | ☐ | ▤ | EX PARTE APPLICATION - OTHER (FOR ORDER TO REMOVE COUNSEL & TO CONTINUE MSC) FILED BY ANGUS PETROLEUM CORPORATION ON 05/25/2011 | 05/25/2011 | 12 |
| 430 | | | E-FILING TRANSACTION 242196 RECEIVED ON 05/25/2011 03:02:34 PM. | 05/25/2011 | |
| 429 | ☐ | | REMITTITUR G044500 | 05/18/2011 | 4 |
| 428 | ☐ | | ORDER G044500 | 05/17/2011 | 2 |
| 427 | ☐ | | MINUTES FINALIZED FOR MULTIPLE EVENTS 05/06/2011 10:00:00 AM. | 05/06/2011 | 3 |
| 426 | | | MANDATORY SETTLEMENT CONFERENCE CONTINUED TO 05/31/2011 AT 01:30 PM IN THIS DEPARTMENT. | 05/06/2011 | |
| 425 | | | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION CONTINUED TO 05/31/2011 AT 01:30 PM IN THIS DEPARTMENT. | 05/06/2011 | |
| 424 | | | MOTION TO QUASH SUBPOENA CONTINUED TO 05/31/2011 AT 01:30 PM IN THIS DEPARTMENT. | 05/06/2011 | |
| 423 | | | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 05/31/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/06/2011 | |
| 422 | | | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION SCHEDULED FOR 05/31/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/06/2011 | |
| 421 | | | MOTION TO QUASH SUBPOENA SCHEDULED FOR 05/31/2011 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 05/06/2011 | |
| 420 | ☐ | ▤ | STATEMENT - OTHER (JOINT REPORT RE MOTION) FILED BY SOGARD, STEVEN J ON 05/05/2011 | 05/05/2011 | 36 |
| 419 | | | E-FILING TRANSACTION 12708 RECEIVED ON 05/05/2011 10:36:00 AM. | 05/06/2011 | |
| 418 | ☐ | ▤ | OPPOSITION (CORRECTED OPPOSITION TO SEPARATE STATEMENT RE MOTION FOR SUMMARY JUDGMENT) FILED BY ANGUS PETROLEUM CORPORATION ON 05/04/2011 | 05/04/2011 | 45 |
| 417 | ☐ | ▤ | RESPONSE (RESPONSE TO OBJECTIONS) FILED BY ANGUS PETROLEUM CORPORATION ON 05/04/2011 | 05/04/2011 | 15 |
| 416 | ☐ | ▤ | NOTICE - OTHER (OF ERRATA OF LODGING MISSING EXHIBIT 19 & CORRECTION OF TYPOGRAPHICAL ERRORS) FILED BY ANGUS PETROLEUM CORPORATION ON 05/04/2011 | 05/04/2011 | 4 |
| 415 | ☐ | ▤ | DECLARATION - OTHER (OF DOUGLAS L. MAHAFFEY RE OMITTED EXHIBIT 19 & CORRECTED SEPARATE STATEMENT) FILED BY ANGUS PETROLEUM CORPORATION ON 05/04/2011 | 05/04/2011 | 6 |
| 414 | ☐ | ▤ | SUPPLEMENTAL (REQUEST FOR JUDICIAL NOTICE & REPLY RE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT) FILED BY ANGUS PETROLEUM CORPORATION ON 05/04/2011 | 05/04/2011 | 54 |
| | | | E-FILING TRANSACTION 239008 RECEIVED ON 05/04/2011 | | |

| | | | | | |
|---|---|---|---|---|---|
| 413 | | | 03:33:07 PM. | 05/04/2011 | |
| 412 | ☐ | | STATUS CONFERENCE STATEMENT FILED BY ANGUS PETROLEUM CORPORATION ON 05/04/2011 | 05/04/2011 | 7 |
| 411 | | | E-FILING TRANSACTION 238850 RECEIVED ON 05/04/2011 08:52:31 AM. | 05/04/2011 | |
| 410 | | | MANDATORY SETTLEMENT CONFERENCE STATEMENT RECEIVED RECEIVED ON 04/29/2011. | 04/29/2011 | N/V |
| 409 | | | E-FILING TRANSACTION 238407 RECEIVED ON 04/29/2011 04:51:13 PM. | 05/02/2011 | |
| 408 | ☐ | | ORDER - OTHER ((PROPOSED)) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 04/29/2011 | 04/29/2011 | 5 |
| 407 | ☐ | | OBJECTION (TO REQUEST FOR JUDICIAL NOTICE) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 04/29/2011 | 04/29/2011 | 6 |
| 406 | ☐ | | ORDER - OTHER ((PROPOSED)) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 04/29/2011 | 04/29/2011 | 9 |
| 405 | ☐ | | OBJECTION (EVIDENTIARY OBJECTIONS TO DECLARATION) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 04/29/2011 | 04/29/2011 | 11 |
| 404 | ☐ | | REPLY TO OPPOSITION FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 04/29/2011 | 04/29/2011 | 60 |
| 403 | ☐ | | REPLY TO MOTION (IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 04/29/2011 | 04/29/2011 | 13 |
| 402 | ☐ | | STATUS CONFERENCE STATEMENT FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 04/29/2011 | 04/29/2011 | 6 |
| 401 | | | E-FILING TRANSACTION 238398 RECEIVED ON 04/29/2011 04:28:06 PM. | 05/02/2011 | |
| 400 | ☐ | | DOCUMENT - OTHER (APPENDIX OF SWORN TESTIMONY) FILED BY ANGUS PETROLEUM CORPORATION ON 04/25/2011 | 04/25/2011 | 40 |
| 399 | ☐ | | APPENDIX OF AUTHORITIES FILED BY ANGUS PETROLEUM CORPORATION ON 04/25/2011 | 04/25/2011 | 56 |
| 398 | ☐ | | DECLARATION IN SUPPORT (OF MOTION FOR SUMMARY JUDGMENT BY DOUGLAS MAHAFFEY) FILED BY ANGUS PETROLEUM CORPORATION ON 04/25/2011 | 04/25/2011 | 101 |
| 397 | ☐ | | REQUEST FOR JUDICIAL NOTICE FILED BY ANGUS PETROLEUM CORPORATION ON 04/25/2011 | 04/25/2011 | 195 |
| 396 | ☐ | | OPPOSITION (TO SEPARATE STATMENT) FILED BY ANGUS PETROLEUM CORPORATION ON 04/25/2011 | 04/25/2011 | 45 |
| 395 | ☐ | | OPPOSITION (TO MOTION FOR SUMMARY JUDGMENT) FILED BY ANGUS PETROLEUM CORPORATION ON 04/25/2011 | 04/25/2011 | 31 |
| 394 | | | E-FILING TRANSACTION 12358 RECEIVED ON 04/25/2011 04:21:05 PM. | 04/26/2011 | |
| 393 | ☐ | | MINUTES FINALIZED FOR MOTION TO QUASH SUBPOENA 04/22/2011 11:00:00 AM. | 04/22/2011 | 1 |
| 392 | | | MOTION TO QUASH SUBPOENA CONTINUED TO 05/06/2011 AT 10:00 AM IN THIS DEPARTMENT. | 04/22/2011 | |
| 391 | | | MOTION TO QUASH SUBPOENA SCHEDULED FOR 05/06/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/22/2011 | |
| 390 | ☐ | | DOCUMENT - OTHER (STATUS REPORT AND STIPULATION RE HEARING) FILED BY GALESI, FRANCESCO; DODGE, MARK S; FAHEY, JOYCE K; SOGARD, STEVEN J; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; XTO OFFSHORE, INC.; E&B NATURAL RESOURCE MANAGEMENT CORPORATION ON 04/21/2011 | 04/21/2011 | 5 |
| 389 | | | E-FILING TRANSACTION 237059 RECEIVED ON 04/20/2011 05:25:43 PM. | 04/21/2011 | |
| 388 | ☐ | | REMITTITUR G043879 | 04/18/2011 | 4 |

| | | | | | |
|---|---|---|---|---|---|
| 387 | ☐ | ▤ | APPEAL - OTHER (REQUEST FOR DISMISSAL OF APPEAL) FILED BY ANGUS PETROLEUM CORPORATION ON 04/19/2011 | 04/19/2011 | 4 |
| 386 | ☐ | | PROPOSED ORDER RECEIVED ON 04/14/2011. | 04/14/2011 | 4 |
| 385 | ☐ | ▤ | APPLICATION - OTHER (FOR ENTRY OF JUDGMENT, AMENDED) FILED BY GALESI, FRANCESCO; DODGE, MARK S; FAHEY, JOYCE K; SOGARD, STEVEN J; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; XTO OFFSHORE, INC. ON 04/14/2011 | 04/14/2011 | 4 |
| 384 | | | E-FILING TRANSACTION 236151 RECEIVED ON 04/14/2011 09:52:06 AM. | 04/14/2011 | |
| 383 | ☐ | | MINUTES FINALIZED FOR MULTIPLE EVENTS 04/08/2011 10:00:00 AM. | 04/08/2011 | 2 |
| 382 | | | MOTION TO QUASH SUBPOENA CONTINUED TO 04/22/2011 AT 11:00 AM IN THIS DEPARTMENT. | 04/08/2011 | |
| 381 | | | MOTION TO QUASH SUBPOENA SCHEDULED FOR 04/22/2011 AT 11:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/08/2011 | |
| 380 | ☐ | ▤ | MEMORANDUM OF COSTS (SUMMARY) FILED BY GALESI, FRANCESCO; DODGE, MARK S; FAHEY, JOYCE K; SOGARD, STEVEN J; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; BLACKSTONE OIL & GAS, INC. ON 04/06/2011 | 04/06/2011 | 6 |
| 379 | ☐ | | JUDGMENT (PROPOSED) RECEIVED ON 04/06/2011. | 04/06/2011 | 4 |
| 378 | ☐ | ▤ | APPLICATION - OTHER (FOR ENTRY OF JUDGMENT) FILED BY GALESI, FRANCESCO; DODGE, MARK S; FAHEY, JOYCE K; SOGARD, STEVEN J; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; BLACKSTONE OIL & GAS, INC. ON 04/06/2011 | 04/06/2011 | 11 |
| 377 | | | E-FILING TRANSACTION 235075 RECEIVED ON 04/06/2011 11:12:07 AM. | 04/07/2011 | |
| 376 | ☐ | ▤ | NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE FILED BY ANGUS PETROLEUM CORPORATION ON 04/06/2011 | 04/06/2011 | 3 |
| 375 | ☐ | ▤ | NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE FILED BY ANGUS PETROLEUM CORPORATION ON 04/06/2011 | 04/06/2011 | 3 |
| 374 | ☐ | ▤ | NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE FILED BY ANGUS PETROLEUM CORPORATION ON 04/06/2011 | 04/06/2011 | 3 |
| 373 | ☐ | ▤ | NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE FILED BY ANGUS PETROLEUM CORPORATION ON 04/06/2011 | 04/06/2011 | 3 |
| 372 | ☐ | ▤ | NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE FILED BY ANGUS PETROLEUM CORPORATION ON 04/06/2011 | 04/06/2011 | 3 |
| 371 | ☐ | ▤ | NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE FILED BY ANGUS PETROLEUM CORPORATION ON 04/06/2011 | 04/06/2011 | 3 |
| 370 | ☐ | ▤ | NOTICE - OTHER (OF TAKING MOTION TO STRIKE ROE AMENDMENT OFF CALENDAR) FILED BY GALESI, FRANCESCO; DODGE, MARK S; FAHEY, JOYCE K; SOGARD, STEVEN J; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 04/01/2011 | 04/01/2011 | 3 |
| 369 | | | E-FILING TRANSACTION 234504 RECEIVED ON 04/01/2011 09:24:41 AM. | 04/05/2011 | |
| 368 | ☐ | ▤ | REPLY - OTHER (IN SUPPORT) FILED BY SOGARD, STEVEN J ON 04/01/2011 | 04/01/2011 | 9 |
| 367 | | | E-FILING TRANSACTION 11558 RECEIVED ON 04/01/2011 12:42:28 PM. | 04/01/2011 | |
| 366 | ☐ | ▤ | OPPOSITION (TO MOTION) FILED BY ANGUS PETROLEUM CORPORATION ON 03/29/2011 | 03/29/2011 | 35 |
| 365 | ☐ | ▤ | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 2 |
| 364 | ☐ | ▤ | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED | 03/25/2011 | 2 |

