1 | RONALD RUS, #67369
rrus@rusmiliband.com
2 | JOEL S. MILIBAND, #77438
jmiliband@rusmiliband.com
3 | CATHRINE M. CASTALDI, #156089
ccastaldi@rusmiliband.com
4 | RUS, MILIBAND & SMITH
A Professional Corporation
5 | Seventh Floor
2211 Michelson Drive
6 | Irvine, California 92612
Telephone:   (949) 752-7100
7 | Facsimile:   (949) 252-1514

8 | Attorneys for Chapter 11 Trustee,
JAMES J. JOSEPH

9

10                    UNITED STATES BANKRUPTCY COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12                         SANTA ANA DIVISION

13 | In re                                  | CASE NO. 8:07-bk-12994-TA

14 | SOUTH COAST OIL CORPORATION, a         | Chapter 11
Delaware corporation, Substantively
15 | Consolidated with SOUTH COAST          | **OPPOSITION TO MOTION
CORPORATION, a Utah corporation,            AUTHORIZING EXAMINATION OF
16 |                                          CHAPTER 11 TRUSTEE JAMES JOSEPH
Debtors.                                     AND FOR PRODUCTION OF
17 |                                          DOCUMENTS AND INSPECTION OF
                                             TANGIBLE THINGS PURSUANT TO
18 |                                          RULE 2004 AND REQUEST FOR
                                             HEARING**
19
                                             **[TO BE SET]**
20

21

22 | TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE,

23 | ROBERT DELLER, DANIEL TO AND THEIR COUNSEL OF RECORD, BLACKSTONE OIL

24 | & GAS, INC. AND ITS COUNSEL OF RECORD:

25 |     James J. Joseph, Chapter 11 Trustee ("Trustee") of the above-captioned bankruptcy estate

26 | of South Coast Oil Corporation, a California corporation, Substantively Consolidated with South

27 | Coast Corporation, a Utah corporation ("SCOC" or "Estate"), respectfully requests that the Court

28 | deny the Motion Authorizing Examination of Chapter 11 Trustee James Joseph And For

460515v1 CMC 8/29/11 2 (2105-0016)

1    Production Of Documents And Inspection Of Tangible Things Pursuant To Rule 2004 (the

2    "Motion"), filed by Robert Deller, Daniel To and Blackstone Oil & Gas, Inc. (the "Requesting

3    Parties").

4    1.    Introductory Statement

5        In filing the Motion, the Requesting Parties are not acting as parties in interest seeking

6    information pertaining to the reorganization of SCOC or the administration of its estate.  Rather,

7    they are acting as prospective purchasers of an asset of the Estate.  As the Requesting Parties well

8    know, the Trustee has received expressions of interest from several parties, including E&B

9    Natural Resources Management, Inc. and Elysium West, LLC (collectively the "Elysium

10   Entities"), in connection with the Estate's stock interest in Angus Petroleum Corporation

11   ("Angus"), a wholly owned subsidiary of SCOC (the "Angus Stock").  The Trustee advised the

12   Requesting Parties of his intention to file a sales procedure motion in connection with the Angus

13   Stock.

14       Angus is compiling a due diligence package, so that all qualified parties will have access to

15   all relevant due diligence information any prospective bidder should require to evaluate a

16   contemplated purchase of the Angus Stock (the "Due Diligence").  The Trustee is advised that the

17   due diligence package will be completed shortly, at which time the Trustee intends to file a sales

18   procedures motion.

19       On July 22, 2011, the Trustee met with representatives of the Requesting Parties and

20   advised them of his intention to sell the Angus Stock.  Not content to play on the level playing

21   field which the due diligence package and sale proceedures motion envisions, the Requesting

22   Parties are seeking immediate access, which would disrupt the Trustee's efforts to have an orderly

23   sale process with respect to the Angus' stock.

24       Blackstone has previously obtained much of the information presently requested

25   concerning Angus in the Elysium Entities' 2004 examination of the Trustee on September 17,

26   2010 ("Prior Examination"), which was taken by George Newhouse, who represented Blackstone

27

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 22 | | MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100  •  FAX (949) 252-1514

1   and the Elysium Entities.[1]  Since the filing of the Motion, the Trustee has also provided a

2   transcript of the Prior Examination to counsel for Requesting Parties.  In addition, the Trustee

3   agreed to make available all documents produced by the Trustee in connection with the Prior

4   Examination.  The Trustee objects to this Motion as it appears to have been interposed solely to

5   disrupt the Trustee's intention to undertake an orderly sale of the Angus' stock in accordance with

6   sales procedures that the Court approves.