| | | | | | |
|---|---|---|---|---|---|
| | | | BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | | |
| 363 | | | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 2 |
| 362 | | | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 2 |
| 361 | | | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 2 |
| 360 | | | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 2 |
| 359 | | | NOTICE - OTHER (OF WITHDRAWAL OF DEPOSITION SUBPOENAS) FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 4 |
| 358 | | | OPPOSITION (TO MOTION TO QUASH) FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 39 |
| 357 | | | OPPOSITION (TO SEPARATE STATEMENT) FILED BY ANGUS PETROLEUM CORPORATION ON 03/25/2011 | 03/25/2011 | 10 |
| 356 | | | MINUTES FINALIZED FOR MOTION TO QUASH SUBPOENA 03/11/2011 10:00:00 AM. | 03/11/2011 | 1 |
| 355 | | | MOTION TO QUASH SUBPOENA CONTINUED TO 04/08/2011 AT 10:00 AM IN THIS DEPARTMENT. | 03/11/2011 | |
| 354 | | | MOTION TO QUASH SUBPOENA SCHEDULED FOR 04/08/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 03/11/2011 | |
| 353 | | | MINUTES FINALIZED FOR STATUS CONFERENCE 03/10/2011 02:00:00 PM. | 03/11/2011 | 1 |
| 351 | | | THE MANDATORY SETTLEMENT CONFERENCE IS SCHEDULED FOR 05/06/2011 AT 10:00 AM IN DEPARTMENT CXC 104. | 03/10/2011 | |
| 350 | | | STATUS CONFERENCE CONTINUED TO 05/06/2011 AT 10:00 AM IN THIS DEPARTMENT. | 03/10/2011 | |
| 348 | | | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 05/06/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 03/10/2011 | |
| 347 | | | STATUS CONFERENCE SCHEDULED FOR 05/06/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 03/10/2011 | |
| 346 | | | JOINDER SCHEDULED FOR 04/08/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 03/10/2011 | |
| 345 | | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 167 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 10852532 AND RECEIPT NUMBER 10676424. | 03/10/2011 | 1 |
| 344 | | | MOTION FOR JOINDER FILED BY LEAR, EDWARD O. ON 03/09/2011 | 03/09/2011 | 3 |
| 343 | | | E-FILING TRANSACTION 231447 RECEIVED ON 03/08/2011 05:39:04 PM. | 03/10/2011 | |
| 342 | | | PAYMENT RECEIVED BY FOR 37 - MOTION/NOTICE TO CONTINUE HEARING OR CMC IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 10851252 AND RECEIPT NUMBER 10675144. | 03/08/2011 | 1 |
| 341 | | | NOTICE OF CONTINUANCE FILED BY GALESI, FRANCESCO; LAYTON, STEVE; DODGE, MARK S; FAHEY, JOYCE K ON 03/07/2011 | 03/07/2011 | 3 |
| 340 | | | E-FILING TRANSACTION 231196 RECEIVED ON 03/07/2011 03:34:28 PM. | 03/08/2011 | |
| 339 | | | STATUS CONFERENCE STATEMENT FILED BY GALESI, FRANCESCO; DODGE, MARK S; FAHEY, JOYCE K; SOGARD, STEVEN J; ELYSIUM WEST LLC; XTO OFFSHORE, INC.; E&B NATURAL RESOURCE MANAGEMENT CORPORATION ON 03/04/2011 | 03/04/2011 | 8 |

| | | | | | |
|---|---|---|---|---|---|
| 338 | | | E-FILING TRANSACTION 230859 RECEIVED ON 03/03/2011 05:02:09 PM. | 03/07/2011 | |
| 337 | | | MOTION TO STRIKE SCHEDULED FOR 04/08/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 03/02/2011 | |
| 336 | | | PAYMENT RECEIVED BY FOR 167 - ANSWER OR OTHER 1ST PAPER, 35 - COMPLEX CASE FEE - RESPONSE, 167 - ANSWER OR OTHER 1ST PAPER, 35 - COMPLEX CASE FEE - RESPONSE, 167 - ANSWER OR OTHER 1ST PAPER, 35 - COMPLEX CASE FEE - RESPONSE, IN THE AMOUNT OF 3,820.00, TRANSACTION NUMBER 10846134 AND RECEIPT NUMBER 10670026. | 03/02/2011 | 1 |
| 335 | | | MOTION TO STRIKE FILED BY GALESI, FRANCESCO; DODGE, MARK S; FAHEY, JOYCE K; SOGARD, STEVEN J; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 03/01/2011 | 03/01/2011 | 60 |
| 334 | | | E-FILING TRANSACTION 230363 RECEIVED ON 03/01/2011 02:31:50 PM. | 03/02/2011 | |
| 333 | | | AMENDMENT TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 02/22/2011 | 02/22/2011 | 1 |
| 332 | | | AMENDMENT TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 02/22/2011 | 02/22/2011 | 1 |
| 331 | | | AMENDMENT TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 02/22/2011 | 02/22/2011 | 1 |
| 330 | | | AMENDMENT TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 02/22/2011 | 02/22/2011 | 1 |
| 329 | | | AMENDMENT TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 02/22/2011 | 02/22/2011 | 1 |
| 328 | | | AMENDMENT TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 02/22/2011 | 02/22/2011 | 1 |
| 327 | | | MOTION TO QUASH SUBPOENA SCHEDULED FOR 03/11/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 02/15/2011 | |
| 326 | | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER 10836177 AND RECEIPT NUMBER 10660069. | 02/15/2011 | 1 |
| 325 | | | SEPARATE STATEMENT FILED BY GALESI, FRANCESCO; LAYTON, STEVE; DODGE, MARK S.; SOGARD, STEVEN J. ON 02/15/2011 | 02/15/2011 | 65 |
| 324 | | | MOTION TO QUASH SUBPOENA FILED BY GALESI, FRANCESCO; LAYTON, STEVE; DODGE, MARK S.; SOGARD, STEVEN J. ON 02/15/2011 | 02/15/2011 | 92 |
| 323 | | | E-FILING TRANSACTION 228389 RECEIVED ON 02/14/2011 05:01:55 PM. | 02/15/2011 | |
| 322 | | | REQUEST FOR DISMISSAL (1ST,2ND,4TH,5TH,6TH & 7TH COA DISMISSED WITHOUT PREJUDICE) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 02/09/2011 | 02/09/2011 | 3 |
| 321 | | | E-FILING TRANSACTION 227714 RECEIVED ON 02/09/2011 12:29:29 PM. | 02/10/2011 | |
| 320 | | | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION SCHEDULED FOR 05/06/2011 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 02/09/2011 | |
| 319 | | | PAYMENT RECEIVED BY FOR 38 - MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION IN THE AMOUNT OF 500.00, TRANSACTION NUMBER 10832063 AND RECEIPT NUMBER 10655955. | 02/09/2011 | 1 |
| 318 | | | DECLARATION IN SUPPORT (BY DAVID A. OSSENTJUK AND MARK S. DODGE) FILED BY XTO OFFSHORE, INC. ON 02/08/2011 | 02/08/2011 | 212 |
| 317 | | | APPENDIX OF AUTHORITIES FILED BY XTO OFFSHORE, INC. ON 02/08/2011 | 02/08/2011 | 50 |