7   2.        RELEVANT BACKGROUND FACTS

8           A.        SCOC's Bankruptcy Case

9           On September 19, 2007 ("Petition Date"), this bankruptcy case was commenced by the

10   filing of an involuntary petition under Chapter 11 of Title 11 of the United States Code.

11          On November 26, 2007, the Court entered an Order Granting Motion for An Order

12   Appointing an Interim Trustee and Directing the Appointment of a Chapter 11 Trustee.  On

13   November 27, 2007, the Office of the United States Trustee filed an Application for Order

14   Approving Appointment of Chapter 11 Trustee and Fixing Bond ("Application for Appointment").

15   The Application for Appointment requested entry of an Order approving the appointment of James

16   J. Joseph as the Chapter 11 Trustee.

17          On November 28, 2007, the Court entered an Order granting the Application for

18   Appointment.  On December 3, 2007, James J. Joseph filed an Acceptance of Appointment as

19   Chapter 11 Trustee.

20          On January 16, 2008, the Court entered an Order for Relief Under Chapter 11 (the "Order

21   for Relief").

22          B.        Angus

23          For over 20 years, Angus has been engaged in the business of developing and producing

24   oil and gas from legacy oil fields in Huntington Beach, California.  Pursuant to an Agreement

25   dated October 31, 1989, by and between Angus and Columbia Gas Development Corporation,

26

27   _____
    [1] See Declaration of Cathrine Castaldi at paragraph 11.

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100  •  FAX (949) 252-1514

1   Angus is the 50% owner and sole operator of real and personal property interests that comprise a

2   state-of-the-art water flood oil producing facility built on three (3) acres located in Huntington

3   Beach, California, known as the Springfield Unit Facility (the "Facility").  100% of the stock of

4   Angus is owned by SCOC, and it is a significant asset of the SCOC estate.

5          As discussed above, Angus is working to prepare a due diligence package, which the

6   Trustee is advised will be completed within the next 10 days.

7          C.      The 2004 Motions

8          On or about August 12, 2011, the Requesting Parties filed the Motion and certain

9   companion motions seeking examination and production of documents from the Trustee, South

10  Coast Oil Corporation, Angus and its principals (the "2004 Motions").  The three Requesting

11  Parties are Blackstone, Robert Deller and Daniel To.  Requesting Party Blackstone is a purported

12  creditor of SCOC, and was an adverse party to Angus in conneciton with certain state court

13  litigation.  Requesting Parties Robert Deller and Daniel To are purported creditors, shareholders

14  and former directors of SCOC.[2]  As stated on the face of the 2004 Motions, although aware of the

15  soon to be filed sale procedures motion, the Requesting Parties seek discovery from the Angus

16  Parties to evaluate Angus and its assets for the purpose of making a bid for the Angus Stock and

17  *not* for any purpose relating to the administration of the SCOC estate or its reorganization.[3]

18         In addition to the Trustee, the targets of companion 2004 motions are (a) the Person Most

19  Knowledgeable at Angus, (b) Louis P. Zylstra, an officer of Angus, and (c) James William Scott, a

20  director of Angus.  Mr. Zylstra is the Chief Financial Officer and Chief Operating Officer of

21  Angus, and is also a member of Angus' Board of Directors; (d) the Person Most Knowledgeable at

22  SCOC (the "2004 Motions").

23  / / /

24  / / /

25  / / /

26  _____

27  [2]   See the Motion at page 4, lines 3-6.
    [3]   See the Motion at page 2, lines 11-12.