| | | |
|---|---|---|---|
| 316 | SEPARATE STATEMENT (IN SUPPORT) FILED BY XTO OFFSHORE, INC. ON 02/08/2011 | 02/08/2011 | 31 |
| 315 | MOTION FOR SUMMARY JUDGMENT/ADJUDICATION FILED BY XTO OFFSHORE, INC. ON 02/08/2011 | 02/08/2011 | 27 |
| 314 | E-FILING TRANSACTION 227510 RECEIVED ON 02/08/2011 11:17:28 AM. | 02/09/2011 | |
| 313 | DISBURSEMENT ON TRUST 265387 TO MAHAFFEY & ASSOCIATES, PLC ISSUED IN THE AMOUNT OF 265.50 DUE TO OTHER. | 01/03/2011 | |
| 312 | DISBURSEMENT FOR MAHAFFEY & ASSOCIATES, PLC ISSUED ON 12/30/2010 WAS CANCELED DUE TO OTHER | 01/03/2011 | |
| 311 | DISBURSEMENT ON TRUST 265387 TO MAHAFFEY & ASSOCIATES, PLC ISSUED IN THE AMOUNT OF 265.50 DUE TO OTHER. | 12/30/2010 | |
| 310 | NOTICE - OTHER (NOTICE OF MAILING REGISTER OF ACTIONS) FILED BY THE SUPERIOR COURT OF ORANGE ON 12/10/2010 | 12/10/2010 | 1 |
| 309 | PAYMENT RECEIVED BY FOR 224 - REPORTER'S TRANSCRIPT IN THE AMOUNT OF 59.50, TRANSACTION NUMBER 10791846 AND RECEIPT NUMBER 10615738. | 12/13/2010 | 1 |
| 308 | MINUTES FINALIZED FOR STATUS CONFERENCE 12/09/2010 02:00:00 PM. | 12/10/2010 | 1 |
| 307 | THE STATUS CONFERENCE IS SCHEDULED FOR 03/10/2011 AT 02:00 PM IN DEPARTMENT CX104. | 12/09/2010 | |
| 306 | THE JURY TRIAL IS SCHEDULED FOR 07/18/2011 AT 09:30 AM IN DEPARTMENT CX104. | 12/09/2010 | |
| 305 | STATUS CONFERENCE SCHEDULED FOR 03/10/2011 AT 02:00:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 12/09/2010 | |
| 304 | JURY TRIAL SCHEDULED FOR 07/18/2011 AT 09:30:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 12/09/2010 | |
| 303 | NOTICE - OTHER (NOTICE OF ELECTION TO PROCEED BY CRC RULE 8.124 W/NO REPORTER'S TRANSCRIPT) FILED BY THE SUPERIOR COURT OF ORANGE ON 12/10/2010 | 12/10/2010 | 1 |
| 302 | NOTICE - OTHER (OF ENTRY OF ORDER) FILED BY XTO OFFSHORE, INC. ON 12/07/2010 | 12/07/2010 | 7 |
| 301 | E-FILING TRANSACTION 219850 RECEIVED ON 12/07/2010 09:38:20 AM. | 12/08/2010 | |
| 300 | CASE REASSIGNED TO KIM DUNNING EFFECTIVE 01/03/2011. | 12/07/2010 | 2 |
| 299 | RECEIPT FOR RECORDS | 12/03/2010 | 1 |
| 298 | STATUS CONFERENCE STATEMENT FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 12/01/2010 | 12/01/2010 | 6 |
| 297 | E-FILING TRANSACTION 219135 RECEIVED ON 12/01/2010 11:51:00 AM. | 12/01/2010 | |
| 296 | ORDER - OTHER (ON MOTION FOR ATTORNEYS' FEES AND COSTS) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 12/01/2010 | 12/01/2010 | 3 |
| 295 | NOTICE - OTHER (NOTICE OF ELECTION TO PROCEED BY CRC RULE 8.124 W/ REPORTER'S TRANSCRIPT) FILED BY THE SUPERIOR COURT OF ORANGE ON 12/01/2010 | 12/01/2010 | 1 |
| 294 | NOTICE - OTHER (NOTICE OF TRANSCRIPTS FILED) FILED BY THE SUPERIOR COURT OF ORANGE ON 12/01/2010 | 12/01/2010 | 1 |
| 293 | DESIGNATION OF RECORD ON APPEAL FILED BY ANGUS PETROLEUM CORPORATION ON 11/29/2010 | 11/29/2010 | 6 |
| 292 | RECEIPT FOR RECORDS | 11/29/2010 | 1 |
| 291 | REPLY - OTHER (TO RESPONSE TO OBJECTION TO PROPOSED ORDER) FILED BY BG OPERATIONS, LLC ON 11/23/2010 | 11/23/2010 | 4 |
| 290 | E-FILING TRANSACTION 218509 RECEIVED ON 11/23/2010 04:20:59 PM. | 11/24/2010 | |

| | | | | | |
|---|---|---|---|---|---|
| 289 | ☐ | ⊡ | NOTICE - OTHER (NOTICE OF FILING NOTICE OF APPEAL) FILED BY THE SUPERIOR COURT OF ORANGE ON 11/22/2010 | 11/22/2010 | 1 |
| 288 | ☐ | | PAYMENT RECEIVED BY FOR 24 - TRANSCRIPT ON APPEAL IN THE AMOUNT OF 100.00, TRANSACTION NUMBER 10776278 AND RECEIPT NUMBER 10600170. | 11/19/2010 | 1 |
| 287 | ☐ | | NOTICE OF APPEAL (11/19/2010) FILED | 11/19/2010 | 3 |
| 286 | | | E-FILING TRANSACTION 218114 RECEIVED ON 11/19/2010 02:28:20 PM. | 11/19/2010 | |
| 285 | ☐ | ⊡ | RESPONSE (TO OBJECTION TO PROPOSED ORDER ON MOTION FOR ATTORNEY FEES) FILED BY XTO OFFSHORE, INC. ON 11/18/2010 | 11/18/2010 | 3 |
| 284 | | | E-FILING TRANSACTION 217973 RECEIVED ON 11/18/2010 03:05:10 PM. | 11/18/2010 | |
| 283 | ☐ | ⊡ | OBJECTION (TO PROPOSED ORDER RE MOTION FOR ATTORNEY FEES) FILED BY BG OPERATIONS, LLC; ANGUS PETROLEUM CORPORATION ON 11/15/2010 | 11/15/2010 | 10 |
| 282 | | | E-FILING TRANSACTION 217483 RECEIVED ON 11/15/2010 01:53:14 PM. | 11/16/2010 | |
| 281 | ☐ | ⊡ | NOTICE - OTHER (DIRECTORY NOTICE TO REPORTER TO PREPARE & FILE TRANSCRIPT) FILED BY THE SUPERIOR COURT OF ORANGE ON 11/15/2010 | 11/15/2010 | 2 |
| 280 | ☐ | | PROPOSED ORDER RECEIVED ON 11/08/2010. | 11/08/2010 | 3 |
| 279 | | | E-FILING TRANSACTION 216660 RECEIVED ON 11/08/2010 10:49:15 AM. | 11/09/2010 | |
| 278 | ☐ | | MINUTES FINALIZED FOR MOTION FOR ATTORNEY FEES 11/05/2010 10:00:00 AM. | 11/09/2010 | 1 |
| 277 | ☐ | | RECEIPT FOR RECORDS | 11/01/2010 | 1 |
| 276 | ☐ | ⊡ | REPLY - OTHER (IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS) FILED BY XTO OFFSHORE, INC. ON 10/29/2010 | 10/29/2010 | 8 |
| 275 | ☐ | ⊡ | RESPONSE (TO OBJECTIONS) FILED BY XTO OFFSHORE, INC. ON 10/29/2010 | 10/29/2010 | 5 |
| 274 | | | E-FILING TRANSACTION 215611 RECEIVED ON 10/29/2010 11:43:25 AM. | 10/29/2010 | |
| 273 | ☐ | ⊡ | NOTICE - OTHER (NOTICE OF MAILING REGISTER OF ACTIONS) FILED BY THE SUPERIOR COURT OF ORANGE ON 10/28/2010 | 10/28/2010 | 1 |
| 272 | ☐ | | PAYMENT RECEIVED BY FOR REPORTER'S TRANSCRIPT DEPOSIT IN THE AMOUNT OF 325.00, TRANSACTION NUMBER 10759475 AND RECEIPT NUMBER 10583367. | 10/27/2010 | 1 |
| 271 | ☐ | ⊡ | APPEAL - OTHER (NOTICE OF DEPOSIT) FILED BY ANGUS PETROLEUM CORPORATION ON 10/27/2010 | 10/27/2010 | 4 |
| 270 | ☐ | ⊡ | DESIGNATION OF RECORD ON APPEAL FILED BY ANGUS PETROLEUM CORPORATION ON 10/27/2010 | 10/27/2010 | 6 |
| 269 | ☐ | ⊡ | NOTICE - OTHER (NOTICE OF FILING NOTICE OF APPEAL) FILED BY THE SUPERIOR COURT OF ORANGE ON 10/27/2010 | 10/27/2010 | 1 |
| 268 | ☐ | | PAYMENT RECEIVED BY FOR 24 - TRANSCRIPT ON APPEAL IN THE AMOUNT OF 100.00, TRANSACTION NUMBER 10758507 AND RECEIPT NUMBER 10582399. | 10/26/2010 | 1 |
| 267 | ☐ | | NOTICE OF APPEAL FILED | 10/26/2010 | 12 |
| 266 | ☐ | ⊡ | OBJECTION (TO EVIDENCE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES) FILED BY BG OPERATIONS, LLC ON 10/25/2010 | 10/25/2010 | 7 |
| 265 | ☐ | ⊡ | OPPOSITION (TO MOTION FOR ATTORNEYS' FEES AND COSTS) FILED BY BG OPERATIONS, LLC ON 10/25/2010 | 10/25/2010 | 18 |
| 264 | | | E-FILING TRANSACTION 215044 RECEIVED ON 10/25/2010 04:24:14 PM. | 10/26/2010 | |