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 22 I I MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100  •  FAX (949) 252-1514

3. THE 2004 MOTIONS REPRESENT A MISUSE OF RULE 2004

    A. The 2004 Motions Are An Attempt To Gain An Advantage Over Other Prospective Bidders

The 2004 Motions plainly state that their purpose is to obtain due diligence material to allow the Requesting Parties to consider making an offer to purchase the Estate's interest in Angus. While the 78 document production requests are exhaustive, the intent of the examination is clearly addressed to the Trustee's stated intention to sell the stock of Angus.[4] The Motion is a preemptive strike on the Trustee's intention to file a sales procedure motion, which will seek a level playing field for all prospective bidders. The claim of the Requesting Parties that they are creditors and shareholders of SCOC does not entitle them to special treatment when their stated intention is to act as a purchaser of assets in what should be an open and competitive bidding process where all parties are governed by rules that will be set by this Court. As a prospective purchaser, the Requesting Parties should be treated as any other potential third-party purchaser subject to the same due diligence constraints and bidding procedures.

The Trustee is considering, along with the Official Committee of Creditors Holding Unsecured Claims, various expressions of interest for the Angus Stock. The Trustee is awaiting completion of the due diligence that he has requested from Angus, as well as the input of the Committee, before filing a proposed sales procedure motion. The Trustee intends to seek approval of sale and due diligence procedures that will provide a comprehensive and fair set of procedures for the dissemination of all relevant "due diligence" material to all qualified prospective bidders in a far more expedient manner than the due diligence "end run" attempted by the Requesting Parties. The sale procedures will also propose a fair mechanism and prevent Angus and the SCOC estate, from incurring the cost, time and burden of providing information to multiple parties in a chaotic, sequential process. The sale procedures to be proposed will provide an orderly mechanism to receive and consider bids from qualified bidders.

---

[4] See the Motion at pages 4 lines 7 through page 5, line 10.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1    The Sale Procedures Motion should be filed before the hearing on the Requesting Parties'

2    2004 Motions, thereby *mooting* the Requesting Parties' 2004 requests.  The due diligence

3    procedures proposed in the Sale Procedures Motion will provide exactly the type of information

4    the Requesting Parties say they want.  Instead of pursuing 2004 discovery, the Requesting Parties

5    should review the due diligence procedures proposed in the Trustee's Sales Procedures Motion

6    and, to the extent the Requesting Parties believe that the procedures proposed by SCOC are

7    deficient, they can then raise those concerns at the hearing on the Sale Procedures Motion and

8    seek modification either by consent or by order of this Court.

9    B.    The Requesting Parties Failed To Meet And Confer As To The Scope And Timing

10    Of The 2004 Examination As Required by Local Rule 2004-1(a).

11    Local Rule 2004-1(a) requires that "prior to filing a motion for examination or for

12    production of documents under FRBP 2004, the moving party must attempt to confer (in person or

13    telephonically) with the entity to be examined, or its counsel, *to arrange for a mutually agreeable*

14    *date, time and place and scope of an examination or production.*" (LBR 2004-1(a) [emphasis

15    added]).  In this case, although counsel for the Trustee and the Trustee met with representatives of

16    the Requesting Parties and their counsel on July 22, 2011, there was no discussion of a mutually

17    agreeable date, time, place and scope of an examination or production of documents from the

18    Trustee.[5]  At the July 22, 2011 meeting, the Trustee, through his counsel, offered to make

19    documents available that he had previously produced to the Elysium Entities.  At no time during

20    that meeting was there any discussion of the date, time, place or scope of an examination of the

21    Trustee.  The failure to meet and confer pursuant to Local Bankruptcy Rule 2004-1(a) should be

22    fatal to the Motion.

23    / / /

24    / / /

25    / / /

26

27    ─────────────────
    [5] See Declarations of Cathrine M. Castaldi and James J. Joseph at ¶ 9 and ¶ 14 respectively.

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612 • FAX (949) 252-1514
TEL (949) 752-7100

1  4.      THE 2004 MOTIONS ARE NOT SUPPORTED BY APPLICABLE LAW

2          A.      The Scope Of The 2004 Motions Exceed The Limits Of The Rule

3          While Rule 2004 is broad, it is not without limits. *In re Continental Forge Co., Inc.*, 73

4  B.R. 1005, 1007 (Bankr. W.D. Pa. 1987).  First, under the express terms of the rule, examinations

5  and document requests "may relate only to the acts, conduct, or property or to the liabilities and

6  financial condition of the debtor, or to any matter which may affect the administration of the

7  debtor's estate, or to the debtor's right to a discharge."  Fed. R. Bankr. P. 2004(b).  Second, "courts

8  may limit, condition or forbid Rule 2004 discovery when it is designed to abuse or harass." *In re*

9  *Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).  Finally, deciding whether or not to

10  allow a Rule 2004 examination is within the court's discretion. *In re J&R Trucking, Inc.*, 431 B.R.