| | | | | |
|---|---|---|---|---|
| 263 | | DISBURSEMENT ON TRUST 261335 TO MAHAFFEY & ASSOCIATES PLC ISSUED IN THE AMOUNT OF 527.50 DUE TO OTHER. | 10/18/2010 | |
| 262 | | PAYMENT RECEIVED BY FOR 224 - REPORTER'S TRANSCRIPT IN THE AMOUNT OF 122.50, TRANSACTION NUMBER 10745806 AND RECEIPT NUMBER 10569698. | 10/07/2010 | 1 |
| 261 | | CROSS-COMPLAINT DISPOSED WITH DISPOSITION OF COURT FINDING. | 09/20/2010 | |
| 260 | | THE COURT ENTERS JUDGMENT AS TO CROSS-COMPLAINT. | 10/06/2010 | |
| 259 | | RECEIPT FOR RECORDS | 10/05/2010 | 1 |
| 258 | | NOTICE - OTHER (NOTICE OF ELECTION TO PROCEED BY CRC RULE 8.124 W/REPORTER'S TRANSCRIPT) FILED BY THE SUPERIOR COURT OF ORANGE ON 10/04/2010 | 10/04/2010 | 1 |
| 257 | | NOTICE - OTHER (NOTICE OF TRANSCRIPTS FILED) FILED BY THE SUPERIOR COURT OF ORANGE ON 10/01/2010 | 10/01/2010 | 1 |
| 256 | | NOTICE OF CONTINUANCE (OF MOTION FOR ATTORNEY FEES TO NOVEMBER 5, 2010) FILED BY XTO OFFSHORE, INC. ON 09/30/2010 | 09/30/2010 | 3 |
| 255 | | E-FILING TRANSACTION 212329 RECEIVED ON 09/30/2010 11:34:20 AM. | 09/30/2010 | |
| 254 | | MOTION FOR ATTORNEY FEES SCHEDULED FOR 11/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 09/29/2010 | |
| 253 | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER 10739382 AND RECEIPT NUMBER 10563274. | 09/29/2010 | 1 |
| 252 | | MOTION FOR ATTORNEY FEES FILED BY XTO OFFSHORE, INC ON 09/29/2010 | 09/29/2010 | 25 |
| 251 | | E-FILING TRANSACTION 212216 RECEIVED ON 09/29/2010 12:21:10 PM. | 09/29/2010 | |
| 250 | | ORDER - OTHER (ON MOTION) FILED BY BG OPERATIONS, LLC; ANGUS PETROLEUM CORPORATION ON 09/28/2010 | 09/28/2010 | 4 |
| 249 | | NOTICE OF ENTRY OF JUDGMENT FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; BLACKSTONE OIL & GAS, INC. ON 09/24/2010 | 09/24/2010 | 7 |
| 248 | | E-FILING TRANSACTION 211867 RECEIVED ON 09/24/2010 04:32:00 PM. | 09/27/2010 | |
| 247 | | JUDGMENT FILED BY XTO OFFSHORE, INC. ON 09/20/2010 | 09/20/2010 | 3 |
| 246 | | PROPOSED ORDER RECEIVED ON 09/13/2010. | 09/13/2010 | 4 |
| 245 | | E-FILING TRANSACTION 210412 RECEIVED ON 09/13/2010 01:00:37 PM. | 09/14/2010 | |
| 244 | | ANSWER TO CROSS-COMPLAINT - NO FEE (FIRST) FILED BY XTO OFFSHORE, INC ON 09/08/2010 | 09/08/2010 | 6 |
| 243 | | E-FILING TRANSACTION 29938 RECEIVED ON 09/08/2010 02:31:14 PM. | 09/09/2010 | |
| 242 | | NOTICE - OTHER (OF ENTRY OF ORDER GRANTING CROSS-DEFENDANT XTO OFFSHORE, INC., FKA HUNE PETROLEUM (AEC), INC.'S SPECIAL MOTION TO STRIKE) FILED BY ELYSIUM WEST LLC; XTO OFFSHORE, INC. ON 09/03/2010 | 09/03/2010 | 8 |
| 241 | | E-FILING TRANSACTION 29590 RECEIVED ON 09/03/2010 12:03:50 PM. | 09/07/2010 | |
| 240 | | NOTICE - OTHER (DIRECTORY NOTICE TO REPORTER TO PREPARE & FILE TRANSCRIPT) FILED BY THE SUPERIOR COURT OF ORANGE ON 09/07/2010 | 09/07/2010 | 2 |
| 239 | | JUDGMENT (PROPOSED) RECEIVED ON 09/02/2010. | 09/02/2010 | 3 |
| | | E-FILING TRANSACTION 29390 RECEIVED ON 09/02/2010 | | |

| | | |
|---|---|---|---|
| 238 | 09:51:14 AM. | 09/02/2010 | |
| 237 | CLERK'S CERTIFICATE OF SERVICE BY MAIL OC GENERATED | 08/31/2010 | 1 |
| 236 | MINUTES FINALIZED FOR MOTION TO STRIKE 2010-08-27 10:00:00.0. | 08/31/2010 | 4 |
| 235 | PAYMENT RECEIVED BY FOR REPORTER'S TRANSCRIPT DEPOSIT IN THE AMOUNT OF 650.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10535650. | 08/23/2010 | 1 |
| 234 | NOTICE - OTHER (NOTICE OF MAILING REGISTER OF ACTIONS) FILED BY THE SUPERIOR COURT OF ORANGE ON 08/23/2010 | 08/23/2010 | 1 |
| 233 | NOTICE - OTHER (NOTICE OF INABILITY TO PROVIDE A REPORTER'S TRANSCRIPT) FILED BY THE SUPERIOR COURT OF ORANGE ON 08/23/2010 | 08/23/2010 | 1 |
| 232 | DESIGNATION OF RECORD ON APPEAL FILED BY ANGUS PETROLEUM CORPORATION ON 08/20/2010 | 08/20/2010 | 5 |
| 231 | OBJECTION FILED BY XTO OFFSHORE, INC ON 08/20/2010 | 08/20/2010 | 5 |
| 230 | OBJECTION ((EVIDENTIARY)) FILED BY XTO OFFSHORE, INC ON 08/20/2010 | 08/20/2010 | 4 |
| 229 | RESPONSE FILED BY XTO OFFSHORE, INC ON 08/20/2010 | 08/20/2010 | 7 |
| 228 | REPLY - OTHER (IN SUPPORT OF SPECIAL MOTION TO STRIKE) FILED BY XTO OFFSHORE, INC ON 08/20/2010 | 08/20/2010 | 10 |
| 227 | E-FILING TRANSACTION 28034 RECEIVED ON 08/20/2010 11:59:19 AM. | 08/20/2010 | |
| 226 | REQUEST FOR JUDICIAL NOTICE FILED BY BG OPERATIONS, LLC ON 08/17/2010 | 08/17/2010 | 291 |
| 225 | OPPOSITION (TO SPECIAL MOTION TO STRIKE) FILED BY BG OPERATIONS, LLC ON 08/17/2010 | 08/17/2010 | 14 |
| 224 | E-FILING TRANSACTION 27606 RECEIVED ON 08/17/2010 11:07:05 AM. | 08/17/2010 | |
| 223 | ORDER G043879: APPEAL REINSTATED | 08/11/2010 | 2 |
| 222 | ORDER G043879 DISMISSED | 08/04/2010 | 2 |
| 221 | NOTICE - OTHER (NOTICE OF FAILURE TO COMPLY) FILED BY THE SUPERIOR COURT OF ORANGE ON 08/04/2010 | 08/04/2010 | 1 |
| 220 | MINUTES FINALIZED FOR STATUS CONFERENCE 07/29/2010 02:00:00 PM. | 07/30/2010 | 1 |
| 219 | STATUS CONFERENCE CONTINUED TO 12/09/2010 AT 02:00 PM IN THIS DEPARTMENT. | 07/29/2010 | |
| 218 | MOTION TO STRIKE CONTINUED TO 08/27/2010 AT 10:00 AM IN THIS DEPARTMENT. | 07/29/2010 | |
| 217 | STATUS CONFERENCE SCHEDULED FOR 12/09/2010 AT 02:00:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 07/29/2010 | |
| 216 | STATUS CONFERENCE RESCHEDULED FOR 12/09/2010 AT 02:00:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 07/29/2010 | |
| 215 | MOTION TO STRIKE SCHEDULED FOR 08/27/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 07/29/2010 | |
| 214 | MOTION TO STRIKE RESCHEDULED FOR 08/27/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 07/29/2010 | |
| 213 | ORDER G043879 | 07/29/2010 | 2 |
| 212 | NOTICE OF CONTINUANCE (SPECIAL MOTION TO STRIKE FROM AUGUST 20, 2010 TO AUGUST 27, 2010) FILED BY ELYSIUM WEST LLC; XTO OFFSHORE, INC. ON 07/28/2010 | 07/28/2010 | 3 |
| 211 | E-FILING TRANSACTION 25686 RECEIVED ON 07/28/2010 10:30:08 AM. | 07/28/2010 | |
| 210 | STATUS CONFERENCE STATEMENT FILED BY ELYSIUM WEST LLC; XTO OFFSHORE, INC. ON 07/23/2010 | 07/23/2010 | 6 |