11  818, 821 (Bankr. N.D. Ind. 2010).

12          Except for references to the usual authorities cited in every Rule 2004 Motion, Requesting

13  Parties *have not cited one authority* that allows Rule 2004 to be used as they propose. **Rule 2004**

14  **prospective discovery is simply *not* an appropriate vehicle to be used as a "due diligence"**

15  **substitute by a competing bidder seeking a competitive advantage**.

16          Here, the Requesting Parties have exceeded the limits of Rule 2004 by improperly seeking

17  to achieve an unfair tactical advantage over other bidders for the Angus Stock, who will

18  participate in the due diligence process pursuant to the upcoming sale procedures motion.  If

19  Angus' parent were not in bankruptcy, the Requesting Parties would have no access to information

20  concerning Angus and no discovery tools at their disposal to demand access to the requested

21  information. *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) ("it is clear that Rule 2004

22  may not be used as a device to launch into a wholesale investigation of a non-debtor's private

23  business affairs"); *In re Valley Forge Plaza Associates*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990)

24  ("the [d]ebtor does not have, at its disposal, the free-floating purpose of discovery of assets which

25  would justify a 'tactically advantageous' ... fishing expedition") (internal citation omitted).

26  Moreover, forcing the Trustee to comply with the Requesting Parties' overly-broad 2004 requests

27  at this time, when, in the very near future, the Trustee intends to provide a full and fair opportunity

28  for the Requesting Parties and any other qualified bidders to perform due diligence regarding the

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100  •  FAX (949) 252-1514

1   Angus Stock sale, both (a) improperly strays into matters that are not relevant to the sale of the

2   Angus Stock and (b) is "harassing and abusive" as to the Trustee and Angus.  As such, the Court

3   should exercise its discretion to deny the 2004 Motions.

4   5.      ALTERNATIVELY, IF THE 2004 MOTIONS ARE GRANTED, THE COURT SHOULD

5           PROTECT THE ANGUS PARTIES

6           A.      The Scope Of The 2004 Order Should Be Modified / Location Of Production

7                   Changed

8           If the Requesting Parties were entitled to deposition simply because they hope to be

9   buyers, then all qualified buyers would claim to be entitled to the same.  Further, if the Requesting

10  Parties were entitled to have all documents delivered to them at far away locations, then too all

11  other interested parties would claim similar entitlement.

12          In the event that the Court grants the 2004 Motions, the Trustee seeks an order limiting the

13  scope of the documents requested to those that will be permitted as part of the due diligence in the

14  upcoming sale procedures motion, that the documents should be produced in the manner as

15  approved by the Court in a sale procedures order and that all proposed examinations be eliminated

16  subject to a further showing of cause.

17          Alternatively, if the Court orders the examination of Mr. Joseph, the location thereof, as

18  well as the place of production of any documents, should be changed to Orange County,

19  California, where the case is pending and where counsel for the Trustee is located.  Any other

20  party that requests due diligence pursuant to the sale procedures motion will partake of it in

21  Orange County, California, and there is no reason that the Requesting Parties should be accorded

22  different access.

23          B.      A Protective Order Should Be Entered And A Bond Posted

24          If the Court grants the 2004 Motions, the Trustee further request that this Court enter a

25  protective order requiring that any information disclosed to the Requesting Parties remain

26  confidential and not be disclosed to other persons who are not subject to a non-disclosure

27  agreement.  Bankruptcy Rule 9018 provides, "On motion or on its own initiative, with or without

28  prejudice, the court may make any order which justice requires ... to protect the estate or any entity

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  in respect of a trade secret or other confidential research, development, or commercial

2  information." Commercial information is information which would give a competitor an unfair

3  advantage. *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D.