| | | | | |
|---|---|---|---|---|
| 209 | E-FILING TRANSACTION 25361 RECEIVED ON 07/23/2010 04:40:30 PM. | 07/26/2010 | |
| 208 | NOTICE - OTHER (NOTICE OF DEFAULT OF APPELLANT) FILED BY THE SUPERIOR COURT OF ORANGE ON 07/19/2010 | 07/19/2010 | 1 |
| 207 | ANSWER TO AMENDED CROSS-COMPLAINT - NO FEE FILED BY ELYSIUM WEST LLC ON 07/15/2010 | 07/15/2010 | 7 |
| 206 | E-FILING TRANSACTION 24598 RECEIVED ON 07/15/2010 03:45:41 PM. | 07/16/2010 | |
| 205 | MOTION TO STRIKE SCHEDULED FOR 08/20/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 07/15/2010 | |
| 204 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10506957. | 07/15/2010 | 1 |
| 203 | MOTION - OTHER - NO FEE (TO STRIKE PORTIONS OF CROSS COMPLAINT) FILED BY XTO OFFSHORE, INC ON 07/15/2010 | 07/15/2010 | 304 |
| 202 | POINTS AND AUTHORITIES (EXHIBIT L) RECEIVED ON 07/15/2010. | 07/15/2010 | 66 |
| 201 | POINTS AND AUTHORITIES (EXHIBIT E) RECEIVED ON 07/15/2010. | 07/15/2010 | 78 |
| 200 | POINTS AND AUTHORITIES (EXHIBIT A) RECEIVED ON 07/15/2010. | 07/15/2010 | 126 |
| 199 | REQUEST FOR JUDICIAL NOTICE (IN SUPPORT OF SPECIAL MOTION TO STRIKE PORTIONS OF CROSS COMPLAINT) FILED BY XTO OFFSHORE, INC ON 07/15/2010 | 07/15/2010 | 5 |
| 198 | E-FILING TRANSACTION 24547 RECEIVED ON 07/15/2010 01:19:19 PM. | 07/15/2010 | |
| 197 | NOTICE - OTHER FILED BY ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; XTO OFFSHORE, INC. ON 07/07/2010 | 07/07/2010 | 7 |
| 196 | E-FILING TRANSACTION 23771 RECEIVED ON 07/07/2010 03:16:16 PM. | 07/09/2010 | |
| 195 | RECEIPT FOR RECORDS | 07/08/2010 | 1 |
| 194 | NOTICE - OTHER FILED BY ELYSIUM WEST LLC ON 07/07/2010 | 07/07/2010 | 7 |
| 193 | E-FILING TRANSACTION 23775 RECEIVED ON 07/07/2010 03:24:33 PM. | 07/08/2010 | |
| 192 | NOTICE - OTHER (NOTICE OF FILING NOTICE OF APPEAL) FILED BY THE SUPERIOR COURT OF ORANGE ON 07/07/2010 | 07/07/2010 | 1 |
| 191 | PAYMENT RECEIVED BY FOR 24 - TRANSCRIPT ON APPEAL IN THE AMOUNT OF 100.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10500365. | 07/06/2010 | 1 |
| 190 | NOTICE OF APPEAL FILED | 07/06/2010 | 5 |
| 189 | E-FILING TRANSACTION 23587 RECEIVED ON 07/06/2010 12:28:12 PM. | 07/06/2010 | |
| 188 | MEMORANDUM OF COSTS (SUMMARY) FILED BY XTO OFFSHORE, INC ON 06/21/2010 | 06/21/2010 | 6 |
| 187 | E-FILING TRANSACTION 22293 RECEIVED ON 06/21/2010 03:23:36 PM. | 06/22/2010 | |
| 186 | TRANSACTION 21661 ACCEPTED. | 06/15/2010 | 2 |
| 185 | AMENDED CROSS-COMPLAINT (FIRST) FILED BY ANGUS PETROLEUM CORPORATION ON 06/14/2010 | 06/14/2010 | 18 |
| 184 | SUMMONS ISSUED AND FILED (ON FIRST AMENDED CROSS-COMPLAINT) FILED BY ANGUS PETROLEUM CORPORATION ON 06/14/2010 | 06/14/2010 | 2 |
| 183 | E-FILING TRANSACTION 21661 RECEIVED ON 06/14/2010 12:58:00 PM. | 06/15/2010 | |

| | | | | | |
|---|---|---|---|---|---|
| 182 | ☐ | ▤ | ORDER AFTER HEARING (ON DEFENDANT'S MOTION TO COMPEL BG OPERATIONS LLC'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION) FILED BY ELYSIUM WEST LLC ON 06/10/2010 | 06/10/2010 | 3 |
| 181 | ☐ | ▤ | ORDER AFTER HEARING (MOTION FOR ATTY FEES & COSTS GRANTED) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 06/14/2010 | 06/14/2010 | 3 |
| 180 | ☐ | | E-FILING TRANSACTION NUMBER 21445 REJECTED. | 06/14/2010 | 1 |
| 179 | ☐ | | TRANSACTION 21375 ACCEPTED. | 06/11/2010 | 1 |
| 178 | ☐ | ▤ | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED BY BG OPERATIONS, LLC ON 06/10/2010 | 06/10/2010 | 4 |
| 177 | | | E-FILING TRANSACTION 21375 RECEIVED ON 06/10/2010 12:49:20 PM. | 06/11/2010 | |
| 176 | | | AMENDED COMPLAINT DISPOSED WITH DISPOSITION OF REQUEST FOR DISMISSAL. | 06/10/2010 | |
| 175 | ☐ | | E-FILING TRANSACTION NUMBER 21321 REJECTED. | 06/10/2010 | 1 |
| 174 | ☐ | ▤ | NOTICE OF RULING FILED BY XTO OFFSHORE, INC ON 05/24/2010 | 05/24/2010 | 4 |
| 173 | ☐ | | MINUTES FINALIZED FOR MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES 05/21/2010 10:00:00 AM. | 05/21/2010 | 2 |
| 172 | ☐ | | MINUTES FINALIZED FOR MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES 05/14/2010 10:00:00 AM. | 05/14/2010 | 1 |
| 171 | | | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES CONTINUED TO 05/21/2010 AT 10:00 AM IN THIS DEPARTMENT. | 05/14/2010 | |
| 170 | | | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SCHEDULED FOR 05/21/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/14/2010 | |
| 169 | | | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES RESCHEDULED FOR 05/21/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 05/14/2010 | |
| 168 | ☐ | ▤ | REPLY TO OPPOSITION FILED BY ANGUS PETROLEUM CORPORATION ON 05/13/2010 | 05/13/2010 | 12 |
| 167 | ☐ | ▤ | REPLY - OTHER FILED BY XTO OFFSHORE, INC. ON 05/12/2010 | 05/12/2010 | 5 |
| 166 | ☐ | ▤ | REPLY - OTHER FILED BY ELYSIUM WEST LLC ON 05/12/2010 | 05/12/2010 | 7 |
| 165 | ☐ | ▤ | APPENDIX OF AUTHORITIES FILED BY XTO OFFSHORE, INC. ON 05/07/2010 | 05/07/2010 | 43 |
| 164 | ☐ | ▤ | REQUEST FOR JUDICIAL NOTICE FILED BY XTO OFFSHORE, INC. ON 05/07/2010 | 05/07/2010 | 7 |
| 163 | ☐ | ▤ | OPPOSITION FILED BY XTO OFFSHORE, INC. ON 05/07/2010 | 05/07/2010 | 28 |
| 162 | ☐ | ▤ | OPPOSITION (SUPPLEMENTAL) FILED BY BG OPERATIONS, LLC ON 05/07/2010 | 05/07/2010 | 6 |
| 161 | ☐ | ▤ | OPPOSITION FILED BY ANGUS PETROLEUM CORPORATION ON 05/07/2010 | 05/07/2010 | 8 |
| 160 | ☐ | ▤ | DECLARATION IN SUPPORT (OF DOUGLAS L. MAHAFFEY) FILED BY ANGUS PETROLEUM CORPORATION ON 05/07/2010 | 05/07/2010 | 68 |
| 159 | ☐ | | PAYMENT RECEIVED BY FOR 35 - COMPLEX CASE FEE - RESPONSE, 35 - COMPLEX CASE FEE - RESPONSE, 35 - COMPLEX CASE FEE - RESPONSE, 35 - COMPLEX CASE FEE - RESPONSE IN THE AMOUNT OF 2,200.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10450643. | 04/29/2010 | 1 |

| | | | | | |
|---|---|---|---|---|---|
| 158 | ☐ | ▣ | ANSWER TO AMENDED COMPLAINT (SECOND AMENDED) FILED BY BLACKSTONE OIL & GAS, INC.; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; ELYSIUM WEST LLC; XTO OFFSHORE, INC ON 04/28/2010 | 04/28/2010 | 7 |
| 157 | ☐ | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10447782. | 04/26/2010 | 1 |
| 156 | ☐ | | MINUTES FINALIZED FOR EX PARTE 04/26/2010 01:30:00 PM. | 04/26/2010 | 1 |
| 155 | | | MOTION - OTHER CONTINUED TO 05/21/2010 AT 10:00 AM IN THIS DEPARTMENT. | 04/26/2010 | |
| 154 | | | MOTION - OTHER SCHEDULED FOR 05/21/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/26/2010 | |
| 153 | | | MOTION - OTHER RESCHEDULED FOR 05/21/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/26/2010 | |
| 152 | ☐ | ▣ | ORDER GRANTING FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 04/26/2010 | 04/26/2010 | 3 |
| 151 | | | EX PARTE SCHEDULED FOR 04/26/2010 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 04/26/2010 | |
| 150 | ☐ | ▣ | EX PARTE APPLICATION - OTHER FILED BY XTO OFFSHORE, INC ON 04/26/2010 | 04/26/2010 | 26 |
| 149 | ☐ | ▣ | NOTICE OF CONTINUANCE FILED BY ELYSIUM WEST LLC ON 04/22/2010 | 04/22/2010 | 3 |
| 148 | ☐ | | MINUTES FINALIZED FOR MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES 04/23/2010 10:00:00 AM. | 04/23/2010 | 1 |
| 147 | | | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES CONTINUED TO 05/14/2010 AT 10:00 AM IN THIS DEPARTMENT. | 04/23/2010 | |
| 146 | | | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SCHEDULED FOR 05/14/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/23/2010 | |
| 145 | | | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES RESCHEDULED FOR 05/14/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/23/2010 | |
| 144 | | | MOTION FOR ATTORNEY FEES SCHEDULED FOR 05/21/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/16/2010 | |
| 143 | ☐ | ▣ | MOTION FOR ATTORNEY FEES FILED BY XTO OFFSHORE, INC ON 04/14/2010 | 04/14/2010 | 17 |
| 142 | ☐ | ▣ | NOTICE OF CONTINUANCE FILED BY ELYSIUM WEST LLC ON 04/15/2010 | 04/15/2010 | 3 |
| 141 | | | MOTION - OTHER SCHEDULED FOR 04/30/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/05/2010 | |
| 140 | ☐ | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10431404. | 04/05/2010 | 1 |
| 139 | ☐ | ▣ | MOTION - OTHER (OF CROSS COMPLAINANT, ANGUS PETROLEUM CORPORATION, TO AMEND FIRST AMENDED CROSS-COMPLAINT) FILED BY BG OPERATIONS, LLC ON 04/01/2010 | 04/01/2010 | 33 |
| 138 | ☐ | ▣ | NOTICE OF CONTINUANCE FILED BY ELYSIUM WEST LLC ON 04/01/2010 | 04/01/2010 | 3 |
| 137 | ☐ | | MINUTES FINALIZED FOR MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES 04/02/2010 10:00:00 AM. | 04/02/2010 | 1 |
| 136 | | | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES CONTINUED TO 04/23/2010 AT 10:00 AM IN | 04/02/2010 | |