4  Ill 1996). A showing of good cause is not required for the entry of a protective order under a Rule

5  2004 investigation. *Id.*

6         Furthermore, since any disclosure of the subpoenaed information by the Requesting Parties

7  could cause Angus, and therefore, the Estate, irreparable harm, the Trustee respectfully requests

8  that this Court require the Requesting Parties to post a bond to cover the potential damage to the

9  Estate.

10         C.    <u>All Fees And Costs Of Disclosure Should Be Borne By The Requesting Parties</u>

11         Because the Trustee believe that the Requesting Parties have filed the 2004 Motions to

12  circumvent the due diligence cost of participating in the due diligence relating to the upcoming

13  Sale Procedures, the Trustee requests that the Requesting Parties be ordered to pay all legal fees

14  and other expenses incurred in complying with any 2004 order issued by the Court. Bankruptcy

15  Rule 9016 requires that a non-party, subject to an order compelling production, "shall be protected

16  from significant expense resulting from the inspection and copying commanded." *See* Fed. R.

17  Bankr. P. 9016(c)(2)(B)(ii). Thus, the Trustee requests that the Court order the Requesting Parties

18  to pay for all fees and expenses of compliance, including all legal fees resulting from review of

19  documents and defense of the examination, if one is ordered.

20  DATED: August 29, 2011             Respectfully submitted,

21                          RUS, MILIBAND & SMITH
22                          A Professional Corporation

23

24                 By:

25                          CATHRINE M. CASTALDI
26                          Attorneys for Chapter 11 Trustee,
                        JAMES J. JOSEPH

27

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100  •  FAX (949) 252-1514

## DECLARATION OF JAMES J. JOSEPH

1

2

3    I, James J. Joseph, declare as follows:

4    1.    I am the duly appointed Chapter 11 Trustee for the Bankruptcy Estate of South

5 Coast Oil Corporation, a Delaware corporation, Substantively Consolidated with South Coast

6 Corporation, a Utah corporation (the "Estate").

7    2.    I have personal knowledge of the facts set forth herein, except as to those stated on

8 information and belief and, as to those, I am informed and believe them to be true.  If called as a

9 witness, I could and would competently testify to the matters stated herein.

10    3.    This declaration is submitted in opposition to the Motion Authorizing Examination

11 of Chapter 11 Trustee James Joseph and for Production of Documents and Inspection of Tangible

12 Things Pursuant to Rule 2004 and Request for Hearing filed by Robert Deller, Daniel To and

13 Blackstone Oil & Gas, Inc. (the "Requesting Parties").

14    4.    On September 19, 2007 ("Petition Date"), this bankruptcy case was commenced by

15 the filing of an involuntary petition under Chapter 11 of Title 11 of the United States Code against

16 South Coast Oil Corporation, a Delaware corporation.

17    5.    On November 26, 2007, the Court entered an Order Granting Motion for An Order

18 Appointing an Interim Trustee and Directing the Appointment of a Chapter 11 Trustee.

19    6.    On November 27, 2007, the Office of the United States Trustee filed an

20 Application for Order Approving Appointment of Chapter 11 Trustee and Fixing Bond (the

21 "Application for Appointment").  The Application for Appointment requested entry of an Order

22 approving my appointment as the Chapter 11 Trustee for the Estate.

23    7.    On November 28, 2007, the Court entered an Order granting the Application for

24 Appointment.  On December 3, 2007, I filed an Acceptance of Appointment as Chapter 11

25 Trustee.

26    8.    On January 16, 2008, the Court entered an Order for Relief Under Chapter 11.

27    9.    The Estate owns one hundred percent of the stock in Angus Petroleum Corporation

28 ("Angus").

460515v1 CMC 8/29/11 2 (2105-0016)                          10

1       10.    On July 14, 2011, I filed the Chapter 11 Trustee's Eighth Status Report, which

2   disclosed my intention to bring before the Court a sales procedure motion, which would ask the

3   Court to approve a process whereby this Estate would offer to sell the stock of Angus (the "Angus

4   Stock").

5       11.    On July 22, 2011, I attended a meeting at the offices of Rus, Miliband, & Smith, A

6   Professional Corporation, with my counsel, Cathrine M. Castaldi, Messrs. Skirvin, Biegenzahn,

7   Deller and Dodge (the "Blackstone Group").

8       12.    At that time, I advised the Blackstone Group that I, along with the Official

9   Committee of Creditors Holding Unsecured Claims (the "Committee"), were currently evaluating

10   various expressions of interest for the Angus Stock.  I further advised that I was awaiting Angus'

11   completion of a due diligence package, as well as the views of the Committee, before filing a

12   proposed sales procedure motion.  I also advised that I intended to seek approval of sale and due

13   diligence procedures that will provide a comprehensive and fair set of procedures for the

14   dissemination of all relevant "due diligence" material to all qualified prospective bidders.