| | | |
|---|---|---|
| | THIS DEPARTMENT. | | |
| 135 | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SCHEDULED FOR 04/23/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/02/2010 | |
| 134 | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES RESCHEDULED FOR 04/23/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 04/02/2010 | |
| 133 | OPPOSITION FILED BY BG OPERATIONS, LLC ON 03/30/2010 | 03/30/2010 | 13 |
| 132 | NOTICE - OTHER FILED BY ELYSIUM WEST LLC ON 03/29/2010 | 03/29/2010 | 3 |
| 131 | NOTICE - OTHER (OF CONTINUANCE OF DEMURRER TO SECOND AMENDED COMPLAINT OF BG OPERATIONS, LLC) FILED BY BG OPERATIONS, LLC; ANGUS PETROLEUM CORPORATION ON 03/04/2010 | 03/04/2010 | 7 |
| 130 | MINUTES FINALIZED FOR CHAMBERS WORK 2010-03-08 15:55:00.0. | 03/08/2010 | 5 |
| 129 | MINUTES FINALIZED FOR CHAMBERS WORK 2010-03-08 14:16:00.0. | 03/08/2010 | 4 |
| 128 | MINUTES FINALIZED FOR MOTION TO STRIKE 03/05/2010 10:00:00 AM. | 03/08/2010 | 4 |
| 127 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 80.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10411530. | 03/05/2010 | 1 |
| 126 | MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SCHEDULED FOR 04/02/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 03/05/2010 | |
| 125 | SEPARATE STATEMENT FILED BY ELYSIUM WEST LLC ON 03/03/2010 | 03/03/2010 | 213 |
| 124 | MOTION TO COMPEL (FURTHER RESPONSES TO SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION) FILED BY ELYSIUM WEST LLC ON 03/03/2010 | 03/03/2010 | 75 |
| 123 | REPLY - OTHER FILED BY XTO OFFSHORE, INC ON 03/04/2010 | 03/04/2010 | 8 |
| 122 | OPPOSITION FILED BY BG OPERATIONS, LLC ON 03/01/2010 | 03/01/2010 | 9 |
| 121 | NOTICE - OTHER FILED BY XTO OFFSHORE, INC ON 02/26/2010 | 02/26/2010 | 3 |
| 120 | REPLY TO OPPOSITION FILED BY XTO OFFSHORE, INC ON 02/26/2010 | 02/26/2010 | 10 |
| 119 | NOTICE - OTHER FILED BY XTO OFFSHORE, INC ON 02/26/2010 | 02/26/2010 | 3 |
| 118 | REPLY - OTHER FILED BY XTO OFFSHORE, INC ON 02/26/2010 | 02/26/2010 | 8 |
| 117 | NOTICE - OTHER (OF COURT CALL APPEARANCE AT THE FURTHER STATUS CONFERENCE) FILED BY BG OPERATIONS, LLC ON 01/26/2010 | 01/26/2010 | 7 |
| 116 | NOTICE OF RULING FILED BY XTO OFFSHORE, INC ON 01/22/2010 | 01/22/2010 | 3 |
| 115 | MINUTES FINALIZED FOR STATUS CONFERENCE 01/21/2010 02:00:00 PM. | 01/22/2010 | 2 |
| 114 | DEMURRER TO AMENDED COMPLAINT CONTINUED TO 03/05/2010 AT 10:00 AM IN THIS DEPARTMENT. | 01/21/2010 | |
| 113 | DEMURRER TO CROSS-COMPLAINT CONTINUED TO 03/05/2010 AT 10:00 AM IN THIS DEPARTMENT. | 01/21/2010 | |
| 112 | MOTION TO STRIKE CONTINUED TO 03/05/2010 AT 10:00 AM IN THIS DEPARTMENT. | 01/21/2010 | |
| 111 | MOTION TO STRIKE CONTINUED TO 03/05/2010 AT 10:00 AM IN THIS DEPARTMENT. | 01/21/2010 | |
| | THE STATUS CONFERENCE IS SCHEDULED FOR 07/29/2010 AT | | |

| | | | | | |
|---|---|---|---|---|---|
| 110 | | | 02:00 PMIN DEPARTMENT CX104. | 01/21/2010 | |
| 109 | | | DEMURRER TO AMENDED COMPLAINT SCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 108 | | | DEMURRER TO AMENDED COMPLAINT RESCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 107 | | | DEMURRER TO CROSS-COMPLAINT SCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 106 | | | DEMURRER TO CROSS-COMPLAINT RESCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 105 | | | MOTION TO STRIKE SCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 104 | | | MOTION TO STRIKE RESCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 103 | | | MOTION TO STRIKE SCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 102 | | | MOTION TO STRIKE RESCHEDULED FOR 03/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 101 | | | STATUS CONFERENCE SCHEDULED FOR 07/29/2010 AT 02:00:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 100 | | | STATUS CONFERENCE SCHEDULED FOR 01/21/2010 AT 02:00:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 01/21/2010 | |
| 99 | ☐ | | MINUTES FINALIZED FOR DEMURRER TO CROSS-COMPLAINT 01/15/2010 10:00:00 AM. | 01/15/2010 | 2 |
| 98 | | | DEMURRER TO CROSS-COMPLAINT CONTINUED TO 02/05/2010 AT 10:00 AM IN THIS DEPARTMENT. | 01/15/2010 | |
| 97 | | | MOTION TO STRIKE CONTINUED TO 02/05/2010 AT 10:00 AM IN THIS DEPARTMENT. | 01/15/2010 | |
| 96 | | | MOTION TO STRIKE CONTINUED TO 02/05/2010 AT 10:00 AM IN THIS DEPARTMENT. | 01/15/2010 | |
| 95 | | | DEMURRER TO CROSS-COMPLAINT SCHEDULED FOR 02/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/15/2010 | |
| 94 | | | DEMURRER TO CROSS-COMPLAINT RESCHEDULED FOR 02/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/15/2010 | |
| 93 | | | MOTION TO STRIKE SCHEDULED FOR 02/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/15/2010 | |
| 92 | | | MOTION TO STRIKE RESCHEDULED FOR 02/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/15/2010 | |
| 91 | | | MOTION TO STRIKE SCHEDULED FOR 02/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/15/2010 | |
| 90 | | | MOTION TO STRIKE RESCHEDULED FOR 02/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/15/2010 | |
| 89 | ☐ | ☐ | NOTICE OF CONTINUANCE FILED BY XTO OFFSHORE, INC ON 01/08/2010 | 01/08/2010 | 3 |
| 88 | ☐ | ☐ | NOTICE OF CONTINUANCE FILED BY XTO OFFSHORE, INC ON 01/08/2010 | 01/08/2010 | 3 |
| 87 | ☐ | ☐ | NOTICE - OTHER (OF ERRATA) FILED BY XTO OFFSHORE, INC ON 01/05/2010 | 01/05/2010 | 3 |
| 86 | ☐ | ☐ | OPPOSITION FILED BY ANGUS PETROLEUM CORPORATION ON 01/05/2010 | 01/05/2010 | 21 |
| 85 | ☐ | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10369290. | 01/05/2010 | 1 |

| | | | | | |
|---|---|---|---|---|---|
| 84 | | | DEMURRER TO AMENDED COMPLAINT SCHEDULED FOR 02/05/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 01/05/2010 | |
| 83 | | | DEMURRER TO AMENDED COMPLAINT FILED BY XTO OFFSHORE, INC ON 12/31/2009 | 12/31/2009 | 16 |
| 82 | | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 120.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10357900. | 12/15/2009 | 1 |
| 81 | | | DEMURRER TO CROSS-COMPLAINT SCHEDULED FOR 01/15/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 12/15/2009 | |
| 80 | | | MOTION TO STRIKE SCHEDULED FOR 01/15/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 12/15/2009 | |
| 79 | | | MOTION TO STRIKE SCHEDULED FOR 01/15/2010 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 12/15/2009 | |
| 78 | | | REQUEST FOR JUDICIAL NOTICE FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 11/30/2009 | 11/30/2009 | 31 |
| 77 | | | DEMURRER TO CROSS-COMPLAINT FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 11/30/2009 | 11/30/2009 | 21 |
| 76 | | | MOTION TO STRIKE FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 11/30/2009 | 11/30/2009 | 12 |
| 75 | | | MOTION TO STRIKE (SPECIAL) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION ON 11/30/2009 | 11/30/2009 | 77 |
| 74 | | | PROOF OF SERVICE FILED BY BG OPERATIONS, LLC ON 11/25/2009 | 11/25/2009 | 2 |
| 73 | | | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - PERSONAL FILED BY BG OPERATIONS, LLC ON 11/25/2009 | 11/25/2009 | 2 |
| 72 | | | SUMMONS ISSUED AND FILED (ON SECOND AMENDED COMPLAINT) FILED BY BG OPERATIONS, LLC ON 11/25/2009 | 11/25/2009 | 2 |
| 71 | | | AMENDED COMPLAINT (SECOND) FILED BY BG OPERATIONS, LLC ON 11/25/2009 | 11/25/2009 | 91 |
| 70 | | | APPENDIX OF AUTHORITIES FILED BY XTO OFFSHORE, INC. ON 11/30/2009 | 11/30/2009 | 28 |
| 69 | | | NOTICE OF RULING FILED BY XTO OFFSHORE, INC ON 11/17/2009 | 11/17/2009 | 3 |
| 68 | | | MINUTES FINALIZED FOR DEMURRER TO AMENDED COMPLAINT 11/13/2009 10:00:00 AM. | 11/16/2009 | 1 |
| 67 | | | NOTICE - OTHER FILED BY XTO OFFSHORE, INC ON 11/03/2009 | 11/03/2009 | 3 |
| 66 | | | MINUTES FINALIZED FOR DEMURRER TO AMENDED COMPLAINT 11/06/2009 10:00:00 AM. | 11/06/2009 | 1 |
| 65 | | | DEMURRER TO AMENDED COMPLAINT CONTINUED TO 11/13/2009 AT 10:00 AM IN THIS DEPARTMENT. | 11/06/2009 | |
| 64 | | | DEMURRER TO AMENDED COMPLAINT SCHEDULED FOR 11/13/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 11/06/2009 | |
| 63 | | | DEMURRER TO AMENDED COMPLAINT RESCHEDULED FOR 11/13/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 11/06/2009 | |
| 62 | | | REPLY TO OPPOSITION FILED BY XTO OFFSHORE, INC ON 10/30/2009 | 10/30/2009 | 11 |