15       13.    The sale procedures will also propose a fair mechanism, which will prevent Angus

16   or the SCOC estate, from bearing the cost, time and burden of providing information to multiple

17   parties in a chaotic, sequential fashion.

18       14.    I am advised that the due diligence package will be completed within ten days.

19   Upon completion of the due diligence package and further consultation with the Official

20   Committee of Creditors Holding Unsecured Claims, I intend to file a sales procedures motion.

21   The sale procedures to be proposed will provide an orderly mechanism to disseminate

22   information, and receive and consider bids from qualified bidders.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1    15.    During the July 22, 2011 meeting with the Blackstone Group, there was no "meet

2  and confer" concerning a mutually agreeable date, time, place and scope of an examination or

3  production pursuant to Local Bankruptcy Rule 2004-1(a).

4      I declare under penalty of perjury under the laws of the United States of America and the

5  State of California that the foregoing is true and correct.

6      Executed August 29, 2011, at Irvine, California.

7

8                                   _____

9                                   JAMES J. JOSEPH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1        <u>DECLARATION OF CATHRINE M. CASTALDI</u>

2

3        I, CATHRINE M. CASTALDI, declare as follows:

4        1.      I am an attorney at law duly licensed to practice before the above-entitled Court,

5 and am a member of the law firm of Rus, Miliband & Smith, a Professional Corporation, attorneys

6 of record for James J. Joseph (the "Trustee"), Chapter 11 Trustee for the Bankruptcy Estate of

7 South Coast Oil Corporation, a Delaware corporation, Substantively Consolidated with South

8 Coast Corporation, a Utah corporation (the "Estate").

9        2.      I have first-hand personal knowledge of the matters set forth herein, and if called

10 upon as a witness, would and could competently testify thereto.

11       3.      This declaration is submitted in opposition to the Motion Authorizing Examination

12 of Chapter 11 Trustee James Joseph and for Production of Documents and Inspection of Tangible

13 Things Pursuant to Rule 2004 and Request for Hearing filed by Robert Deller, Daniel To and

14 Blackstone Oil & Gas, Inc..

15       4.      During the months of June and July 2011, I had several discussions with Steve

16 Biegenzahn, wherein I advised him that the Trustee had received expressions of interest

17 concerning the acquisition of the Estate's interest in Angus.

18       5.      On July 12, 2011, I received a letter from Steven Skirvin advising me that his

19 Clients, Blackstone Oil & Gas, Inc., and Robert Deller, Daniel To and Edward Lear, represented

20 by Mr. Biegenzahn,  intended to request documents from the Trustee.  Prior to receiving Mr.

21 Skirvin's letter, I had scheduled a conference call with Mr. Biegenzahn for the morning of July 13,

22 2011.

23       6.      On July 13, 2011, I had a telephonic conference with Messrs. Biegenzahn and

24 Skirvin to discuss the July 12, 2011 letter and their respective clients' intentions with respect to the

25 assets of South Coast Oil Corporation.  At that time, we agreed to schedule an in-person meeting

26 with the Trustee and their clients to allow them to ask questions concerning the administration of

27 the estate's assets and to advise the Trustee of their purported interest in acquiring assets.  During

28 / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100  •  FAX (949) 252-1514

1  my July 13, 2011, the parties did not meet and confer as required pursuant to Local Bankruptcy

2  Rule 2004-1(a).

3          7.      On July 22, 2011, Mr. Joseph and I met with Messrs. Skirvin, Biegenzahn, Deller

4  and Dodge (the "Blackstone Group") to discuss the interest of the Blackstone Group in acquiring

5  assets of the Estate.  At that meeting, I advised the members of the Blackstone Group that the

6  Trustee was in the process of having Angus' put together due diligence materials, which were not

7  yet ready for dissemination.  I further advised the Blackstone Group that all parties in interest

8  would have an opportunity to comment on the Trustee's proposed sales procedures.

9          8.      The Trustee further advised the Blackstone Group that it was his intention to create

10  a level playing field for all interested bidders and that a due diligence package would be

11  disseminated in accordance with Court approved sales procedures.  I further advised that the

12  Trustee, as a shareholder of Angus, maintained limited records in connection with Angus' day to

13  day operations.