| | | | | | |
|---|---|---|---|---|---|
| 61 | ☐ | ▤ | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - PERSONAL FILED BY ANGUS PETROLEUM CORPORATION ON 10/23/2009 | 10/23/2009 | 2 |
| 60 | ☐ | ▤ | CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 10/23/2009 | 10/23/2009 | 55 |
| 59 | ☐ | ▤ | ANSWER TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 10/23/2009 | 10/23/2009 | 10 |
| 58 | ☐ | ▤ | REQUEST FOR JUDICIAL NOTICE FILED BY BG OPERATIONS, LLC ON 10/26/2009 | 10/26/2009 | 6 |
| 57 | ☐ | ▤ | OPPOSITION FILED BY BG OPERATIONS, LLC ON 10/26/2009 | 10/26/2009 | 13 |
| 56 | ☐ | ▤ | NOTICE OF CONTINUANCE FILED BY ANGUS PETROLEUM CORPORATION ON 09/24/2009 | 09/24/2009 | 4 |
| 55 | | | DEMURRER TO AMENDED COMPLAINT SCHEDULED FOR 11/06/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 10/08/2009 | |
| 54 | ☐ | | PAYMENT RECEIVED BY FOR 134- ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 355.00, TRANSACTION NUMBER 10485104 AND RECEIPT NUMBER 10308978. | 10/07/2009 | 1 |
| 53 | ☐ | | PAYMENT RECEIVED BY FOR 134- ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 355.00, TRANSACTION NUMBER 10485102 AND RECEIPT NUMBER 10308976. | 10/07/2009 | 1 |
| 52 | ☐ | ▤ | DEMURRER TO COMPLAINT (FIRST) FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC; E & B NATURAL RESOURCES MANAGEMENT CORPORATION; BLACKSTONE OIL & GAS, INC. ON 10/02/2009 | 10/02/2009 | 17 |
| 51 | ☐ | | MINUTES FINALIZED FOR CHAMBERS WORK 2009-10-05 08:54:05.0. | 10/05/2009 | 4 |
| 50 | ☐ | | MINUTES FINALIZED FOR MOTION FOR PROTECTIVE ORDER 10/02/2009 10:00:00 AM. | 10/02/2009 | 2 |
| 49 | | | MATTER TAKEN UNDER SUBMISSION. | 10/02/2009 | |
| 48 | ☐ | ▤ | REQUEST FOR JUDICIAL NOTICE FILED BY ANGUS PETROLEUM CORPORATION ON 09/25/2009 | 09/25/2009 | 34 |
| 47 | ☐ | ▤ | REPLY TO OPPOSITION FILED BY ANGUS PETROLEUM CORPORATION ON 09/25/2009 | 09/25/2009 | 15 |
| 46 | ☐ | ▤ | REQUEST FOR JUDICIAL NOTICE FILED BY XTO OFFSHORE, INC ON 09/21/2009 | 09/21/2009 | 75 |
| 45 | ☐ | ▤ | OPPOSITION FILED BY XTO OFFSHORE, INC ON 09/21/2009 | 09/21/2009 | 66 |
| 44 | ☐ | | MINUTES FINALIZED FOR DEMURRER TO CROSS-COMPLAINT 09/25/2009 10:00:00 AM. | 09/25/2009 | 1 |
| 43 | | | DEMURRER TO CROSS-COMPLAINT CONTINUED TO 10/02/2009 AT 10:00 AM IN THIS DEPARTMENT. | 09/25/2009 | |
| 42 | | | DEMURRER TO CROSS-COMPLAINT SCHEDULED FOR 10/02/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 09/28/2009 | |
| 41 | | | DEMURRER TO CROSS-COMPLAINT RESCHEDULED FOR 10/02/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 09/28/2009 | |
| 40 | ☐ | ▤ | REPLY TO OPPOSITION FILED BY ANGUS PETROLEUM CORPORATION ON 09/17/2009 | 09/17/2009 | 11 |
| 39 | ☐ | ▤ | OPPOSITION FILED BY XTO OFFSHORE, INC ON 09/14/2009 | 09/14/2009 | 17 |
| 38 | | | MOTION FOR PROTECTIVE ORDER SCHEDULED FOR 10/02/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 09/11/2009 | |
| 37 | ☐ | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER 10465931 AND RECEIPT NUMBER 10289805. | 09/10/2009 | 1 |

| | | | | | |
|---|---|---|---|---|---|
| 36 | ☐ | ▤ | MOTION FOR PROTECTIVE ORDER FILED BY ANGUS PETROLEUM CORPORATION ON 09/04/2009 | 09/04/2009 | 9 |
| 35 | ☐ | ▤ | DECLARATION IN SUPPORT (OF DOUGLAS L. MAHAFFEY (SUPPLEMENTAL)) FILED BY ANGUS PETROLEUM CORPORATION ON 09/04/2009 | 09/04/2009 | 5 |
| 34 | ☐ | ▤ | PROOF OF SERVICE BY MAIL FILED BY BG OPERATIONS, LLC ON 08/28/2009 | 08/28/2009 | 1 |
| 33 | ☐ | ▤ | PROOF OF SERVICE OF SUMMONS FILED BY BG OPERATIONS, LLC ON 08/28/2009 | 08/28/2009 | 2 |
| 32 | | | DEMURRER TO CROSS-COMPLAINT SCHEDULED FOR 09/25/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 08/27/2009 | |
| 31 | ☐ | | PAYMENT RECEIVED BY FOR 134- ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 355.00, TRANSACTION NUMBER 10455111 AND RECEIPT NUMBER 10278985. | 08/26/2009 | 1 |
| 30 | ☐ | ▤ | DEMURRER TO CROSS-COMPLAINT FILED BY ANGUS PETROLEUM CORPORATION ON 08/20/2009 | 08/20/2009 | 17 |
| 29 | ☐ | ▤ | SUMMONS ISSUED AND FILED (ON FIRST AMENDED COMPLAINT) FILED BY BG OPERATIONS, LLC ON 08/25/2009 | 08/25/2009 | 2 |
| 28 | ☐ | ▤ | AMENDED COMPLAINT (FIRST) FILED BY BG OPERATIONS, LLC ON 08/25/2009 | 08/25/2009 | 68 |
| 27 | ☐ | ▤ | NOTICE - OTHER (OF CHANGE OF ADDRESS) FILED BY BG OPERATIONS, LLC ON 08/25/2009 | 08/25/2009 | 4 |
| 26 | ☐ | | MINUTES FINALIZED FOR DEMURRER TO COMPLAINT 07/10/2009 10:00:00 AM. | 07/14/2009 | 1 |
| 25 | ☐ | ▤ | PROOF OF SERVICE OF SUMMONS FILED BY XTO OFFSHORE, INC ON 07/14/2009 | 07/14/2009 | 3 |
| 24 | ☐ | ▤ | STIPULATION AND ORDER FILED BY BG OPERATIONS, LLC ON 07/09/2009 | 07/09/2009 | 3 |
| 23 | ☐ | | PAYMENT RECEIVED BY FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 10419652 AND RECEIPT NUMBER 10243526. | 07/09/2009 | 1 |
| 22 | ☐ | ▤ | NOTICE - OTHER FILED BY BG OPERATIONS, LLC ON 07/08/2009 | 07/08/2009 | 6 |
| 21 | ☐ | | MINUTES FINALIZED FOR EX PARTE 07/01/2009 01:30:00 PM. | 07/01/2009 | 1 |
| 20 | ☐ | ▤ | OPPOSITION FILED BY ANGUS PETROLEUM CORPORATION ON 07/01/2009 | 07/01/2009 | 240 |
| 19 | | | EX PARTE SCHEDULED FOR 07/01/2009 AT 01:30:00 PM IN CX104 AT CIVIL COMPLEX CENTER. | 07/01/2009 | |
| 18 | ☐ | | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 40.00, TRANSACTION NUMBER 10414030 AND RECEIPT NUMBER 10237904. | 06/30/2009 | 1 |
| 17 | ☐ | ▤ | EX PARTE APPLICATION - OTHER (FOR PROTECTIVE ORDER) FILED BY ELYSIUM WEST LLC ON 06/30/2009 | 06/30/2009 | 22 |
| 16 | ☐ | ▤ | CROSS-COMPLAINT FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 06/26/2009 | 06/26/2009 | 211 |
| 15 | ☐ | | PAYMENT RECEIVED BY FOR 27 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 350.00, TRANSACTION NUMBER 10394556 AND RECEIPT NUMBER 10218431. | 06/05/2009 | 1 |
| 14 | ☐ | | PAYMENT RECEIVED BY FOR 27 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 350.00, TRANSACTION NUMBER 10394555 AND RECEIPT NUMBER 10218430. | 06/05/2009 | 1 |
| 13 | | | DEMURRER TO COMPLAINT SCHEDULED FOR 07/10/2009 AT 10:00:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 06/08/2009 | |
| 12 | ☐ | ▤ | PROOF OF SERVICE (AMENDED - FINAL APPROVAL OF CLASS ACTION SETTLEMENT) FILED BY XTO OFFSHORE, INC; ELYSIUM | 06/03/2009 | 2 |

| | | | | | |
|---|---|---|---|---|---|
| | | | WEST LLC ON 06/03/2009 | | |
| 11 | ☐ | | DEMURRER TO COMPLAINT FILED BY XTO OFFSHORE, INC; ELYSIUM WEST LLC ON 06/03/2009 | 06/03/2009 | 12 |
| 10 | | | CASE REASSIGNED TO THIERRY COLAW EFFECTIVE 06/03/2009. | 06/04/2009 | |
| 9 | ☐ | | CLERK'S CERTIFICATE OF SERVICE BY MAIL GENERATED | 06/04/2009 | 1 |
| 8 | ☐ | | MINUTES FINALIZED FOR CHAMBERS WORK 06/03/2009 09:35:13 AM. | 06/03/2009 | 1 |
| 7 | ☐ | | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - PERSONAL FILED BY BG OPERATIONS, LLC ON 05/20/2009 | 05/20/2009 | 1 |
| 6 | ☐ | | PAYMENT RECEIVED BY FOR 26 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 350.00, TRANSACTION NUMBER 10362119 AND RECEIPT NUMBER 10185993. | 04/24/2009 | 1 |
| 5 | ☐ | | CASE ASSIGNED TO JUDICIAL OFFICER NAKAMURA, KIRK. | 04/24/2009 | 1 |
| 4 | ☐ | | NOTICE OF RELATED CASE FILED BY BG OPERATIONS, LLC ON 04/24/2009 | 04/24/2009 | 1 |
| 3 | ☐ | | CIVIL CASE COVER SHEET FILED BY BG OPERATIONS, LLC ON 04/24/2009 | 04/24/2009 | 2 |
| 2 | ☐ | | SUMMONS ISSUED AND FILED FILED BY BG OPERATIONS, LLC ON 04/24/2009 | 04/24/2009 | 1 |
| 1 | ☐ | | COMPLAINT FILED BY BG OPERATIONS, LLC ON 04/24/2009 | 04/24/2009 | 10 |