14          9.      During the July 22, 2011 meeting with the Blackstone Group, there was no meet

15  and confer concerning a mutually agreeable date, time, place and scope of an examination or

16  production.  To date, I have had no discussions with the Blackstone Group concerning a mutually

17  agreeable date, time, place or scope of examination or production.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100  •  FAX (949) 252-1514

1        10.    Subsequent to the filing of the Motion, my partner, Ronald Rus, provided Mr.

2  Biegenzahn with a copy of the transcript of the Elysium Entities' examination of James Joseph,

3  taken pursuant to Rule 2004(a) on September 17, 2011.  At the time of the examination, Mr.

4  Newhouse represented both the Elysium Entities and Blackstone Oil & Gas, Inc.

5        I declare under penalty of perjury under the laws of the United States of America and the

6  State of California that the foregoing is true and correct.

7        Executed August 29, 2011, at Irvine, California.

8

9            CATHRINE M. CASTALDI

10

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Von Karman Towers, Seventh Floor, 2211 Michelson Drive, Irvine, California  92612

A true and correct copy of the foregoing document described as **OPPOSITION TO MOTION AUTHORIZING EXAMINATION OF CHAPTER 11 TRUSTEE JAMES JOSEPH AND FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF TANGIBLE THINGS PURSUANT TO RULE 2004 AND REQUEST FOR HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _August 29, 2011_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _August 29, 2011_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

VIA OVERNIGHT MAIL
Stephen F. Biegenzahn
Law Offices of Stephen F. Biegenzahn
611 W. 6th Street, Suite 850
Los Angeles, CA 90017-3101

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _August 29, 2011_ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodor C. Albert
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 29, 2011 | ANNA HOYLE | |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION** (if needed):

| | |
|---|---|
| Raymond H Aver | ray@averlaw.com |
| Mark C Bailey | mcb@clintonbailey.com |
| Ron Bender | rb@lnbrb.com |
| Natalie C Boyajian | natalie.boyajian@hro.com, raul.morales@hro.com |
| Bert Briones | ecfmailonly@gmail.com |
| Jeffrey W Broker | jbroker@brokerlaw.biz |
| Frank Cadigan | frank.cadigan@usdoj.gov |
| Cathrine M Castaldi | ccastaldi@rusmiliband.com |
| Marcus Colabianchi | mcolabianchi@thelenreid.com |
| Lei Lei Wang Ekvall | lekvall@wgllp.com |
| Anthony A Friedman | aaf@lnbrb.com |
| Philip A Gasteier | pag@lnbrb.com |
| Kenneth A Glowacki, Jr | KGlowacki@gibsondunn.com |
| Brian L Holman | b.holman@mpglaw.com |
| Robert E Huttenhoff | rhuttenhoff@shbllp.com |
| James J Joseph | KValbuena@dgdk.com, jjoseph@ecf.epiqsystems.com |
| Danelle G Kelling | danelle.kelling@hro.com, raul.morales@hro.com |
| Stuart I Koenig | Skoenig@cmkllp.com |
| David W Levene | dwl@lnbrb.com |
| Marilyn H Levin | marilyn.levin@doj.ca.gov |
| Douglas L Mahaffey | dougm@mahaffeylaw.com, suzanne@mahaffeylaw.com;stephen@mahaffeylaw.com |
| Mark H Mcguire | mmcguire@brownwhitelaw.com |
| Hutchison B Meltzer | hmeltzer@wgllp.com |
| Craig Millet | cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com |
| Kerry A Moynihan | kerry.moynihan@hro.com, raul.morales@hro.com |
| David M Poitras | dpoitras@jmbm.com |
| Max E Rawn | maxrawn@gmail.com, bkdeptnef@richardsonpatel.com |
| Ronald Rus | rrus@rusmiliband.com |
| Leonard M Shulman | lshulman@shbllp.com |
| Steven R Skirvin | srs@dkclaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Anne A Uyeda | auyeda@bmkattorneys.com |
| David Weinstein | david.weinstein@hro.com, raul.morales@hro.com |
| Sharon Z Weiss | sharon.weiss@hro.com, raul.morales@hro.com |
| Kerry P Zeiler | kerry@zeilerlawgroup.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.