EXHIBIT “5"

CALIFORNIA APPELLATE COURTS
Case Information



Welcome
Search
E-mail
Calendar
Help
Opinions



## 4th Appellate District Division 3

Change court

Court data last updated: 08/16/2011 11:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

## Docket (Register of Actions)

**Angus Petroleum Corporation v. XTO Offshore, Inc. et al.**
**Case Number G044396**

| Date | Description | Notes |
|---|---|---|
| 10/28/2010 | Notice of appeal lodged/received. | by aplt Angus Petroleum Corporation |
| 10/28/2010 | Received document entitled: | notice designating record on appeal proceed by 8.124 w/RT |
| 11/04/2010 | Returned document for non-conformance. | Civil case information statement missing part III. |
| 11/05/2010 | Civil case information statement filed. | |
| 11/15/2010 | Notice to reporter to prepare transcript. | CSR/ Kim Carido |
| 12/02/2010 | Notice per rule 8.124 - with reporter's transcript. | |
| 12/02/2010 | Reporter's transcript filed. | 1 RT |
| 01/11/2011 | Requested - extension of time | |
| 01/12/2011 | Granted - extension of time. | |
| 03/15/2011 | Requested - extension of time | |
| 03/16/2011 | Granted - extension of time. | |
| 03/16/2011 | Note: | Angus Petroleum filed motion to consolidate G043879 with G044396 (filed in G043879). |
| 03/17/2011 | Opposition filed. | Opposition by respondents to motion to consolidate two appeals relating to two slapp motions. (G043879, G044396) |
| 03/22/2011 | Order filed. | Appellant's motion to consolidate appeal G043879 with G044396 is DENIED. |
| 05/17/2011 | Appellant notified re failure to timely file opening brief. | |

| | | |
|---|---|---|
| 05/24/2011 | Returned document for non-conformance. | AAO: appendix volume 1 in excess of 300 pages and reporter transcript-hearing on special motion to strike pursuant to CCP 425.16 submitted with AAO. RT previously filed on 12/10/10 as record on appeal. Aplt may request court to take judicial notice or file a motion to augment the record. Atty Mahaffey will send courier to retrieve documents 5/25/11. |
| 05/26/2011 | Appellant's appendix and opening brief filed. | Cross-complainant and Appellant: Angus Petroleum Corporation<br>Attorney: Douglas Mahaffey<br>*Last Extension*<br>2 volumes appendix |
| 05/26/2011 | Request for judicial notice filed. | in support of appellant's opening brief (2 volumes exhibits submitted with request) |
| 06/10/2011 | Opposition filed. | by respondent: opposition to aplt's request for judicial notice |
| 06/10/2011 | Motion filed. | Resp's motion to strike aplt's opening brief/appendix and request for judicial notice |
| 06/23/2011 | Opposition filed. | aplt's oppo including declarations of Douglas Mahaffey and Bob Grayson in opposition to resps' mtn to strike aao and resps' request for judicial notice and also including aplt atty Douglas Mahaffey's objection to declaration of Sydney Mehringer |
| 06/23/2011 | To court. | Aplt's request for judicial notice (2 volumes exhibits attached) with opposition by resp |
| 06/23/2011 | To court. | Resp's mtn to strike AAO & req for jud not and appellant's oppo with declarations |
| 06/24/2011 | Order filed. | On May 26, 2011, appellants filed a request for judicial notice in support of their opening brief. On June 10, 2011, respondents filed a motion to strike appellant's opening brief and appendix and appellant's request for judicial notice. Both motions will be decided in conjunction with the decision on appeal. |
| 06/24/2011 | Returned document for non-conformance. | respondent's reply in support of mtn (filed 6/10/11) to strike aao and aplt's request for judicial notice returned. Requires permission to file |
| 06/24/2011 | Requested - extension of time | |
| 06/28/2011 | Order filed. | Respondents' request for an extension of time to file respondents' brief is GRANTED. Respondents' brief shall be served and filed 30 days from the date of this order. |
| 07/22/2011 | Substitution of attorneys filed for: | Aplt atty Douglas Mahaffey is SUB'D OUT. Aplt atty Linda Lam is SUB'd IN for aplt Angus Petroleum Corp. |
| 07/25/2011 | Requested - extension of time | |
| 07/26/2011 | Stipulation of extension of time filed to: | 2nd ext - rb ext'd to 10/26/11 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Von Karman Towers, Seventh Floor, 2211 Michelson Drive, Irvine, California 92612

A true and correct copy of the foregoing document described as Motion For Order: Authorizing Use Of Property Of The Estate- Voting Stock of Angus Petroleum Corporation Or; In The Alternative Determination That Decision To Enter Into A Settlement Agreement Is Within The Purview Of Angus Management; Memorandum Of Points And Authorities; Declaration of James J. Joseph and Louis P. Zylstra, Jr. In Support Thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 19, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

☒ Service Information continued on attached page.

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On August 19, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodor C. Albert
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☒ Service Information continued on attached page.

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on August 19, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 19, 2011 | Jeannie Mendez | Jeannie Mendez |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

| | |
|---|---|
| Raymond H Aver | ray@averlaw.com |
| Mark C Bailey | mcb@clintonbailey.com |
| Ron Bender | rb@lnbrb.com |
| Natalie C Boyajian | natalie.boyajian@hro.com, raul.morales@hro.com |
| Bert Briones | ecfmailonly@gmail.com |
| Jeffrey W Broker | jbroker@brokerlaw.biz |
| Frank Cadigan | frank.cadigan@usdoj.gov |
| Cathrine M Castaldi | ccastaldi@rusmiliband.com |
| Marcus Colabianchi | mcolabianchi@thelenreid.com |
| Lei Lei Wang Ekvall | lekvall@wgllp.com |
| Anthony A Friedman | aaf@lnbrb.com |
| Philip A Gasteier | pag@lnbrb.com |
| Kenneth A Glowacki, Jr | KGlowacki@gibsondunn.com |
| Brian L Holman | b.holman@mpglaw.com |
| Robert E Huttenhoff | rhuttenhoff@shbllp.com |
| James J Joseph | KValbuena@dgdk.com, jjoseph@ecf.epiqsystems.com |
| Danelle G Kelling | danelle.kelling@hro.com, raul.morales@hro.com |
| Stuart I Koenig | Skoenig@cmkllp.com |
| David W Levene | dwl@lnbrb.com |
| Marilyn H Levin | marilyn.levin@doj.ca.gov |
| Douglas L Mahaffey | dougm@mahaffeylaw.com, suzanne@mahaffeylaw.com;stephen@mahaffeylaw.com |
| Mark H Mcguire | mmcguire@brownwhitelaw.com |
| Hutchison B Meltzer | hmeltzer@wgllp.com |
| Craig Millet | cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com |
| Kerry A Moynihan | kerry.moynihan@hro.com, raul.morales@hro.com |
| David M Poitras | dpoitras@jmbm.com |
| Max E Rawn | maxrawn@gmail.com, bkdeptnef@richardsonpatel.com |
| Ronald Rus | rrus@rusmiliband.com |
| Leonard M Shulman | lshulman@shbllp.com |
| Steven R Skirvin | srs@dkclaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Anne A Uyeda | auyeda@bmkattorneys.com |
| David Weinstein | david.weinstein@hro.com, raul.morales@hro.com |
| Sharon Z Weiss | sharon.weiss@hro.com, raul.morales@hro.com |
| Kerry P Zeiler | kerry@zeilerlawgroup.com |

**ADDITIONAL SERVICE INFORMATION (if needed):**

B. L. Austin Sanders
413 4th St
Manhattan Beach, CA 90266

Bradley Brook
Law Offices of Bradley Brook
523 W. Sixth Street, Suite 215
Los Angeles, CA 90014

Hahn Fife & Company
22342 Avenida Empresa, #260
R Sta Margarita, CA 92688

Roger S Hanson
1517 E 41st St
Santa Ana, CA 92701

Internal Revenue Service
24000 Avila R.,
Insolv Grp 3, Mail 5503
Laguna Niguel, CA 92677

Kaye, Rose & Partners LLP
William J Tucker
402 W Broadway Ste 1300
San Diego, CA 92101-3542

Edward O. Lear
5200 West Century Blvd Ste 940
Los Angeles, CA 90045

James E McNamara
McNamara & McNamara
14401 Sylavn St Ste 106
Van Nuys, CA 91401

Sydney M Mehringer
Brown White & Newhouse LLP
333 S Hope St 40th Fl
Los Angeles, CA 90071-1406

George B Newhouse
Brown White & Newhouse LLP
333 S Hope Street, 40th Fl
Los Angeles, CA 90071

Russell G Petti
Law Offices of Russell G Petti
466 Foothill Blvd Ste 389
La Canada, CA 91011

John Quirk
Bright and Brown Law
550 N Brand Blvd Ste 2100
Glendale, CA 91203

Resch Polster Alpert & Berger Llp
9200 Sunset Blvd 9th Fl
Los Angeles, Ca 90069

Gary Shoffner
Shoffner Law Firm
410 W 4th St Second Fl
Santa Ana, CA 92701

Daniel Toe
2355 Main Street
Irvine, CA 92605

Richard D Williams
Kelly Lytton & Williams LLP
1801 Century Park East Ste 1450
Los Angeles, CA 90067

Stephen T. Harris
20682 Queens Park Lane
Huntington Beach, CA 92646